| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| DAVID M. POITRAS – Bar No. 141309<br>SUSAN K. SEFLIN - Bar No. 213865<br>ASHLEY M. TEESDALE - Bar No. 289919<br>JESSICA S. WELLINGTON - Bar No. 324477<br>BG LAW LLP<br>21650 Oxnard Street, Suite 500<br>Woodland Hills, CA 91367<br>Telephone:  (818) 827-9000<br>Facsimile:  (818) 827-9099<br>Email:     dpoitras@bg.law<br>           sseflin@bg.law<br>           ateesdale@bg.law<br>           jwellington@bg.law<br><br>☐ *Individual appearing without attorney*<br>☒ *Attorney for Chapter 11 Debtors and Debtors in Possession* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – SAN FERNANDO VALLEY DIVISION**

| In re:<br><br>Irwin Naturals et al.,<br><br>                              Debtor(s). | CASE NO.: 1:24-bk-11323-VK<br>CHAPTER: 11<br>JOINTLY ADMINISTERED WITH:<br>CASE NO. 1:24-BK-11324-VK<br>CASE NO. 1:24-BK-11325-VK<br>CASE NO. 1:24-BK-11326-VK |
| --- | --- |
| | **NOTICE OF LODGMENT OF ORDER IN BANKRUPTCY CASE RE:** <u>DEBTORS' MOTION FOR ENTRY OF ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR PROFESSIONALS</u> |

PLEASE TAKE NOTICE that the order or judgment titled <u>ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR PROFESSIONALS</u> was lodged on <u>November 4, 2024</u> and is attached.  This order relates to the motion which is docket number <u>124</u>.

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2012*                     Page 1                     **F 9021-1.2.BK.NOTICE.LODGMENT**

 **Bankruptcy LODGED ORDER UPLOAD FORM**

Monday, November 04, 2024

Upload Again

CONFIRMATION :

You've successfully uploaded the order:
( **11312380.docx** )
A new order has been added

- **Office**:  San Fernando Valley
- **Case Title**:  Irwin Naturals and Irwin Naturals Inc
- **Case Number**:  24-11323
- **Judge Initial**:  VK
- **Case Type**:  bk ( Bankruptcy )
- **Document Number**:  124
- **On Date**:  11/04/2024 @ 01:31 PM

Please  print  this confirmation for future reference.

Thank You!

United States Bankruptcy Court,  Central District of California
Edward R. Roybal Federal Building and Courthouse
255 East Temple Street, Los Angeles, CA 90012

DAVID M. POITRAS – Bar No. 141309
SUSAN K. SEFLIN - Bar No. 213865
JESSICA S. WELLINGTON - Bar No. 324477
BG LAW LLP
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367
Telephone:  (818) 827-9000
Facsimile:   (818) 827-9099
Email:       dpoitras@bg.law
             sseflin@bg.law
             jwellington@bg.law

Attorneys for Chapter 11 Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SAN FERNANDO VALLEY DIVISION**

| In re | Case No. 1:24-bk-11323-VK |
|---|---|
| Irwin Naturals *et al.*, | Chapter 11 |
| Debtors and Debtors in Possession. | Jointly Administered with:<br><br>Case No. 1:24-bk-11324-VK<br>Case No. 1:24-bk-11325-VK<br>Case No. 1:24-bk-11326-VK |
| ☐ Affects Irwin Naturals<br><br>☐ Affects Irwin Naturals Inc.<br><br>☐ Affects 5310 Holdings, LLC<br><br>☐ Affects DAI US HoldCo Inc.<br><br>☒ Affects All Debtors | **ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR PROFESSIONALS**<br><br>**Hearing:**<br>Date:     October 31, 2024<br>Time:    1:30 p.m.<br>Place:   Courtroom 301<br>            21041 Burbank Blvd.<br>            Woodland Hills, CA 91367<br>                         Via ZoomGov |

1

A hearing was held on October 31, 2024 at 1:30 p.m. before the Honorable Victoria S. Kaufman, United States Bankruptcy Judge for the Central District of California, for the Court to consider the *Motion for Order Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals* [Doc. No. 124] (the "Motion") filed by Irwin Naturals, a Nevada corporation, and its related debtor entities (collectively, the "Debtors").[1]

