DAVID M. POITRAS – Bar No. 141309
SUSAN K. SEFLIN - Bar No. 213865
JESSICA S. WELLINGTON - Bar No. 324477
BG LAW LLP
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367
Telephone: (818) 827-9000
Facsimile: (818) 827-9099
Email:   dpoitras@bg.law
         sseflin@bg.law
         jwellington@bg.law

Attorneys for Chapter 11 Debtors and
Debtors in Possession

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re<br><br>Irwin Naturals *et al.*,<br><br>　　　　　　　Debtors and<br>Debtors<br>　　　　　　　in Possession. | Case No. 1:24-bk-11323-VK<br><br>Chapter 11<br><br>Jointly Administered With: Case No. 1:24-bk-11324-VK, Case No. 1:24-bk-11325-VK, Case No. 1:24-bk-11326-VK |
| ☐ Affects Irwin Naturals<br>☐ Affects Irwin Naturals Inc.<br>☐ Affects 5310 Holdings, LLC<br>☐ Affects DAI US HoldCo Inc.<br>☒ Affects All Debtors | **DECLARATION OF KLEE IRWIN IN SUPPORT OF DEBTORS' SALE MOTION**<br><br>**Hearing:**<br>Date:　July 30, 2025<br>Time:　10:30 a.m.<br>Place:　Courtroom 301<br>　　　　21041 Burbank Blvd.<br>　　　　Woodland Hills, CA 91367 |

　　　　I, Klee Irwin, hereby declare as follows:

　　　　1.　　I am the founder and Chief Executive Officer of Irwin Naturals, a Nevada corporation ("Irwin Nevada"), Irwin Naturals, a British Colombia corporation ("Irwin Canada"), and DAI US HoldCo Inc. ("DAI"), and the founder and principal of 5310 Holding, LLC ("5310," and collectively with Irwin Nevada, Irwin Canada, and DAI, the "Debtors"). I know each of the following facts to be

1

true of my own personal knowledge, except as otherwise stated, and if called as a witness, I could and would competently testify with respect thereto.

2.  I submit this declaration in support of the Debtors' *Motion for Entry of an Order Authorizing and Approving (a) the Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Interests, and Encumbrances (Other than those Expressly Assumed by Buyer) Pursuant to 11 U.S.C.. §§ 363(b) and (f); (b) Assumption and Assignment of Executory Contracts and Unexpired Leases and Determining Cure Amounts; (c) Waiving the 14-day Stay Periods of Bankruptcy Rules 6004(h) and 6006(d); (d) Determining that Buyer is Entitled to Protection Pursuant to 11 U.S.C.. § 363(m); and (e) Granting Related Relief* (the "Sale Motion") filed concurrently herewith. Any capitalized term not defined in this declaration has the same meaning as ascribed to it in the Sale Motion.

3.  Irwin Nevada is a popular dietary supplement company that was founded in 1994, the same year that Congress first enacted legislation to define and regulate dietary supplements. Irwin Nevada formulates, markets, and distributes vitamins and supplements. In addition to its Irwin Naturals® supplement brand, Irwin Nevada also has two other supplement brands, Nature's Secret® and Applied Nutrition®. Irwin Nevada's product line currently includes over 130 formulas, which are distributed in more than 100,000 retail locations, including stores like Costco, Walmart, and CVS. The Debtors' 2023 gross sales were $102 million.

4.  Irwin Nevada is the operating entity through which the Debtors' nutraceutical business is conducted.

5.  Irwin Canada is the ultimate "parent company" of the Debtors. Irwin Canada does not have any employees and only transacts limited business with its subsidiaries.

6.  DAI is a wholly owned subsidiary of Irwin Canada. DAI is solely a holding company that owns 100% of the Class A Voting Shares of Irwin Nevada, which amounts to 2% of beneficial ownership of Irwin Nevada (I own the other 98% personally or through my family trust in the form of 100% of the Class B non-voting shares of Irwin Nevada).

7.  5310 is a wholly owned subsidiary of Irwin Nevada.