The Court having reviewed and considered the Motion and all evidence filed in support thereof; having reviewed and considered the objection [Doc. No. 145] (the "UST Objection") filed to the Motion by the United States Trustee (the "UST"); the Court having reviewed and considered the reply to the UST Objection filed by the Debtors [Doc. No. 176] and the declarations filed in support of the reply [Doc. No. 177]; the Court having reviewed and considered the reply to the UST Objection filed by the Official Committee of Unsecured Creditors [Doc. No. 178]; the having stated its findings of fact and conclusions of law in its written tentative ruling and on the record at the hearing on the Motion, which findings of fact and conclusions of law are incorporated herein by this reference in accordance with Fed. R. Civ. P. 52, as made applicable by Bankruptcy Rule 9014; the Court having considered other matters of which the Court may properly take judicial notice, including, without limitation, the record in these cases as reflected on the dockets; the Court having found notice of the Motion was proper and the relief requested therein appropriate under the facts and circumstances of these cases; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED** as follows:

1. The Motion is granted in its entirety.

2. The term "Professionals" (or individually, a "Professional") as set forth herein shall include all estate professionals, including counsel for the Official Committee of Unsecured Creditors (the "Committee") and the financial advisor for the Committee, except as may otherwise be ordered by the Court.

3. The term Professionals shall not include Omni Agent Solutions, Inc. and Beach Freeman Lim & Cleland, LLP for the reasons provided in the Motion.

---

[1] All capitalized, undefined terms shall have the meanings ascribed to them in the Motion.

2

4.  The monthly payment of compensation and reimbursement of expenses of the Professionals shall be as follows:

   a.  On or before the 15th day of each month following the month for which compensation is sought, each Professional will submit, *via* e-mail, a monthly statement (the "Statement") to the Debtors, Attn: Mark Green (Mark@irwinnaturals.com); counsel to the Debtors, BG Law LLP, Attn: Susan K. Seflin (sseflin@bg.law); the Office of the United States Trustee for the Central District, Attn: Katherine C. Bunker (Kate.Bunker@usdoj.gov); the proposed counsel for the Committee, Golden Goodrich LLP, Attn: Jeffrey I. Golden (jgolden@go2.law); counsel to East West Bank, as Agent, Wilson Sonsini, Attn: Erin Fay (efay@wsgr.com) and such other persons or entities as ordered by the Court (each, a "Reviewing Party," and collectively, the "Reviewing Parties").  To the extent applicable, each such statement shall contain a detailed itemization of fees and costs as required by the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under Section 330.  Each Reviewing Party will have 15 days after receipt of a Statement to review it.  At the expiration of this 15-day review period, the Debtors will promptly pay (i) 80% of the fees and all of the expenses requested in such Statement or (ii) the maximum allocated to such professional as set forth in the Debtors' cash collateral budget, except such fees or disbursements as to which an objection has been served by a Reviewing Party as provided in subparagraph (b) below.

   b.  If a Reviewing Party objects to the compensation or reimbursement sought in a Statement, the objecting party shall, within 15 days of the receipt of the Statement, serve via e-mail upon all other Reviewing Parties a written "Notice of Objection to Fee Statement" (the "Objection Notice") setting forth the precise nature of the objection and amount at issue.  Thereafter, the objecting party and the Professional whose Statement is the subject of an Objection Notice shall attempt to reach a resolution.  If the parties are unable to reach an agreement on the objection within ten (10) days after receipt of such objection, the Professional whose Statement is objected to shall have the option of (i) filing the Objection Notice with the Court, together with a request for payment of the disputed amount, or (ii)

3

foregoing payment of the disputed amount until the next interim fee application hearing, at which time the Court will consider and dispose of the issue if payment of the disputed amount is requested. The Debtors will be required to pay any portion of the fees and disbursements requested that are not the subject of an Objection Notice promptly.

   c. The first Statement will be due by November 15, 2024 and will cover the period from the Petition Date through October 31, 2024.