3060465

8. For almost three decades, Irwin Nevada enjoyed financial stability and profitability from its long-trusted dietary supplement brands.[1] In or around 2020, Irwin Nevada sought to expand its footprint and, as set forth more fully in my declaration filed in support of the Debtors' first day emergency motions [Doc. No. 22], the Debtors had financial difficulties arising out of that attempted expansion.

9. The Debtors ultimately filed their respective bankruptcy cases after their secured lender, East West Bank ("EWB"), exerted control over their business and bank accounts. At the time these cases were filed, EWB was sweeping the Debtors' bank accounts daily (which left the Debtors with no liquidity other than what EWB determined was necessary to pay), and the Debtors were unable to retain bankruptcy counsel pre-petition as they were unable to fund a retainer due to EWB's control.

10. Given the multiple competing plans filed in these cases, the Debtors, their professionals, and Mr. Sharp, in consultation with the Committee, determined that a sale process under section 363 of the Bankruptcy Code was the most efficient and optimal path to pursue, rather than a cumbersome and slower moving chapter 11 plan process.

11. On June 2, 2025, the Debtors entered into a term sheet with FitLife pursuant to which FitLife was named the Stalking Horse Bidder under terms where FitLife would acquire substantially all of the Debtors' assets and its business as a going concern (subject to overbid) for, among other things, (a) $36 million in cash, (b) the assumption of certain liabilities, including, among others, the Debtors' postpetition ordinary course accounts payable, and (c) certain excluded assets including the Debtors' cash on hand at closing and estimated to be $5 million. The term sheet ultimately culminated in the Asset Purchase and Sale Agreement (the "APA") incorporating the foregoing terms of sale.

12. I was involved in the negotiations regarding the APA. I believe that the APA was negotiated at arms' length and in good faith. I am not aware of any collusion between FitLife and

---

[1] On an adjusted EBITDA basis, when accounting for extraordinary expenses.

3

the Debtors or other potential bidders, or that FitLife has taken any actions in an attempt to take unfair advantage of other potential bidders.

13. Given the circumstances of these cases, I believe that the sale transaction contemplated in the APA, subject to overbid, is in the best interests of the Debtors' creditors and estates.

14. The Debtors are aware of only one party that asserts a lien against the assets subject to the Sale Motion and the Debtors' UCC search did not reveal any other parties.

15. As of the Petition Date, I am informed that the principal amount due under the Loan was $18,339,389.44, plus certain interest, fees, and other costs. Since the Petition Date, the Debtors have made monthly interest payments to EWB of approximately $155,000 and monthly principal payments of $100,000.

16. On February 1, 2023, all of the Debtors, as well as certain of their non-debtor affiliates, executed and entered into a guarantee and security agreement (the "Security Agreement"), pursuant to which the Debtors and their non-debtor affiliates granted the Agent, for the benefit of the Lenders, a security interest in substantially all of their assets as collateral to secure repayment of the Loan (the "Collateral"). The Collateral includes, among other things, all of the Debtors' intellectual property, accounts receivable, inventory, deposit accounts, and all money, cash, and cash equivalents.

17. The Debtors dispute the amount of EWB's claim, and in particular, the amount of attorneys' fees and costs that EWB has asserted or will assert are part of its claim. I am informed that prior to the Petition Date, EWB incurred in excess of $2 million in fees. I am further informed that postpetition, EWB has apparently incurred close to $4 million in fees. The Debtors assert that the EWB's attorneys' fees and costs are blatantly unreasonable. Accordingly, I believe that the amount of EWB's claim is in bona fide dispute within the meaning of Section 363(f)(4).

18. On June 23, 2025, the Debtors served the Assumption/Assignment Notice on the counterparties to the Debtors' unexpired leases and executory contracts. In the Assumption/Assignment Notice, the Debtors listed the cure amounts that would need to be paid to

the counterparties to the unexpired leases and executory contracts.  The cure amounts were determined by the Debtors after a review of their books and records.

    I declare under the penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

    Executed on this 30th day of June, 2025 at Los Angeles, California.