   d. After the first 120 days after the Petition Date, and at 120-day intervals thereafter, each of the Professionals shall file with the Court and serve on the other Reviewing Parties, and any other party who requested special notice in these chapter 11 cases, an application pursuant to Section 331 for interim Court approval and allowance of the compensation and reimbursement of expenses requested for the prior 120 days. The first such application shall be filed on or before December 20, 2024, and shall cover the period from the Petition Date through November 30, 2024. Any Professional who fails to file an application when due shall be ineligible to receive further interim payment of fees and expenses as provided herein until such time as the application is submitted.

   e. The pendency of an objection to payment of compensation or reimbursement of expenses shall not disqualify a Professional from the future payment of compensation or reimbursement of expenses as set forth above.

   f. Neither the payment of, nor the failure to pay, in whole or in part, monthly interim compensation and reimbursement as provided herein shall bind any party-in-interest or the Court with respect to the allowance of applications for compensation and reimbursement of Professionals.

5. Nothing contained herein, or any payment made under the procedures herein, is intended or shall be construed as (i) an admission as to the validity of any claim against the Debtors, (ii) a waiver of the Debtors' or any party-in-interest's rights to dispute any claim, or (iii) an approval or assumption of any agreement, contract, program, policy, or lease under Section 365.

6. Failure of a party in interest to object to fees on an interim basis as set forth in the Motion and herein does not constitute consent to any interim or final fee applications that might be

4

made, it being expressly understood that all objections to such applications are hereby reserved until a final fee application is heard and decided by this Court.

7. The Debtors shall not pay any amount pursuant to this Order that is not included in an approved cash collateral budget.

IT IS SO ORDERED.

### #

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: **21650 Oxnard Street, Suite 500, Woodland Hills, CA 91367**.

A true and correct copy of the document(s) entitled**: NOTICE OF LODGMENT OF ORDER IN BANKRUPTCY CASE** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the document(s) were served by the court via NEF and hyperlink to the document.  On **November 4, 2024,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Ryan W Beall**    rbeall@go2.law, kadele@go2.law;dfitzgerald@go2.law;rbeall@ecf.courtdrive.com;cmeeker@go2.law
- **Matthew Bouslog**    mbouslog@allenmatkins.com, ncampos@allenmatkins.com
- **Katherine Bunker**    kate.bunker@usdoj.gov
- **Erin R. Fay**    efay@wsgr.com, lmcgee@wsgr.com
- **Jeffrey I Golden**    jgolden@go2.law, kadele@ecf.courtdrive.com;cbmeeker@gmail.com; lbracken@wgllp.com;dfitzgerald@go2.law;golden.jeffreyi.b117954@notify.bestcase.com
- **Alexandria Lattner**    alattner@sheppardmullin.com, ehwalters@sheppardmullin.com
- **Matthew A Macdonald**    matthew.macdonald@wsgr.com
- **Sina Maghsoudi**    sinalegal@gmail.com, g8645@notify.cincompass.com;maghsoudi.sinab128731@notify.bestcase.com
- **David W. Meadows**    david@davidwmeadowslaw.com
- **Douglas A Plazak**    dplazak@rhlaw.com
- **David M Poitras**    dpoitras@bg.law
- **Susan K Seflin**    sseflin@bg.law
- **Jonathan Seligmann Shenson**    jshenson@greenbergglusker.com, calendar@greenbergglusker.com;cmillerwatkins@greenbergglusker.com
- **Yuriko M Shikai**    yshikai@neufeldmarks.com
- **Ashley M Teesdale**    ateesdale@bg.law, aau@bg.law
- **United States Trustee (SV)**    ustpregion16.wh.ecf@usdoj.gov
- **Pamela Kohlman Webster**    pwebster@buchalter.com, smartin@buchalter.com
- **Jessica Wellington**    jwellington@bg.law, ecf@bg.law

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:  On **_____, 2024**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**\*\*JUDGE'S COPY NOT REQUIRED IF LESS THAN 25 PAGES (GENERAL ORDER 23-01)**

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **November 1, 2024,** I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| November 4, 2024 | JENNIFER WARNER | /s/ Jennifer Warner |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2012*    Page 2    **F 9021-1.2.BK.NOTICE.LODGMENT**