_____
Klee Irwin

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**21650 Oxnard Street, Suite 500, Woodland Hills, CA 91367**.

A true and correct copy of the document(s) entitled**: DECLARATION OF KLEE IRWIN IN SUPPORT OF DEBTORS' SALE MOTION** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the document(s) were served by the court via NEF and hyperlink to the document. On **June 30, 2025,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Kyra E Andrassy**   kandrassy@raineslaw.com, bclark@raineslaw.com;csantiago@raineslaw.com
- **Jessica L Bagdanov**   jbagdanov@bg.law, ecf@bg.law
- **Ryan W Beall**   rbeall@go2.law, kadele@go2.law;dfitzgerald@go2.law;rbeall@ecf.courtdrive.com;cmeeker@go2.law
- **Anthony Bisconti**   tbisconti@bklwlaw.com, 1193516420@filings.docketbird.com,docket@bklwlaw.com
- **Matthew Bouslog**   mbouslog@allenmatkins.com, ncampos@allenmatkins.com
- **Katherine Bunker**   kate.bunker@usdoj.gov
- **Robert Allen Curtis**   rcurtis@foleybezek.com
- **Erin R. Fay**   efay@wsgr.com, lmcgee@wsgr.com
- **Jeffrey I Golden**   jgolden@go2.law, kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;golden.jeffreyi.b117954@notify.bestcase.com
- **Alphamorlai Lamine Kebeh**   MKebeh@allenmatkins.com, mdiaz@allenmatkins.com
- **Alexandria Lattner**   alattner@sheppardmullin.com, ehwalters@sheppardmullin.com
- **Matthew A Macdonald**   matthew.macdonald@wsgr.com
- **Sina Maghsoudi**   sinalegal@gmail.com, g8645@notify.cincompass.com;maghsoudi.sinab128731@notify.bestcase.com
- **David W. Meadows**   david@davidwmeadowslaw.com
- **Douglas A Plazak**   dplazak@rhlaw.com
- **David M Poitras**   dpoitras@bg.law
- **Terrel Ross**   tross@trcmllc.com
- **Susan K Seflin**   sseflin@bg.law
- **Jonathan Seligmann Shenson**   jshenson@greenbergglusker.com, calendar@greenbergglusker.com;cmillerwatkins@greenbergglusker.com
- **Yuriko M Shikai**   yshikai@neufeldmarks.com
- **Ashley M Teesdale**   ateesdale@bg.law, ecf@bg.law
- **United States Trustee (SV)**   ustpregion16.wh.ecf@usdoj.gov
- **Ronghua Sophia Wang**   sophia.wang@afslaw.com, yvonne.li@afslaw.com
- **Pamela Kohlman Webster**   pwebster@buchalter.com, smartin@buchalter.com
- **Jessica Wellington**   jwellington@bg.law, ecf@bg.law

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:  On **June 30, 2025,** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Honorable Victoria S. Kaufman
United States Bankruptcy Court
Central District of California
21041 Burbank Boulevard, Suite 354 / Courtroom 301
Woodland Hills, CA 91367

☒ Service information continued on attached page

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **_____, 2025,** I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| June 30, 2025 | Jessica Studley | /s/ Jessica Studley |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                       **F 9013-3.1.PROOF.SERVICE**

**2. SERVED BY MAIL UNLESS OTHERWISE SPECIFIED**

**CREDITORS COMMITTEE**

Paragon Laboratories, Inc.
Creditor's Representative: Jay Kaufman
20433 Earl Street
Torrance, CA 90503

Zapp Packaging Inc.
Creditor's Representative: Claude Dardant
1921 S. Business Parkway
Ontario, CA 91761

Sheri L. Orlowitz
1325 Snell Isle Blvd., NE, Unit 906,
Saint Petersburg, FL 33704

**SECURED CREDITORS**

CFG Bank
1422 Clearview Road,
Baltimore Maryland 21209

East West Bank
c/o Counsel, as Agent
9300 Flair Drive 4th Floor
El Monte, CA 91731

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                         **F 9013-3.1.PROOF.SERVICE**