DAVID M. POITRAS – Bar No. 141309
SUSAN K. SEFLIN - Bar No. 213865
JESSICA S. WELLINGTON - Bar No. 324477
**BG LAW LLP**
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367
Telephone:  (818) 827-9000
Facsimile:   (818) 827-9099
Email:      dpoitras@bg.law
              sseflin@bg.law
              jwellington@bg.law

Attorneys for Chapter 11 Debtors and
Co-Plan Proponents

JEFFREY I. GOLDEN – Bar No. 133040
RYAN W. BEALL - Bar No. 313774
**GOLDEN GOODRICH LLP**
3070 Bristol Street, Suite 640
Costa Mesa, CA 92626
Telephone:  (714) 966-1000
Facsimile:   (714) 966-1002
Email:      jgolden@go2.law
              rbeall@go2.law

Attorneys for Official Committee of Unsecured
Creditors of IN Holdings, Inc. and IN Holdings
Canada, Inc. and Co-Plan Proponents

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SAN FERNANDO VALLEY DIVISION

In re

IN Holdings, Inc. *et al.*,

                    Debtors and Debtors
                    in Possession.

☐   Affects IN Holdings, Inc.

☐   Affects IN Holdings Canada, Inc.

☐   Affects 5310 Holdings, LLC

☐   Affects DAI US HoldCo Inc.

☒   Affects All Debtors

Case No. 1:24-bk-11323-VK
Chapter 11
(Jointly Administered with: Case No. 1:24-bk-11324-VK. Case No. 1:24-bk-11325, and Case No. 1:24-bk-11326-VK)

**MOTION FOR ENTRY OF AN ORDER: (I) APPROVING THE JOINT DISCLOSURE STATEMENT DESCRIBING DEBTORS' AND COMMITTEE'S JOINT CHAPTER 11 PLAN OF REORGANIZATION; (II) APPROVING THE FORM OF BALLOTS AND PROPOSED SOLICITATION AND TABULATION PROCEDURES; (III) FIXING THE VOTING DEADLINE WITH RESPECT TO THE JOINT CHAPTER 11 PLAN; (IV) FIXING THE LAST DATE FOR FILING OBJECTIONS TO THE JOINT CHAPTER 11 PLAN; AND (V) SCHEDULING A HEARING TO CONSIDER CONFIRMATION OF THE JOINT CHAPTER 11 PLAN**

**Hearing:**
Date:      October 1, 2025
Time:      2:00 p.m.
Place:     Courtroom 301

# TABLE OF CONTENTS

Page

I.      JURISDICTION AND VENUE ...................................................................2

II.     RELEVANT BACKGROUND ...................................................................2

III.    FILING OF THE PLAN AND DISCLOSURE STATEMENT .........................................2

IV.     RELIEF REQUESTED.........................................................................3

V.      THE DISCLOSURE STATEMENT CONTAINS ADEQUATE INFORMATION ..........3

        A.     Legal Requirement for Approval of Disclosure Statement.....................................3

        B.     The Court Should Approve the Disclosure Statement.............................................4

VI.     PROPOSED PROCEDURES ...................................................................6

        A.     Scheduling of a Hearing to Consider Confirmation of the Plan. ............................6

        B.     Proposed Solicitation and Voting Procedures.........................................................8

               1.     Record Date for the Holders of Claims and Equity Interests..........................8

               2.     The Proposed Form of Ballots. .......................................................................9

               3.     Proposed Procedure for Distribution of Solicitation Packages......................10

               4.     The Proposed Procedures for Vote Tabulation. .............................................12

VII.    CONCLUSION.........................................................................15

3075767

# TABLE OF AUTHORITIES

Page

## CASES

*In re California Fidelity, Inc.*,
    198 B.R. 567 (B.A.P. 9th Cir. 1996).................................................................3

*In re Family Health Servs.*,
    105 B.R. 937 (Bankr. C.D. Cal. 1989)............................................................6

*In re Metrocraft Publishing*,
    39 B.R. 567 (Bankr. N.D. Ga. 1984) .............................................................4

## STATUTES

11 U.S.C. § 105...........................................................................................................3

11 U.S.C. § 105(a).......................................................................................................6

11 U.S.C. § 1111(a).....................................................................................................11

11 U.S.C. § 1125.........................................................................................................3

11 U.S.C. § 1125(a).....................................................................................................4

11 U.S.C. § 1125(a)(1).................................................................................................4

11 U.S.C. § 1125(b).....................................................................................................3

11 U.S.C. § 1126.........................................................................................................3

11 U.S.C. § 1128.........................................................................................................3

11 U.S.C. § 1128(a).....................................................................................................6, 7

11 U.S.C. § 502...........................................................................................................3

28 U.S.C. § 105(a).......................................................................................................2

28 U.S.C. § 1102(a).....................................................................................................2

28 U.S.C. § 1107(a).....................................................................................................2

28 U.S.C. § 1108.........................................................................................................2

28 U.S.C. § 1334.........................................................................................................2

28 U.S.C. § 1408.........................................................................................................2

28 U.S.C. § 1409.........................................................................................................2

28 U.S.C. § 157...........................................................................................................2

28 U.S.C. § 157(b) ..................................................................................................2

28 U.S.C. § 331 ......................................................................................................2

### **RULES**

Federal Rules of Bankruptcy Procedure 2002 ........................................................3

Federal Rules of Bankruptcy Procedure 2002(b)...................................................7

Federal Rules of Bankruptcy Procedure 2016(a)...................................................2

Federal Rules of Bankruptcy Procedure 3001 ........................................................9

Federal Rules of Bankruptcy Procedure 3003 ........................................................3

Federal Rules of Bankruptcy Procedure 3017 ........................................................3

Federal Rules of Bankruptcy Procedure 3017(c) ...............................................6, 7

Federal Rules of Bankruptcy Procedure 3017(d)...............................................9, 10

Federal Rules of Bankruptcy Procedure 3018 ........................................................3

Federal Rules of Bankruptcy Procedure 3018(a)......................................8, 9, 13, 14

Federal Rules of Bankruptcy Procedure 3018(c)...................................................9

Federal Rules of Bankruptcy Procedure 3020 ........................................................3

IN Holdings, Inc. *fka* Irwin Naturals, a Nevada corporation ("IN Nevada"), and its affiliate debtors (collectively with IN Nevada, the "Debtors"), and the Official Committee of Unsecured Creditors appointed in IN Nevada's and IN Holdings Canada, Inc.'s bankruptcy cases (the "Committee" and collectively, with the Debtors, the "Plan Proponents") hereby file their motion (the "Motion") for entry of an order: (i) approving the *Joint Disclosure Statement Describing Debtors' and Committee's Joint Chapter 11 Plan of Reorganization* (as may be amended or modified, the "Joint Disclosure Statement"); (ii) approving the form of ballots (the "Ballots") and proposed noticing, solicitation and tabulation procedures for the Joint Chapter 11 Plan of Reorganization (the "Joint Plan"); (iii) fixing the voting deadline for the Joint Plan; (iv) fixing the last day for filing objections to the Joint Plan; and (v) scheduling a hearing to consider the confirmation of the joint plan pursuant to 11 U.S.C. § 1128(a).

This Motion is based on this Motion and attached Memorandum of Points and Authorities, the arguments of counsel at the hearing on the Motion, and any admissible evidence properly brought before the Court at or before the hearing on this Motion.

WHEREFORE, the Plan Proponents respectfully request the Court enter an order: (i) granting the relief requested herein; and (ii) granting such other and further relief as is just and proper.

DATED:  September 10, 2025              BG Law LLP


                                       By: /s/ Susan K. Seflin
                                           Susan K. Seflin
                                       Attorneys for Chapter 11 Debtors in Possession
                                       and Co-Plan Proponents


DATED:  September 10, 2025              Golden Goodrich LLP


                                       By: /s/ Jeffrey I. Golden
                                           Jeffrey I. Golden
                                       Attorneys for the Official Committee of Unsecured
                                       Creditors of IN Holdings, Inc. and IN Holdings
                                       Canada, Inc. and Co-Plan Proponents

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    JURISDICTION AND VENUE

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue of these chapter 11 cases in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory basis for the relief sought herein arises from Sections[1] 105(a) and 331, 1107(a), and 1108, and Bankruptcy Rule 2016(a).

### II.    RELEVANT BACKGROUND

On August 9, 2024 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").  On August 14, 2024, the Court entered an order authorizing the joint administration of the Debtors' cases [Doc. No. 11].  The Debtors continue to operate their business and manage their affairs as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

On August 31, 2024, the United States Trustee for the Central District of California appointed the Official Committee of Unsecured Creditors (the "Committee") in the bankruptcy cases if IN Holdings, Inc., a Nevada corporation ("IN Nevada") and IN Holdings Canada, Inc. ("IN Canada") pursuant to section 1102(a) of the Bankruptcy Code [Doc. No. 69].

Prior to the sale of its supplement business, the Debtors operated a nutraceutical business that operated successfully for most of its history since its inception in 1994.

Additional information detailing the Debtors' operations and the circumstances leading to the commencement of their chapter 11 cases case are described in greater detail in the Joint Disclosure Statement filed concurrently herewith.

### III.    FILING OF THE JOINT PLAN AND JOINT DISCLOSURE STATEMENT

On October 8, 2024, the Court entered an order approving Omni Agent Solutions, Inc. ("Omni") [Doc. No. 134] as the Debtors' administrative agent.  Pursuant to the Cour order, Omni, is authorized to perform claims, noticing and balloting services for the Debtors.

---

[1] Unless otherwise stated, all references to "Sections" herein shall be to the Bankruptcy Code appearing in Title 11 of the U.S. Code; all references to a "Bankruptcy Rule" shall refer to the Federal Rules of Bankruptcy Procedure; and all references to a "LBR" shall refer to the Local Bankruptcy Rules for the United States Bankruptcy Court for the Central District of California.

On September 10, 2025, the Debtors and the Committee filed their *Joint Chapter 11 Plan of Reorganization* (the "Joint Plan").  On the same day, the Debtors filed their *Joint Disclosure Statement Describing Debtors' and Committee's Joint Chapter 11 Plan of Reorganization* (the "Joint Disclosure Statement").

**IV.    RELIEF REQUESTED**

By this Motion and pursuant to Sections 105, 502, 1125, 1126 and 1128 of the Bankruptcy Code and Bankruptcy Rules 2002, 3003, 3017, 3018 and 3020, the Plan Proponents seek the entry of an order:

a.    approving the form and content of the Joint Disclosure Statement;

b.    approving the proposed voting procedures, including: (i) establishing, for voting purposes only, a record holder date for the holders of claims and equity interests; (ii) approving the forms of the Ballots and balloting instructions; (iii) establishing procedures for the solicitation of votes on the Joint Plan; (iv) establishing a voting deadline; and (v) establishing procedures for tabulating votes on the Joint Plan; and

c.    scheduling the hearing to consider confirmation of the Joint Plan and fixing the last date for filing objections to confirmation of the Joint Plan.

**V.    THE DISCLOSURE STATEMENT CONTAINS ADEQUATE INFORMATION**

**A.    <u>Legal Requirement for Approval of a Disclosure Statement.</u>**

The disclosure statement is the Bankruptcy Code's tool for providing creditors and interest holders with information to decide how to vote on, and information to decide whether to object to, a plan of reorganization.  *See In re California Fidelity, Inc.*, 198 B.R. 567, 571 (B.A.P. 9th Cir. 1996).

Section 1125 requires that, prior to the solicitation of acceptances of a plan, each impaired claimant and interest holder must receive a disclosure statement that has been previously approved by the Court as containing "adequate information." 11 U.S.C. § 1125(b).  "Adequate information" is defined as:

> information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or

> interests in the case, that would enable such a hypothetical investor
> of the relevant class to make an informed judgment about the plan,
> but adequate information need not include such information about
> any other possible or proposed plan and in determining whether a
> disclosure statement provides adequate information, the court shall
> consider the complexity of the case, the benefit of additional
> information to creditors and other parties in interest, and the cost of
> providing additional information[.]

11 U.S.C. § 1125(a)(1).

As set forth in the seminal case of *In re Metrocraft Publishing*, 39 B.R. 567 (Bankr. N.D. Ga. 1984), the adequacy of a disclosure statement is measured by the inclusion of the following information (the "Metrocraft Factors"):

> (1) the events which led to the bankruptcy filing;
> (2) a description of the available assets and their value;
> (3) the anticipated future of the company;
> (4) the source of information stated in the disclosure statement;
> (5) a disclaimer;
> (6) the present [financial] condition of the debtor;
> (7) the scheduled claims;
> (8) the estimated return to creditors under a chapter 7 liquidation;
> (9) the accounting method used to produce financial information and
> the name of the accountant(s) responsible for the analyses;
> (10) the future management of the debtor;
> (11) the chapter 11 plan or a summary thereof;
> (12) the estimated administrative expenses;
> (13) the collectability of accounts receivable;
> (14) financial information, date, valuations or projections relevant to
> voting;
> (15) information regarding the risks of the plan;
> (16) the actual or projected realizable value from avoidances actions;
> (17) litigation likely to arise in a nonbankruptcy context;
> (18) debtor's tax attributes; and
> (19) relationship of the debtor with affiliates.

*Metrocraft Publishing*, 39 B.R. at 568.

**B.    <u>The Court Should Approve the Joint Disclosure Statement.</u>**

As demonstrated below, the Joint Disclosure Statement meets the requirements of Section 1125(a). More specifically, the Metrocraft Factors and the location of information in the Joint Disclosure Statement and/or its exhibits related to each of the Metrocraft Factors is as follows:

| Metrocraft Factor | Cite to Joint Disclosure Statement and/or its Exhibits |
|---|---|
| (1) The events which led to the bankruptcy filing | § III.A |
| (2) A description of the available assets and their value | Exhibit B |
| (3) The anticipated future of the company | § IV.D |
| (4) The source of information stated in the disclosure statement | § I.E |
| (5) A disclaimer | § I.E |
| (6) The present [financial] condition of the debtor | § III.A, Exhibit B |
| (7) The scheduled claims | Exhibit A |
| (8) The estimated return to creditors under a chapter 7 liquidation | § VII.K, Exhibit B |
| (9) The accounting method used to produce financial information and the name of the accountant(s) responsible for the analyses | § VII.K, Exhibit B |
| (10) The future management of the debtor | § IV.D.3 |
| (11) The chapter 11 plan or a summary thereof | §§ I, IV |
| (12) The estimated administrative expenses | § IV.B.1 |
| (13) The collectability of accounts receivable | Exhibit B |
| (14) Financial information, date, valuations or projections relevant to voting | § VII.K, Exhibit B |
| (15) Information regarding the risks of the plan | § IV.E.2 |
| (16) The actual or projected realizable value | § IV.D.7 |

| Metrocraft Factor | Cite to Joint Disclosure Statement and/or its Exhibits |
|---|---|
| from avoidances actions | |
| (17) Litigation likely to arise in a nonbankruptcy context | § III.C |
| (18) Debtor's tax attributes | § VI |
| (19) Relationship of the debtor with affiliates | §§ III.A and B |

By the Motion, the Plan Proponents request that the Court enter an order approving       the Joint Disclosure Statement.  However, in the event that the Court determines that a continued hearing on the Joint Disclosure Statement is necessary, the Plan Proponents respectfully request that the Court conditionally approve the Joint Disclosure Statement so that the Debtors and the Committee can serve the Joint Plan, the Joint Disclosure Statement and ballots in a timely fashion to ensure that confirmation of the Joint Plan occurs as soon as reasonably possible.

Section 105(a) of the Bankruptcy Code provides broad equitable power for a Bankruptcy Court to maintain its own jurisdiction and facilitate the reorganization process.  It provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the [Bankruptcy Code]."  11 U.S.C. § 105(a).  The basic purpose of 11 U.S.C. § 105(a) is "to assist the court in carrying out the provisions of the Bankruptcy Code, one of which is to oversee … reorganization."  *In re Eagle-Picher Indus., Inc.*, 963 F.2d 855, 860 (6th Cir. 1992). *See also, In re Family Health Servs.,* 105 B.R. 937 (Bankr. C.D. Cal. 1989).

Here, the Debtors filed their chapter 11 cases on August 9, 2024 and have been working as expeditiously as possible to emerge from bankruptcy in order to avoid additional administrative expenses from occurring.  The Debtors are incurring significant monthly administrative claims in these cases and would like to reduce those costs as much as they can.

## VI.    PROPOSED PROCEDURES

### A.    <u>Scheduling of a Hearing to Consider Confirmation of the Joint Plan.</u>

Section 1128(a) of the Bankruptcy Code provides that "[a]fter notice, the court shall hold a hearing on confirmation of a plan." 11 U.S.C. § 1128(a).  Moreover, Bankruptcy Rule 3017(c)

1   provides that "[o]n or before approval of the disclosure statement, the court shall fix a time within

2   which the holders of claims and interests may accept or reject the plan and may fix a date for the

3   hearing on confirmation."  Fed. R. Bankr. P. 3017(c).

4          The Plan Proponents request, in accordance with Section 1128(a) and Bankruptcy Rule

5   3017(c), that the Court schedule a hearing to consider confirmation of the Joint Plan on the earliest

6   available date and time that is convenient for the Court.

7          Pursuant to Bankruptcy Rule 2002(b), unless shortened by the Court, a plan proponent must

8   provide creditors and equity interest holders at least twenty-eight (28) days' "notice by mail of the

9   time fixed -  (2) for filing objections and the hearing to consider confirmation of a chapter 9 or 11

10  plan…[.] Fed. R. Bankr. P. 2002(b).

11         The Plan Proponents, therefore, requests that the Court enter an order approving the

12  following:

13             i.          setting the date by which all votes to accept or reject the Joint Plan must be

14  submitted and actually received by Omni (the "Voting Deadline") pursuant to Rule 3017(c);

15             ii.         fixing the date by which objections to the Joint Plan must be actually filed and

16  received by the parties (the "Confirmation Objection Deadline");

17             iii.        scheduling a hearing to consider confirmation of the Joint Plan and any

18  objections thereto (the "Confirmation Hearing") pursuant to Section 1128(a) and Bankruptcy

19  Rule 3017(c);

20             iv.         approving the form of Ballot for accepting or rejecting the Joint Plan in

21  substantially the form attached hereto, collectively as **Exhibit A**;[2]

22             v.          approving the Voting Procedures (as hereinafter defined), pursuant to

23  Bankruptcy Rule 3018(a); and

24             vi.         approving the notice of the Confirmation Hearing in substantially the form

25  attached hereto as **Exhibit B**.

26

27
_____

28  [2] The Debtors have included proposed ballots for all classes as exhibits but to the extent that the parties are not impaired under the Joint Plan, they will not be receiving a ballot.

The Plan Proponents also request that the Court require that any objections to confirmation of the Joint Plan be in writing and: (a) state the name and address of the objecting party and the nature of the claim or interest of such party; (b) state with particularity the basis and nature of any objection or proposed modification; and (c) be filed, together with proof of service, with the Court and served so as to be actually received no later than the Confirmation Objection Deadline on the following:

**Debtors (Service Must be by Overnight, U.S. Mail or Messenger)**
IN Holdings, Inc. et al.
1968 S. Coast Hwy #5310
Laguna Beach, CA 92651

**Counsel for the Debtors**
David M. Poitras
Susan K. Seflin
BG Law LLP
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367
Fax: (818) 827-9099
Email: dpoitras@bg.law; sseflin@bg.law

**Counsel for the Committee**
Jeffrey I. Golden
3070 Bristol St., Ste 640
Costa Mesa, CA 92626
Fax: (714) 966-1002
Email: jgolden@go2.law

**Office of the United States Trustee**
Office of the U.S. Trustee
915 Wilshire Blvd., Suite 1850
Los Angeles, CA 90017
Email: kate.bunker@usdoj.gov

The proposed timing of service of objections to the Joint Plan will afford the Debtors and the Committee sufficient time to file and serve a reply to such objections, if any, and to prepare adequately for the Confirmation Hearing.

**B.**    **Proposed Solicitation and Voting Procedures.**

**1.**    **Record Date for the Holders of Claims and Equity Interests**

Bankruptcy Rule 3018(a) provides in part as follows:
… an equity security holder or creditor whose claim is based on a security of record shall not be entitled to accept or reject a plan unless

8

> the equity security holder or creditor is the holder of record of the security on the date the order approving the disclosure statement is entered or on another date fixed by the court, for cause, after notice and a hearing …

Fed. R. Bankr. P. 3018(a). Bankruptcy Rule 3017(d) provides that the "date [an] order approving the disclosure statement is entered," or such other date established by the Court, is the record date for determining the "holders of stocks, bonds, debentures, notes and other securities" entitled to receive materials specified in Bankruptcy Rule 3017(d), including ballots.  Fed. R. Bankr. P. 3017(d). Accordingly, the Plan Proponents request that the Court establish October 1, 2025, as the record date for purposes of determining which holders of claims against the Debtors are entitled to receive Solicitation Packages and vote on the Joint Plan (the "Record Date").

With respect to any transferred claims, the Plan Proponents request that the transferee will be entitled to receive the Solicitation Package (or Confirmation Hearing Notice) and cast a ballot on account of such transferred claim only if by the Record Date (a) all actions necessary to effectuate the transfer of the claim pursuant to Bankruptcy Rule 3001 have been completed, or (b) the transferee files the documentation necessary to effectuate a transfer and a declaration under penalty of perjury with evidence supporting the validity of the transfer.

### 2.    The Proposed Form of Ballots

Bankruptcy Rule 3018(c) provides, in relevant part, as follows:

> *Form of Acceptance or Rejection*.  An acceptance or rejection shall be in writing, identify the plan or plans accepted or rejected, be signed by the creditor or equity security holder or authorized agent, and conform to the appropriate official form.

Fed. R. Bankr. P. 3018(c).

Bankruptcy Rule 3017(d) provides that ballots for accepting or rejecting the Joint Plan should conform substantially to Official Form No. 14.  Fed. R. Bankr. P. 3017(d).  The Debtors propose to use the form of Ballots for accepting or rejecting the Plan in substantially the form attached hereto as **Exhibit A**.  The Ballots are based upon Official Form No. 14 but have been slightly modified in order to provide clear instructions to the Debtors' creditors and equity holders.  The Plan Proponents submit that these slight modifications are required in order to ensure the accuracy, completeness and timeliness of voting on the Joint Plan.

**3.**    **Proposed Procedure for Distribution of Solicitation Packages**

Generally, under Bankruptcy Rule 3017(d), a plan proponent must mail to the United States Trustee, all creditors and equity security holders the plan, the disclosure statement, notice of the time within which to file acceptances or rejections, notice of the date of the confirmation hearing and such other information as the Court may require.  Fed. R. Bankr. P. 3017(d).  The Debtors have approximately 600 creditors, interest holders and parties in interest in their bankruptcy cases.  The Debtor and the Committee propose to serve on all creditors entitled to vote the following materials (collectively, the "Solicitation Package"):

- the notice of hearing on plan confirmation (the "Confirmation Hearing Notice");

- the Joint Plan, including all exhibits;

- the Joint Disclosure Statement, including all exhibits, and

- a ballot to accept or reject the Joint Plan.

    a.    *Service of to the Joint Plan and Joint Disclosure Statement via USB.*

The Joint Plan and Joint Disclosure Statement are voluminous and exceed 150 pages in length. The reproduction and postage costs of the Solicitation Package will exceed $26 for each copy of the Joint Plan and Joint Disclosure Statement (and there are over 360 creditors and interest holders entitled to vote in these cases) – i.e., at least $9,360. The Debtors obtained the aforementioned estimate from Omni regarding the cost of copying and mailing plan solicitation materials.

The Debtors also received an estimate from Omni regarding the cost of serving the Joint Plan and Joint Disclosure Statement on USB drive in an envelope which contains the Confirmation Notice and Ballot in paper form.  The estimate received for that type of service is approximately $9 per package served (or $3,240).  The Plan Proponents accordingly request that the Court authorize the distribution of the Joint Plan and Joint Disclosure Statement on a USB drive.

The Confirmation Hearing Notice, the Joint Plan and the Joint Disclosure Statement will be available on the website maintained by Omni on the Debtors' behalf at https://omniagentsolutions.com/IrwinNaturals.  Parties will also be able to submit their ballots electronically at  https://omniagentsolutions.com/Irwin-Ballots.  All amended versions of the Joint

Plan and Joint Disclosure Statement will be updated on Omni's site.  From this site, interested parties can and will be able to download the materials in PDF format.

        b.     *Service of Confirmation Hearing Notice (Instead of Solicitation Package) on Other Parties Not Entitled to Vote.*

By this Motion, the Plan Proponents requests that the following parties be served **<u>only</u>** with the Confirmation Hearing Notice and, if applicable, a ballot: (a) administrative claimants being paid in full pursuant to the Joint Plan; (b) any interested party not entitled to vote on the Joint Plan; (c) creditors listed on the Debtors' Schedules and Statements of Financial Affairs  (the "Schedules") that were paid in full pursuant to any orders on first day motions or any creditors that were paid in full; and (d) parties in interest who do not hold a claim against or interest in the Debtors and who are not otherwise directly affected by the Joint Plan.

Administrative claimants who are being paid in full on the Effective Date are not entitled to vote on the Joint Plan.  As such, it is not necessary to incur the expense of printing and mailing a complete Solicitation Package to these parties, and the Plan Proponents s request that the Court authorize them to serve administrative claimants with only the Confirmation Hearing Notice.

The Plan Proponents request that they be authorized to serve the Confirmation Hearing Notice only on parties that have been listed on the Debtors' Schedules as holding a claim that is disputed, contingent, unliquidated and/or in the amount of $0, and who have not timely filed a proof of claim. The Debtors' Schedules included numerous "potential" creditors to whom notice of these cases were given, but who do not actually hold claims against the Debtors' estates.  These parties were served with the bar date notice served in these cases, and with the notice of hearing on the Disclosure Statement.  They will also receive the Confirmation Hearing Notice.  Pursuant to Bankruptcy Code Section 1111(a), no claim is deemed filed on behalf of such parties and they do not hold allowed claims against the Debtors' estates.  Eliminating the administrative costs associated with printing and mailing the entire Solicitation Package to this group will result in savings to the Debtors and the Confirmation Hearing Notice will advise such parties, if they believe they hold allowed claims, of the procedure by which a Solicitation Package may be obtained.

There are also many creditors that the Debtors listed on their Schedules as creditors but who

were paid pursuant to orders entered on first day motions.  Therefore, the Plan Proponents request that they be excused from serving the Solicitation Package on paid creditors.  The paid creditors will be served with the Confirmation Hearing Notice and will thus be informed of the procedure by which a Solicitation Package may be obtained.

c.    <em>Returned Mail and Multiple Addresses.</em>

By the Motion, the Plan Proponents request authority to not send the Solicitation Package to creditors or interest holders if Omni has on at least two separate occasions mailed notice or other documents to such creditor and interest holder which was returned as undeliverable or as being the wrong address for the person or entity.

There are creditors and holders of interests that have provided more than one address in connection with these cases.  In these instances, the Plan Proponents request authorization for Omni to send a single Solicitation Package to one address for the creditor or interest holder, which will be determined according to the following criteria:

a.    If the creditor or interest holder is represented by an attorney, then the attorney's address will be used;

b.    If (a) does not apply and if the creditor or interest holder has filed a proof of claim, the address on the proof of claim will be used;

c.    If (a) and (b) do not apply and if the creditor or interest holder has filed a pleading or other document with the Court, then the address on such pleading or document will be used;

d.    If (a), (b) and (c) do not apply, the most recently provided address will be used.

**4.    The Proposed Procedures for Vote Tabulation**

For purposes of voting, the Plan Proponents propose that the amount of a claim or equity interest used to tabulate the acceptance or rejection of the Joint Plan will be as follows, in order of priority:

a.    If, prior to the Voting Deadline, (i) the Court enters an order fully or partially allowing a claim or equity interest, whether for all purposes or for voting purposes only, or

12

(ii) the Debtors and the holder of a claim or equity interest agree to fully or partially allow

such claim or equity interest for voting purposes only and no objection to such allowance is

received by the Debtors within seven (7) days after service by first class mail of notice of

such agreement to the entities having filed a notice of appearance in the Debtors' chapter 11

cases, the amount allowed thereunder;

        b.        The liquidated amount specified in a proof of claim or equity interest filed by

the Record Date, so long as such proof of claim or equity interest has not been expunged,

disallowed, disqualified or suspended by the Court;

        c.        The claim or equity interest amount listed in the Debtors' Schedules as

liquidated, undisputed, and not contingent; and

        d.        If the Debtors served an objection to a claim or equity interest at least ten (10)

days before the Voting Deadline, such claim shall be temporarily disallowed for voting

purposes only and not for purposes of disallowance of distribution, except to the extent and

in the manner as the Court may order pursuant to Bankruptcy Rule 3018(a).

The Plan Proponents propose that if any party seeks to challenge allowance or disallowance

of its claim or equity interest for voting purposes, that such entity is directed to serve on the Debtors

and the Committee, and file with the Court, a motion for an order pursuant to Bankruptcy Rule

3018(a) temporarily allowing such claim or equity interest only for purposes of voting to accept or

reject the Joint Plan, provided such motion is filed on or before the tenth (10th) calendar day after

the later of: (i) service of the Confirmation Hearing Notice; and (ii) service of notice of an objection

to such claim or equity interest, if any.  Such party's Ballot shall not be counted unless temporarily

allowed by the Court for voting purposes after notice and a hearing in accordance with Bankruptcy

Rule 3018(a).

In addition, the Plan Proponents request that the Court enter an order establishing the

following procedures regarding the tabulation of votes cast with respect to the Joint Plan:

        a.        A vote may be disregarded if the Court determines, after notice and a hearing,

that a vote was not solicited or procured in good faith or in accordance with the provisions of

the Bankruptcy Code;

b.      A holder of claims or equity interests in more than one class must use separate Ballots for each class of claims or equity interests;

c.      If multiple Ballots are received for a holder of claims or equity interests, the last Ballot received from such holder prior to the Voting Deadline will be the Ballot that is counted;

d.      If multiple Ballots are received from different holders purporting to hold the same claim or equity interest, in the absence of contrary information establishing which claimant held such claim or equity interest as of the Voting Deadline, the latest-dated Ballot that is received prior to the Voting Deadline will be the Ballot that is counted;

e.      If multiple Ballots are received from a holder of a claim or equity interest and someone purporting to be his, her or its attorney or agent, the Ballot received from the holder of the claim or equity interest will be the Ballot that is counted, and the vote of the purported attorney or agent will not be counted;

f.      A Ballot must be signed in order for the vote to be counted; and

g.      A Ballot may be cast at the Confirmation Hearing in resolution of: (i) an objection to confirmation; (ii) motion for relief from stay; or (iii) motion to value collateral.

The Plan Proponents further request that the order entered by the Court provide that any entity entitled to vote to accept or reject the Joint Plan may change its vote before the Voting Deadline by casting a superseding Ballot so that the superseding Ballot is received by Omni on or before the Voting Deadline.  Entities desiring to change their votes after the Voting Deadline may do so only with approval of the Court for "cause" pursuant to Bankruptcy Rule 3018(a) by filing a motion with the Court on or before the Confirmation Objection Deadline so that it may be heard and considered at the Confirmation Hearing.

The proposed Voting Procedures are solely for purposes of voting to accept or reject the Joint Plan and not for the purpose of the allowance of or distribution on account of a claim or equity interest, and the Voting Procedures are without prejudice to the rights of the Debtors or any other party in interest in any other context to dispute any unresolved claim or equity interest.  The Plan

Proponents believe that the proposed Voting Procedures provide for a fair and equitable voting process.

The Plan Proponents believe that the foregoing proposed procedures embody an orderly and logical method for soliciting and tabulating the Ballots of those parties entitled to vote as is contemplated by the Bankruptcy Code and Bankruptcy Rules.

## VII.    CONCLUSION

Based on the foregoing, the Plan Proponents respectfully request the Court enter an order: (i) granting the relief requested herein; and (ii) granting such other and further relief as is just and proper.

DATED:  September 10, 2025                BG Law LLP


                                         By: /s/ Susan K. Seflin
                                             Susan K. Seflin
                                         Attorneys for Chapter 11 Debtors in Possession
                                         and Co-Plan Proponents

DATED:  September 10, 2025                Golden Goodrich LLP


                                         By: /s/ Jeffrey I. Golden
                                             Jeffrey I. Golden
                                         Attorneys for the Official Committee of Unsecured
                                         Creditors of IN Holdings, Inc. and IN Holdings
                                         Canada, Inc. and Co-Plan Proponents

# EXHIBIT A

Ballot for Class 2

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**(SAN FERNANDO VALLEY DIVISION)**

| | |
|---|---|
| In re:<br><br>IN Holdings, Inc. *et al.*,<br><br>Debtor.<br>_____ | Case No. 1:24-bk-11323-VK<br>Chapter 11<br><br>(Jointly Administered with: Case No. 1:24-bk-11324-VK. Case No. 1:24-bk-11325, and Case No. 1:24-bk-11326-VK) |

☐ Affects IN Holdings, Inc.

☐ Affects IN Holdings Canada, Inc.

☐ Affects 5310 Holdings, LLC

☐ Affects DAI US HoldCo Inc.

☒ Affects All Debtors

**BALLOT FOR ACCEPTING OR REJECTING DEBTORS' AND COMMITTEE'S CHAPTER 11 PLAN OF REORGANIZATION FOR THE HOLDER OF THE CLASS 2 PRIORITY CLAIM**

**[Ballot for Class 2 – Employee]**

**Confirmation Hearing:** _____, 2025 at _____ a.m.

**Ballot Deadline:** 10:00 p.m. Pacific time on _____, 2025

IN Holdings, Inc. *fka* Irwin Naturals, a Nevada corporation and a debtor in possession herein ("IN Nevada"), and its affiliate debtors IN Holdings Canada, Inc. *fka* Irwin Naturals Inc. ("IN Canada"), 5310 Holdings, LLC ("Holdings"), and DAI US HoldCo Inc. ("DAI," and collectively with Irwin Nevada, Irwin Canada, and Holdings, the "Debtors"), and the Official Committee of Unsecured Creditors appointed in the bankruptcy cases of IN Nevada and IN Canada filed their *Joint Chapter 11 Plan of Reorganization* [Doc. No. ____] (as may be amended or modified, the "Plan") and their *Disclosure Statement Describing Debtors' and Committee's Joint Chapter 11 Plan of Reorganization* [Doc. No. ____] (as may be amended or modified, the "Disclosure Statement"). The Disclosure Statement provides information to assist you in deciding how to vote your Ballot. The Plan referred to in this Ballot can be confirmed by the Bankruptcy Court[1] and made binding on you if it is accepted by the holders of at least two-thirds in amount and more than one-half in number of holders of allowed claims or interests by class who timely vote on the Plan. Only timely completed and returned Ballots will be counted.

This Ballot is to be used by the holder of the Class 2 Priority Claim ("Class 2 Claimant") to vote to accept or reject the Plan described in the Disclosure Statement. If you are not a Class 2 Claimant, please disregard this Ballot.

You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. If the Plan is confirmed by the Court, it will be binding on you whether or not you vote.

COPIES OF THE PLAN AND DISCLOSURE STATEMENT MAY BE DOWNLOADED FOR FREE AT https://omniagentsolutions.com/IrwinNaturals. You may also submit a written request only for a copy of the Plan and Disclosure Statement to the Debtors' bankruptcy counsel, BG Law LLP, Attn: Susan Seflin, Esq. by email at sseflin@bg.law or the Committee's bankruptcy counsel, Golden Goodrich, LLP, Attn: Jeffrey I. Golden, Esq. by email at jgolden@go2.law. Copies of the Plan and Disclosure Statement will be provided electronically unless a party specifically requests a paper copy.

[Ballot Continued on Next Page]

_____

[1] Unless otherwise defined herein, all capitalized terms shall have the same meanings ascribed to them as set forth in the Plan.

Ballot for Class 2

**PLEASE COMPLETE THE FOLLOWING (All Parties Must Complete Items A, B and C):**

<u>Item A</u>: **Amount of Claim.** For purposes of voting to accept or reject the Plan, the undersigned holds a:

- Class 2 Priority Claim against the Debtors in the following amount: _____.

<u>Item B</u>: **Vote on the Plan.**

- The undersigned hereby votes to (<u>check one box only</u>):
  □ **Accept** the Plan.                □ **Reject** the Plan.

**Item C: Acknowledgements and Certification.**

- By signing this Ballot, the undersigned acknowledges that the undersigned has been provided with a summary of the Plan and with a link to obtain (free of charge) copies of the Plan and Disclosure Statement, including all exhibits thereto, and has been advised to seek the advice of its/her/his legal counsel on the same. The undersigned certifies that (i) it is the holder of a Class 2 Priority Claim as identified in Item A above, and (ii) it has full power and authority to vote to accept or reject the Plan. The undersigned understands that if this Ballot is validly executed but does not indicate acceptance or rejection of the Plan, the Ballot will not be counted.

Print Clearly or Type Name of Claim Holder:_____

Name of Person Signing Ballot (if different from Claim Holder):_____

If By Authorized Agent, Title of Agent:_____

Signature:_____ Dated:_____

Address/Telephone/Fax/Email:_____

_____

_____

**To have your vote count, you must complete, sign and return the Ballot so that it is actually received by the Debtors' noticing agent on or before <u>10:00 p.m. Pacific time on _____, 2025.</u>  Ballots must be delivered by U.S. Mail, personal delivery, overnight mail or electronically to:**

Irwin Naturals Ballot Processing
C/O Omni Agent Solutions, Inc.
5955 DeSoto Ave., Suite 100
Woodland Hills, CA 91367
https://omniagentsolutions.com/Irwin-Ballots

Ballot for Class 3

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**(SAN FERNANDO VALLEY DIVISION)**

| | |
|---|---|
| In re:<br><br>IN Holdings, Inc. *et al.*,<br><br>        Debtor.<br>_____ | Case No. 1:24-bk-11323-VK<br>Chapter 11<br><br>(Jointly Administered with: Case No. 1:24-bk-11324-VK. Case No. 1:24-bk-11325, and Case No. 1:24-bk-11326-VK) |

☐ Affects IN Holdings, Inc.

☐ Affects IN Holdings Canada, Inc.

☐ Affects 5310 Holdings, LLC

☐ Affects DAI US HoldCo Inc.

☒ Affects All Debtors

**BALLOT FOR ACCEPTING OR REJECTING DEBTORS' AND COMMITTEE'S CHAPTER 11 PLAN OF REORGANIZATION FOR THE HOLDERS OF CLASS 3 GENERAL UNSECURED CLAIMS**

**[Ballot for Class 3 – General Unsecured Creditors]**

<u>**Confirmation Hearing:**</u> _____, 2025 at \_\_\_\_ a.m.

<u>**Ballot Deadline:**</u> 10:00 p.m. Pacific time on _____, 2025

IN Holdings, Inc. *fka* Irwin Naturals, a Nevada corporation and a debtor in possession herein ("IN Nevada"), and its affiliate debtors IN Holdings Canada, Inc. *fka* Irwin Naturals Inc. ("IN Canada"), 5310 Holdings, LLC ("Holdings"), and DAI US HoldCo Inc. ("DAI," and collectively with Irwin Nevada, Irwin Canada, and Holdings, the "Debtors"), and the Official Committee of Unsecured Creditors appointed in the bankruptcy cases of IN Nevada and IN Canada filed their *Joint Chapter 11 Plan of Reorganization* [Doc. No. \_\_\_\_] (as may be amended or modified, the "Plan") and their *Disclosure Statement Describing Debtors' and Committee's Joint Chapter 11 Plan of Reorganization* [Doc. No. \_\_\_\_] (as may be amended or modified, the "Disclosure Statement"). The Disclosure Statement provides information to assist you in deciding how to vote your Ballot. The Plan referred to in this Ballot can be confirmed by the Bankruptcy Court[1] and made binding on you if it is accepted by the holders of at least two-thirds in amount and more than one-half in number of holders of allowed claims or interests by class who timely vote on the Plan. Only timely completed and returned Ballots will be counted.

This Ballot is to be used by the holders of Class 3 General Unsecured Claims ("Class 3 Claimants") to vote to accept or reject the Plan described in the Disclosure Statement. If you are not a Class 3 Claimant, please disregard this Ballot.

You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. If the Plan is confirmed by the Court, it will be binding on you whether or not you vote.

COPIES OF THE PLAN AND DISCLOSURE STATEMENT MAY BE DOWNLOADED FOR FREE AT https://omniagentsolutions.com/IrwinNaturals. You may also submit a <u>written request only</u> for a copy of the Plan and Disclosure Statement to the Debtors' bankruptcy counsel, BG Law LLP, Attn: Susan Seflin, Esq. by <u>email</u> at <u>sseflin@bg.law</u> or the Committee's bankruptcy counsel, Golden Goodrich, LLP, Attn: Jeffrey I. Golden, Esq. by <u>email</u> at <u>jgolden@go2.law</u>. Copies of the Plan and Disclosure Statement will be provided electronically unless a party specifically requests a paper copy.

[Ballot Continued on Next Page]

---

[1] Unless otherwise defined herein, all capitalized terms shall have the same meanings ascribed to them as set forth in the Plan.

Ballot for Class 3

**PLEASE COMPLETE THE FOLLOWING (All Parties Must Complete Items A, B and C):**

<u>Item A</u>: **Amount of Claim.** For purposes of voting to accept or reject the Plan, the undersigned holds a:

- Class 3 General Unsecured Claim against the Debtors in the following amount: _____.

<u>Item B</u>: **Vote on the Plan.**

- The undersigned hereby votes to (<u>check one box only</u>):
  □ **Accept** the Plan.            □ **Reject** the Plan.

**Item C: Acknowledgements and Certification.**

- By signing this Ballot, the undersigned acknowledges that the undersigned has been provided with a summary of the Plan and with a link to obtain (free of charge) copies of the Plan and Disclosure Statement, including all exhibits thereto, and has been advised to seek the advice of its/her/his legal counsel on the same. The undersigned certifies that (i) it is the holder of a Class 3 General Unsecured Claim as identified in Item A above, and (ii) it has full power and authority to vote to accept or reject the Plan. The undersigned understands that if this Ballot is validly executed but does not indicate acceptance or rejection of the Plan, the Ballot will not be counted.

Print Clearly or Type Name of Claim Holder:_____

Name of Person Signing Ballot (if different from Claim Holder):_____

If By Authorized Agent, Title of Agent:_____

Signature:_____ Dated:_____

Address/Telephone/Fax/Email:_____

_____

_____

**To have your vote count, you must complete, sign and return the Ballot so that it is actually received by the Debtors' noticing agent on or before <u>10:00 p.m. Pacific time on _____, 2025.</u>  Ballots must be delivered by U.S. Mail, personal delivery, overnight mail or electronically to:**

Irwin Naturals Ballot Processing
C/O Omni Agent Solutions, Inc.
5955 DeSoto Ave., Suite 100
Woodland Hills, CA 91367
https://omniagentsolutions.com/Irwin-Ballots

Ballot for Class 4

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## (SAN FERNANDO VALLEY DIVISION)

| | |
|---|---|
| In re:<br><br>IN Holdings, Inc. *et al.*,<br><br>Debtor.<br>_____ | Case No. 1:24-bk-11323-VK<br>Chapter 11<br><br>(Jointly Administered with: Case No. 1:24-bk-11324-VK. Case No. 1:24-bk-11325, and Case No. 1:24-bk-11326-VK) |

☐ Affects IN Holdings, Inc.

☐ Affects IN Holdings Canada, Inc.

☐ Affects 5310 Holdings, LLC

☐ Affects DAI US HoldCo Inc.

☒ Affects All Debtors

**BALLOT FOR ACCEPTING OR REJECTING DEBTORS' AND COMMITTEE'S CHAPTER 11 PLAN OF REORGANIZATION FOR THE HOLDER OF THE CLASS 4 GENERAL UNSECURED CLAIM**

**[Ballot for Class 4 – Klee Irwin]**

__Confirmation Hearing:__ _____, 2025 at ____ a.m.

__Ballot Deadline:__ 10:00 p.m. Pacific time on _____, 2025

IN Holdings, Inc. *fka* Irwin Naturals, a Nevada corporation and a debtor in possession herein ("IN Nevada"), and its affiliate debtors IN Holdings Canada, Inc. *fka* Irwin Naturals Inc. ("IN Canada"), 5310 Holdings, LLC ("Holdings"), and DAI US HoldCo Inc. ("DAI," and collectively with Irwin Nevada, Irwin Canada, and Holdings, the "Debtors"), and the Official Committee of Unsecured Creditors appointed in the bankruptcy cases of IN Nevada and IN Canada filed their *Joint Chapter 11 Plan of Reorganization* [Doc. No. ____] (as may be amended or modified, the "Plan") and their *Disclosure Statement Describing Debtors' and Committee's Joint Chapter 11 Plan of Reorganization* [Doc. No. ____] (as may be amended or modified, the "Disclosure Statement"). The Disclosure Statement provides information to assist you in deciding how to vote your Ballot. The Plan referred to in this Ballot can be confirmed by the Bankruptcy Court[1] and made binding on you if it is accepted by the holders of at least two-thirds in amount and more than one-half in number of holders of allowed claims or interests by class who timely vote on the Plan. Only timely completed and returned Ballots will be counted.

This Ballot is to be used by the holder of the Class 4 General Unsecured Claim ("Class 4 Claimant") to vote to accept or reject the Plan described in the Disclosure Statement. If you are not a Class 4 Claimant, please disregard this Ballot.

You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. If the Plan is confirmed by the Court, it will be binding on you whether or not you vote.

COPIES OF THE PLAN AND DISCLOSURE STATEMENT MAY BE DOWNLOADED FOR FREE AT https://omniagentsolutions.com/IrwinNaturals. You may also submit a written request only for a copy of the Plan and Disclosure Statement to the Debtors' bankruptcy counsel, BG Law LLP, Attn: Susan Seflin, Esq. by email at sseflin@bg.law or the Committee's bankruptcy counsel, Golden Goodrich, LLP, Attn: Jeffrey I. Golden, Esq. by email at jgolden@go2.law. Copies of the Plan and Disclosure Statement will be provided electronically unless a party specifically requests a paper copy.

[Ballot Continued on Next Page]

---

[1] Unless otherwise defined herein, all capitalized terms shall have the same meanings ascribed to them as set forth in the Plan.

Ballot for Class 4

**PLEASE COMPLETE THE FOLLOWING (All Parties Must Complete Items A, B and C):**

<u>Item A</u>: **Amount of Claim.** For purposes of voting to accept or reject the Plan, the undersigned holds a:
- Class 4 General Unsecured Claim against the Debtors in the following amount: _____.

<u>Item B</u>: **Vote on the Plan.**

- The undersigned hereby votes to (<u>check one box only</u>):
  □ **Accept** the Plan.                    □ **Reject** the Plan.

**Item C: Acknowledgements and Certification.**
- By signing this Ballot, the undersigned acknowledges that the undersigned has been provided with a summary of the Plan and with a link to obtain (free of charge) copies of the Plan and Disclosure Statement, including all exhibits thereto, and has been advised to seek the advice of its/her/his legal counsel on the same. The undersigned certifies that (i) it is the holder of a Class 4 General Unsecured Claim as identified in Item A above, and (ii) it has full power and authority to vote to accept or reject the Plan. The undersigned understands that if this Ballot is validly executed but does not indicate acceptance or rejection of the Plan, the Ballot will not be counted.

Print Clearly or Type Name of Claim Holder:_____

Name of Person Signing Ballot (if different from Claim Holder):_____

If By Authorized Agent, Title of Agent:_____

Signature:_____ Dated:_____

Address/Telephone/Fax/Email:_____

_____

_____

**To have your vote count, you must complete, sign and return the Ballot so that it is actually received by the Debtors' noticing agent on or before <u>10:00 p.m. Pacific time on _____, 2025.</u>  Ballots must be delivered by U.S. Mail, personal delivery, overnight mail or electronically to:**

Irwin Naturals Ballot Processing
C/O Omni Agent Solutions, Inc.
5955 DeSoto Ave., Suite 100
Woodland Hills, CA 91367
https://omniagentsolutions.com/Irwin-Ballots

Ballot for Class 5

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## (SAN FERNANDO VALLEY DIVISION)

| | |
|---|---|
| In re:<br><br>IN Holdings, Inc. *et al.*,<br><br>Debtor.<br>_____ | Case No. 1:24-bk-11323-VK<br>Chapter 11<br><br>(Jointly Administered with: Case No. 1:24-bk-11324-VK. Case No. 1:24-bk-11325, and Case No. 1:24-bk-11326-VK) |

☐ Affects IN Holdings, Inc.

☐ Affects IN Holdings Canada, Inc.

☐ Affects 5310 Holdings, LLC

☐ Affects DAI US HoldCo Inc.

☒ Affects All Debtors

**BALLOT FOR ACCEPTING OR REJECTING DEBTORS' AND COMMITTEE'S CHAPTER 11 PLAN OF REORGANIZATION FOR THE HOLDER OF THE CLASS 5 GENERAL UNSECURED CLAIM**

**[Ballot for Class 5 – Mark Green]**

**Confirmation Hearing:** _____, 2025 at _____ a.m.

**Ballot Deadline:** 10:00 p.m. Pacific time on _____, 2025

IN Holdings, Inc. *fka* Irwin Naturals, a Nevada corporation and a debtor in possession herein ("IN Nevada"), and its affiliate debtors IN Holdings Canada, Inc. *fka* Irwin Naturals Inc. ("IN Canada"), 5310 Holdings, LLC ("Holdings"), and DAI US HoldCo Inc. ("DAI," and collectively with Irwin Nevada, Irwin Canada, and Holdings, the "Debtors"), and the Official Committee of Unsecured Creditors appointed in the bankruptcy cases of IN Nevada and IN Canada filed their *Joint Chapter 11 Plan of Reorganization* [Doc. No. _____] (as may be amended or modified, the "Plan") and their *Disclosure Statement Describing Debtors' and Committee's Joint Chapter 11 Plan of Reorganization* [Doc. No. _____] (as may be amended or modified, the "Disclosure Statement"). The Disclosure Statement provides information to assist you in deciding how to vote your Ballot. The Plan referred to in this Ballot can be confirmed by the Bankruptcy Court[1] and made binding on you if it is accepted by the holders of at least two-thirds in amount and more than one-half in number of holders of allowed claims or interests by class who timely vote on the Plan. Only timely completed and returned Ballots will be counted.

This Ballot is to be used by the holder of the Class 5 General Unsecured Claim ("Class 5 Claimant") to vote to accept or reject the Plan described in the Disclosure Statement. If you are not a Class 5 Claimant, please disregard this Ballot.

You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. If the Plan is confirmed by the Court, it will be binding on you whether or not you vote.

COPIES OF THE PLAN AND DISCLOSURE STATEMENT MAY BE DOWNLOADED FOR FREE AT
https://omniagentsolutions.com/IrwinNaturals. You may also submit a written request only for a copy of the Plan and Disclosure Statement to the Debtors' bankruptcy counsel, BG Law LLP, Attn: Susan Seflin, Esq. by email at sseflin@bg.law or the Committee's bankruptcy counsel, Golden Goodrich, LLP, Attn: Jeffrey I. Golden, Esq. by email at jgolden@go2.law. Copies of the Plan and Disclosure Statement will be provided electronically unless a party specifically requests a paper copy.

[Ballot Continued on Next Page]

---

[1] Unless otherwise defined herein, all capitalized terms shall have the same meanings ascribed to them as set forth in the Plan.

Ballot for Class 5

**PLEASE COMPLETE THE FOLLOWING (All Parties Must Complete Items A, B and C):**

<u>Item A</u>: **Amount of Claim.** For purposes of voting to accept or reject the Plan, the undersigned holds a:

- Class 5 General Unsecured Claim against the Debtors in the following amount: _____.

<u>Item B</u>: **Vote on the Plan.**

- The undersigned hereby votes to (<u>check one box only</u>):
  □ **Accept** the Plan.            □ **Reject** the Plan.

**Item C: Acknowledgements and Certification.**

- By signing this Ballot, the undersigned acknowledges that the undersigned has been provided with a summary of the Plan and with a link to obtain (free of charge) copies of the Plan and Disclosure Statement, including all exhibits thereto, and has been advised to seek the advice of its/her/his legal counsel on the same. The undersigned certifies that (i) it is the holder of a Class 5 General Unsecured Claim as identified in Item A above, and (ii) it has full power and authority to vote to accept or reject the Plan. The undersigned understands that if this Ballot is validly executed but does not indicate acceptance or rejection of the Plan, the Ballot will not be counted.

Print Clearly or Type Name of Claim Holder:_____

Name of Person Signing Ballot (if different from Claim Holder):_____

If By Authorized Agent, Title of Agent:_____

Signature:_____ Dated:_____

Address/Telephone/Fax/Email:_____

_____

_____

**To have your vote count, you must complete, sign and return the Ballot so that it is actually received by the Debtors' noticing agent on or before <u>10:00 p.m. Pacific time on _____, 2025.</u>  Ballots must be delivered by U.S. Mail, personal delivery, overnight mail or electronically to:**

Irwin Naturals Ballot Processing
C/O Omni Agent Solutions, Inc.
5955 DeSoto Ave., Suite 100
Woodland Hills, CA 91367
https://omniagentsolutions.com/Irwin-Ballots

Ballot for Class 7

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**(SAN FERNANDO VALLEY DIVISION)**

| | |
|---|---|
| In re:<br><br>IN Holdings, Inc. *et al.*,<br><br>      Debtor.<br>_____ | Case No. 1:24-bk-11323-VK<br>Chapter 11<br><br>(Jointly Administered with: Case No. 1:24-bk-11324-VK. Case No. 1:24-bk-11325, and Case No. 1:24-bk-11326-VK) |

☐ Affects IN Holdings, Inc.

☐ Affects IN Holdings Canada, Inc.

☐ Affects 5310 Holdings, LLC

☐ Affects DAI US HoldCo Inc.

☒ Affects All Debtors

**BALLOT FOR ACCEPTING OR REJECTING DEBTORS' AND COMMITTEE'S CHAPTER 11 PLAN OF REORGANIZATION FOR THE HOLDER OF CLASS 7 EQUITY INTERESTS**

**[Ballot for Class 7 – IN Holdings, Inc. *fka* Irwin Naturals, Inc. Equity Holders]**

**Confirmation Hearing:** _____, 2025 at _____ a.m.

**Ballot Deadline:** 10:00 p.m. Pacific time on _____, 2025

IN Holdings, Inc. *fka* Irwin Naturals, a Nevada corporation and a debtor in possession herein ("IN Nevada"), and its affiliate debtors IN Holdings Canada, Inc. *fka* Irwin Naturals Inc. ("IN Canada"), 5310 Holdings, LLC ("Holdings"), and DAI US HoldCo Inc. ("DAI," and collectively with Irwin Nevada, Irwin Canada, and Holdings, the "Debtors"), and the Official Committee of Unsecured Creditors appointed in the bankruptcy cases of IN Nevada and IN Canada filed their *Joint Chapter 11 Plan of Reorganization* [Doc. No. _____] (as may be amended or modified, the "Plan") and their *Disclosure Statement Describing Debtors' and Committee's Joint Chapter 11 Plan of Reorganization* [Doc. No. _____] (as may be amended or modified, the "Disclosure Statement"). The Disclosure Statement provides information to assist you in deciding how to vote your Ballot. The Plan referred to in this Ballot can be confirmed by the Bankruptcy Court[1] and made binding on you if it is accepted by the holders of at least two-thirds in amount and more than one-half in number of holders of allowed claims or interests by class who timely vote on the Plan. Only timely completed and returned Ballots will be counted.

This Ballot is to be used by the holder of the Class 7 Equity Interest ("Class 7 Equity Interest") to vote to accept or reject the Plan described in the Disclosure Statement. If you are not a Class 7 Equity Interest, please disregard this Ballot.

You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. If the Plan is confirmed by the Court, it will be binding on you whether or not you vote.

COPIES OF THE PLAN AND DISCLOSURE STATEMENT MAY BE DOWNLOADED FOR FREE AT https://omniagentsolutions.com/IrwinNaturals. You may also submit a written request only for a copy of the Plan and Disclosure Statement to the Debtors' bankruptcy counsel, BG Law LLP, Attn: Susan Seflin, Esq. by email at sseflin@bg.law or the Committee's bankruptcy counsel, Golden Goodrich, LLP, Attn: Jeffrey I. Golden, Esq. by email at jgolden@go2.law. Copies of the Plan and Disclosure Statement will be provided electronically unless a party specifically requests a paper copy.

[Ballot Continued on Next Page]

---

[1] Unless otherwise defined herein, all capitalized terms shall have the same meanings ascribed to them as set forth in the Plan.

Ballot for Class 7

**PLEASE COMPLETE THE FOLLOWING (All Parties Must Complete Items A, B and C):**

<u>Item A</u>: **Amount of Equity Interest.** For purposes of voting to accept or reject the Plan, the undersigned holds a:
- Class 7 Equity Interest against Iwin Naturals, Inc. in the following number/amount: _____.

<u>Item B</u>: **Vote on the Plan.**

- The undersigned hereby votes to (<u>check one box only</u>):
  □ **Accept** the Plan.              □ **Reject** the Plan.

**Item C: Acknowledgements and Certification.**
- By signing this Ballot, the undersigned acknowledges that the undersigned has been provided with a summary of the Plan and with a link to obtain (free of charge) copies of the Plan and Disclosure Statement, including all exhibits thereto, and has been advised to seek the advice of its/her/his legal counsel on the same. The undersigned certifies that (i) it is the holder of a Class 7 Equity Interest as identified in Item A above, and (ii) it has full power and authority to vote to accept or reject the Plan. The undersigned understands that if this Ballot is validly executed but does not indicate acceptance or rejection of the Plan, the Ballot will not be counted.

Print Clearly or Type Name of Equity Holder:_____

Name of Person Signing Ballot (if different from Equity Holder):_____

If By Authorized Agent, Title of Agent:_____

Signature:_____ Dated:_____

Address/Telephone/Fax/Email:_____

_____

_____

**To have your vote count, you must complete, sign and return the Ballot so that it is actually received by the Debtors' noticing agent on or before <u>10:00 p.m. Pacific time on _____, 2025.</u>  Ballots must be delivered by U.S. Mail, personal delivery, overnight mail or electronically to:**

Irwin Naturals Ballot Processing
C/O Omni Agent Solutions, Inc.
5955 DeSoto Ave., Suite 100
Woodland Hills, CA 91367
https://omniagentsolutions.com/Irwin-Ballots

# EXHIBIT B

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DAVID M. POITRAS – Bar No. 141309
SUSAN K. SEFLIN - Bar No. 213865
JESSICA S. WELLINGTON - Bar No. 324477
**BG LAW LLP**
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367
Telephone:  (818) 827-9000
Facsimile:  (818) 827-9099
Email:      dpoitras@bg.law
            sseflin@bg.law
            jwellington@bg.law

Attorneys for Chapter 11 Debtors and
Co-Plan Proponents

JEFFREY I. GOLDEN – Bar No. 133040
RYAN W. BEALL - Bar No. 313774
**GOLDEN GOODRICH LLP**
3070 Bristol Street, Suite 640
Costa Mesa, CA 92626
Telephone:  (714) 966-1000
Facsimile:  (714) 966-1002
Email:      jgolden@go2.law
            rbeall@go2.law

Attorneys for Official Committee of Unsecured
Creditors of IN Holdings, Inc. and IN Holdings
Canada, Inc. and Co-Plan Proponents

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SAN FERNANDO VALLEY DIVISION

In re

IN Holdings, Inc., *et al.*,

　　　　　　　　Debtors and Debtors
　　　　　　　　in Possession.

☐  Affects In Holdings, Inc.

☐  Affects IN Holdings Canada, Inc.

☐  Affects 5310 Holdings, LLC

☐  Affects DAI US HoldCo Inc.

☒  Affects All Debtors

Case No. 1:24-bk-11323-VK
Chapter 11
(Jointly Administered with: Case No. 1:24-bk-11324-VK. Case No. 1:24-bk-11325, and Case No. 1:24-bk-11326-VK)

**NOTICE OF HEARING ON APPROVAL OF PLAN CONFIRMATION AND SUMMARY OF DEBTORS' AND COMMITTEE'S JOINT CHAPTER 11 PLAN OF REORGANIZATION**

<u>**Objection & Ballot Deadline:**</u>
**10:00 p.m. PT on _____, 2025**

<u>**Confirmation Hearing:**</u>
Date:    TBD
Time:    TBD
Place:   Courtroom 301
         United States Bankruptcy Court
         21041 Burbank Blvd
         Woodland Hills, CA 91367

　　　　**PLEASE TAKE NOTICE** that on September 10, 2025, IN Holdings, Inc., a Nevada corporation ("IN Nevada"), and its affiliate debtors (collectively with IN Nevada, the "Debtors"), and the Official Committee of Unsecured Creditors appointed in IN Nevada's and IN Holdings Canada, Inc.'s ("IN Canada") bankruptcy cases (the "Committee" and collectively, with the Debtors, the "Plan Proponents"), filed their *Chapter 11 Plan of Reorganization* [Doc. No. 802] (as may be amended or modified, the "Plan") and their *Joint Disclosure Statement Describing Debtors' Chapter 11 Plan of Reorganization* [Doc. No. 804] (as may be amended or modified, the "Disclosure Statement").

1

**Exhibit B_001**

**PLEASE TAKE FURTHER NOTICE** that on _____, 2025, the Bankruptcy Court entered an order [Doc. No. ___] (the "Disclosure Statement Order"), pursuant to section 1125 of the Bankruptcy Code, approving the Disclosure Statement as providing adequate information for holders of claims or interests to make an informed decision as to whether to vote to accept or reject the Plan. Pursuant to the Disclosure Statement Order, the Bankruptcy Court also approved certain procedures, notices and forms relating to confirmation of the Plan.

**PLEASE TAKE FURTHER NOTICE** that a hearing will be held on **_____, 2025 at_____.** before the Honorable Victoria S. Kaufman, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Central District of California, San Fernando Valley Division, Courtroom 301 located at 21041 Burbank Blvd., Woodland Hills, CA 91367 for the Court to consider confirmation of the Plan (and any objections thereto).

**PLEASE TAKE FURTHER NOTICE** that the Plan is on file with the Clerk of the Bankruptcy Court. **You may obtain a copy of the Plan free of charge on the Debtors' noticing agent' s website by accessing the following link:** https://omniagentsolutions.com/IrwinNaturals. If you would like a paper copy of the Plan or if you would like an electronic copy of the Plan via email, please submit a written request only to (1) the Debtors' bankruptcy counsel, BG Law, LLP, Attn: Susan Seflin, Esq., by mail at 21650 Oxnard St., Suite 500, Woodland Hills, CA 91367-4911 or by email at sseflin@bg.law or by fax at (818) 827-9099, or 2) the Committee' bankruptcy counsel, Golden Goodrich LLP, Attn: Jeffrey I. Golden, by mail at 3070 Bristol Street, Suite 640, Costa Mesa, CA 92626 or by email at jgolden@go2.law. Copies of the Plan will be provided electronically unless a party specifically requests a paper copy.

## PLAN SUMMARY

The Plan provides for a reorganization with all four entities to emergence from their chapter 11 bankruptcy cases as the "Reorganized Debtors." As described more fully in the Plan, through the Plan, the Debtors will pay all allowed claims in full.

The following is a summary of the Plan:

1. **Treatment of Claims and Interests.** The Plan segregates claims and interests into classes and treats them as summarized in the chart below, which summaries are subject to the more detailed provisions specified in Article III of the Plan. Any capitalized term in the summaries that is not defined herein has the same meaning as set forth in the definition sections of the Plan.

| Class No. | Description | Estimated Amount or Value of Claims as of the Effective Date | Estimated Projected Payment / Treatment for Allowed Claims |
|---|---|---|---|
| N/A | Administrative Claims (Professional Fees) | Estimated Between Approximately $3 million and $5.5 million. | Full payment, subject to Bankruptcy Court approval as may be required. Payment to be made by the Plan Distribution Trustee. |
| N/A | Administrative Claims (Incurred in the Ordinary Course of Business) | Estimated at $50,000 | Allowed Administrative Claims representing post-Petition Date liabilities incurred by the Debtors in the ordinary course of business, for which no approval by the Bankruptcy Court is required, shall be paid in full in the ordinary course of business in |

2

**Exhibit B_002**

| Class No. | Description | Estimated Amount or Value of Claims as of the Effective Date | Estimated Projected Payment / Treatment for Allowed Claims |
|---|---|---|---|
| | | | accordance with the terms and conditions of the particular transaction giving rise to such liabilities and any agreements relating thereto. The Reorganized Debtors are responsible for these payments (and not the Plan Distribution Trust). |
| N/A | Priority Tax Claim of Canada Revenue Agency | Estimated at $17,438.37. | Full payment within fourteen days of the Effective Date). Payment to be made by the Plan Distribution Trustee. |
| N/A | Priority Tax Claim of CA Department of Tax and Fee Administration | Estimated at $2,697.30. | Full payment within fourteen days of the Effective Date. Payment to be made by the Plan Distribution Trustee. |
| N/A | Priority Tax Claim of State of Washington | Estimated at $907.62. | Full payment within fourteen days of the Effective Date. Payment to be made by the Plan Distribution Trustee. |
| N/A | Priority Tax Claim of Massachusetts Department of Revenue | Proof of Claim No. 1-1 filed in Case No. 1:24-bk-11326-VK in the amount of $1,451.53. | The Debtors are in the process of investigating this claim. If allowed, full payment by the Plan Distribution Trustee. |
| N/A | Priority Tax Claim of Michigan Department of Treasury | Proof of Claim No. 6-1 filed in Case No. 1:24-bk-11326-VK in the amount of $5,879.43. | The Debtors are in the process of investigating this claim. If allowed, full payment by the Plan Distribution Trustee. |
| N/A | Priority Tax Claim of Oregon Department of Revenue | Proof of Claim No. 36-2 filed in Case No. 1:24-bk-11323-VK in the amount of $10,942.54. | The Debtors are in the process of investigating this claim. If allowed, full payment by the Plan Distribution Trustee. |
| N/A | Priority Tax Claims of the Internal Revenue Service ("IRS") | Estimated at $0. | While the IRS has filed millions of dollars of claims against the Estates, the Debtors' accountant is in the process of resolving each alleged claim. The Debtors do not believe that they will ultimately have any liability to the IRS. To the extent the IRS has Allowed Claims in these cases, they will be paid in full within the later of fourteen days of the Effective Date or entry of an order allowing the IRS claim(s) by the Reorganized Debtors (and not by the Plan Distribution Trustee). |
| N/A | Priority Tax Claim of Franchise Tax Board ("FTB") | Proof of Claim No. 2-1 filed in Case No. 1:24-bk-11323-VK in the amount of $2,854.52.<br><br>Proof of Claim No. 60-1 filed in Case No. 1:24-bk-11323-VK in the | The Debtors believe the FTB's claims will be reduced significantly once they file their 2023 tax returns. To the extent the FTB has an allowed claim, such amount will be paid by the Plan |

3

**Exhibit B_003**

| Class No. | Description | Estimated Amount or Value of Claims as of the Effective Date | Estimated Projected Payment / Treatment for Allowed Claims |
|---|---|---|---|
|  |  | amount of $98,210.37.<br><br>Proof of Claim No. 5-1 filed in Case No. 1:24-bk-11326-VK in the amount of $26,394.93.<br><br>Estimated at $3,000 | Distribution Trustee. The Debtors believe they owe less than $3,000 to the FTB. |
| 1 | Previously Secured claim of East West Bank, as Agent ("EWB") and CFG Bank ("CFG")<br><br>Collateral Description: None. EWB has been paid $25,658,075.80 post-petition by the Debtors. As such, pursuant to Section 5.06 of the Security Agreement dated February 1, 2023 between the Debtors and EWB (the "Security Agreement"), all security interests granted in the Security Agreement were released and terminated when all obligations were paid in full in cash  (other than unasserted contingent indemnification obligations and/or unasserted expense reimbursement obligations).<br><br>*Debtors reserve all their rights to assert claims against EWB | Filed Claim: Claim 48 [Case No. 11323]: $19,381,507.84 plus interest and fees.<br>Duplicate Claims:<br>Claim 1 [Case No. 11325]<br>Claim 3 [Case No. 11326]<br>Claim 5 [Case No. 11324] | **The Debtors scheduled this claim as Unliquidated and Disputed and reserve all rights with respect to objecting to amounts paid to EWB for excessive fees and to assert affirmative claims against EWB and CFG.<br><br>**Treatment:**<br><br>The Debtors' position is that EWB has been paid in full and is no longer a secured creditor or otherwise entitled to charge fees and costs after August 11, 2025.<br><br>Notwithstanding, if it is determined that EWB is owed any additional amount (other than unasserted contingent indemnification obligations and/or unasserted expense reimbursement obligations), the Plan provides that such claim will be paid in full by the Reorganized Debtors within three (3) business days of the date that EWB submits an accounting and invoice to the Debtors or on the Effective Date in an amount determined by the Bankruptcy Court.<br><br>In light of payment in full, the Security Agreement specifically provides that any and all security interests granted by the Security Agreement "shall be released and terminated when all Obligations have been paid in full in cash (other than unasserted contingent indemnification obligations and unasserted expense reimbursement obligations) and when the Commitments have terminated." *See*, Section 5.06 of the Security Agreement.<br><br> **Unimpaired. Not Entitled to Vote.** |
| 2 | Wage Related Claims (Pre-Petition) | $5,991.80 | Paid in full within fourteen days of the Effective Date by the Plan Distribution Trustee.<br><br>**Impaired; Entitled to Vote** |

4

3075777

| Class No. | Description | Estimated Amount or Value of Claims as of the Effective Date | Estimated Projected Payment / Treatment for Allowed Claims |
|---|---|---|---|
| 3 | General Unsecured Claims [Excluding Insider Claims] | Estimated at approximately $5 to $7 million.  (This number may change based upon the resolution of objections to Disputed Claims.)<br><br>[This estimation does not include any intercompany claims as the Debtors' have agreed to subordinate all of their intercompany claims to those of Allowed General Unsecured Claims.] | **Treatment:**<br><br>Allowed General Unsecured Claims will be paid in full within fourteen days of the Effective Date (assuming the Plan Distribution Trustee is in possession of a W-9 for each creditor holding an Allowed Claim)[1] by the Plan Distribution Trustee.<br><br>Interest shall accrue at the California default state law rate of 10% on all Allowed General Unsecured Claims commencing as of the Petition Date.<br><br>Upon resolution of the Debtors' objections to disputed General Unsecured Claims, the respective claimants shall be paid their Allowed General Unsecured Claim in full within ten (10) days of a final non-appealable order allowing such claim.<br><br>The treatment proposed herein shall be in full settlement and satisfaction of all General Unsecured Claims.<br><br>**Impaired; Entitled to Vote** |
| 4 | General Unsecured Claim of Insider Klee Irwin | $1,035,682.49 (plus 4.43% interest from the Petition Date)<br><br>Subordinated Promissory Note Dated October 19, 2023<br><br>Proof of Claim No. 55 | **Treatment:**<br><br>Subordinated to Allowed General Unsecured Claims of non-insiders. Paid in full after the payment in full of Class 3 Allowed Claims by the Plan Distribution Trustee.<br><br>**Impaired; Entitled to Vote** |
| 5 | General Unsecured Claim of Insider Mark Green | $1 million due only upon certain types of liquidation events as described in the contract<br><br>Proof of Claim No. 63 | **Treatment:**<br><br>Subordinated to Allowed General Unsecured Claims of non-insiders.<br><br>Late filed and no basis for claim per contract terms. The Debtors intend to object. If allowed, payment in full after payment in full of Class 3 Allowed Claims by the Plan Distribution Trustee.<br><br>**Impaired; Entitled to Vote** |
| 6 | IN Holdings, Inc. ("IN Nevada") | IN Nevada's current equity holders who collectively own 100% of IN | **Treatment:** |

---

[1] If the Debtors and/or the Plan Distribution Trustee are not in possession of a W-9 for any creditor, the Debtors and/or the Plan Distribution Trustee will send a written request to such creditor(s). Payment will be paid only after the receipt of a W-9 from such creditor.

**Exhibit B_005**

3075777

| Class No. | Description | Estimated Amount or Value of Claims as of the Effective Date | Estimated Projected Payment / Treatment for Allowed Claims |
|---|---|---|---|
| | Equity Interests of Klee Irwin (90% Non-Voting Interest), Klee & Margareth Irwin Children's Trust (10% Non-Voting Interest) and DAI US HoldCo, Inc. (100% Voting Interest) | Nevada. | Equity holders shall retain their respective interests.<br><br>**Unimpaired. Not Entitled to Vote.** |
| 7 | IN Holdings Canada, Inc. ("IN Canada") - Equity Interest of Public Shareholders | IN Canada owns DAI, which owns 2% of IN Nevada. | **Treatment:** IN Canada will remain a public company. IN Canada Shareholders may elect their treatment as follows: IN Canada Shareholders will retain their existing number of equity shares unless IN Canada Shareholders vote to receive a pro rata cash distribution of $225,000 (eligible only for non-insider shareholders).<br><br>**Impaired; Entitled to Vote.** |
| 8 | DAI US HoldCo Owned 100% by IN Canada | | **Treatment:** All Equity Interest shall remain the same.<br><br>**Unimpaired. Not Entitled to Vote** |
| 9 | 5310 Holdings, LLC<br><br>Owned 100% by IN Nevada | | **Treatment:** All Equity Interest shall remain the same.<br><br>**Unimpaired. Not Entitled to Vote** |

2.      **Assumption of Executory Contracts and Unexpired Leases.**  The Debtors do not believe they will be assuming any executory contracts or unexpired leases under the Plan.  If this changes, the Debtors will update this information in a Plan supplement. To the extent that there are any executory contracts or unexpired leases which have not been previously rejected, then such executory contract or unexpired lease shall be deemed rejected on the Effective Date of the Plan.

3.      **Injunction.** Article IV.B of the Plan proposes an injunction that provides as follows: "**The Confirmation Order shall enjoin the prosecution, whether directly, derivatively or otherwise, of any Claim, obligation, suit, judgment, damage, demand, debt, right, cause of action, liability or interest released, discharged or terminated pursuant to the Plan.**  Except as provided in the Plan or the Confirmation Order, as of the Effective Date, all entities that have held, currently hold or may hold a Claim or other debt or liability that is discharged or an interest or other right of an equity holder that is impaired pursuant to the terms of the Plan are permanently enjoined from taking any of the following actions against the Debtors, the Debtors' Estates, the Reorganized Debtors or their property on account of any such discharged Claims, debts or liabilities or terminated interests or rights: (i) commencing or continuing, in any manner or in any place, any action or other proceeding; (ii) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree or order; (iii) creating, perfecting or enforcing any lien or encumbrance; (iv) asserting a setoff, right of subrogation or recoupment of any kind against any debt, liability or obligation due to the Debtors; and (v) commencing or continuing any action in any manner, in any place that does not comply with or is inconsistent with the provisions of the Plan. **By accepting distribution pursuant**

**Exhibit B_006**

3075777

to the Plan, each holder of an Allowed Claim receiving a Distribution pursuant to the Plan will be deemed to have specifically consented to the injunctions set forth in this Section."

4.      **Exculpations and Releases.**  Article III.D.12 of the Plan provides an injunction in the form of exculpations and releases as follows: ***"To the maximum extent permitted by law, neither the Debtors, Klee Irwin, Dan Wing, Mark Green, the Reorganized Debtors, the Independent Director, the Committee members, nor any of their Professionals (collectively, the "Exculpated Parties"), shall have or incur liability to any Holder of a Claim or Equity Holder, or any other party in interest with respect to any claim or Cause of Action based on conduct taken or omitted to be taken in good faith after the Petition Date and on or before the Effective Date in connection with, or arising out of the formulating, negotiating, soliciting, preparing or confirming the Plan, Disclosure Statement and all exhibits thereto and/or the transactions contemplated therein, or a contract, instrument, release or other agreement or document created or entered into in connection with the Plan (collectively, the "Exculpated Claims"). The foregoing exculpation shall have no effect on liability of any Exculpated Party that results from any act or omission that is determined in a Final Order to have constituted fraud, gross negligence, willful misconduct, or professional malpractice.   For the avoidance of doubt, the exculpation provided herein: (i) shall only apply to conduct which occurred from the Petition Date through the Effective Date, with the exception of conduct relating to post-Effective Date modifications or amendments of the Plan, and (ii) with respect to Professionals, shall only apply to Exculpated Claims arising during the period such Professional was a Bankruptcy Court approved Professional and shall not apply to any Exculpated Claims arising prior thereto or thereafter."***

* * *

The above summaries are described in more detail in the Plan and Disclosure Statement.  As set forth on the second page of this notice, copies of the Plan and Disclosure Statement are available (free of charge) at https://omniagentsolutions.com/IrwinNaturals.

**PLEASE TAKE FURTHER NOTICE** that if you did not receive a copy of a ballot with this Notice, then the Debtors do not believe that you are a creditor entitled to vote on the Plan.  If you disagree, you may submit a written request for a ballot to (1) Debtors' counsel, BG Law LLP, Attn: Susan Seflin, Esq. by mail at 21650 Oxnard St., Suite 500, Woodland Hills, CA 91367-4911 or by email at sseflin@bg.law, or (2) Committee's counsel, Golden Goodrich LLP, Attn: Jeffrey I. Golden, by mail at 3070 Bristol Street, Suite 640, Costa Mesa, CA 92626 or by email at jgolden@go2.law.  If you received a copy of a ballot and you hold a priority or administrative claim or you do not have a claim against the Debtors, please disregard the ballot.

**PLEASE TAKE FURTHER NOTICE** that if you received a ballot with this Notice and you are entitled to vote on the Plan, **to have your vote count, you must complete, sign and return the Ballot so that it is actually received by the Debtors' claims and noticing agent on or before 10:00 p.m. Pacific time on _____, 2025.  Ballots must be delivered by U.S. Mail, personal delivery, overnight mail or electronically to:**

IN Holdings, Inc. Ballot Processing
C/O Omni Agent Solutions, Inc.
5955 DeSoto Ave., Suite 100
Woodland Hills, CA 91367
https://omniagentsolutions.com/IrwinNaturals-Ballots

**Exhibit B_007**

3075777

**PLEASE TAKE FURTHER NOTICE** that objections to the Plan must be filed with the Bankruptcy Court and served on counsel for the Debtors by no later than _____, **2025.**

DATED:  September 10, 2025                    BG Law LLP


                                             By: /s/ Susan K. Seflin
                                                  Susan K. Seflin
                                             Attorneys for Chapter 11 Debtors in Possession
                                             and Co-Plan Proponents

DATED:  September 10, 2025                    Golden Goodrich LLP


                                             By:_____
                                                  Jeffrey I. Golden
                                             Attorneys for the Official Committee of Unsecured
                                             Creditors of IN Holdings, Inc. and IN Holdings
                                             Canada, Inc. and Co-Plan Proponents

**Exhibit B_008**

3075777

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: **21650 Oxnard Street, Suite 500, Woodland Hills, CA 91367**.

A true and correct copy of the document(s) entitled: **DEBTORS' AND COMMITTEE'S MOTION FOR ENTRY OF ORDER: (I) APPROVING THEIR JOINT DISCLOSURE STATEMENT; (II) APPROVING THE FORM OF BALLOTS AND PROPOSED SOLICITATION AND TABULATION PROCEDURES; (III) FIXING THE VOTING DEADLINE WITH RESPECT TO THE DEBTORS' AND COMMITTEE'S JOINT CHAPTER 11 PLAN; (IV) FIXING THE LAST DATE FOR FILING OBJECTIONS TO THE JOINT CHAPTER 11 PLAN; AND (V) SCHEDULING A HEARING TO CONSIDER CONFIRMATION OF THE PLAN** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the document(s) were served by the court via NEF and hyperlink to the document. On **September 10, 2025**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒    Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:  On **September 10, 2025**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.
*The Honorable Victoria Kaufman

☐    Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **_____,** I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 10, 2025 | JESSICA STUDLEY | /s/ Jessica Studley |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

- Kyra E Andrassy      kandrassy@raineslaw.com, bclark@raineslaw.com;csantiago@raineslaw.com
- Jessica L Bagdanov      jbagdanov@bg.law, ecf@bg.law
- Ryan W Beall      rbeall@go2.law,
  kadele@go2.law;dfitzgerald@go2.law;rbeall@ecf.courtdrive.com;cmeeker@go2.law
- Anthony Bisconti      tbisconti@bklwlaw.com, 1193516420@filings.docketbird.com,docket@bklwlaw.com
- Matthew Bouslog      mbouslog@allenmatkins.com, ncampos@allenmatkins.com
- Katherine Bunker      kate.bunker@usdoj.gov
- Robert Allen Curtis      rcurtis@foleybezek.com
- Erin R. Fay      efay@wsgr.com, lmcgee@wsgr.com
- Jeffrey I Golden      jgolden@go2.law,
  kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;golden.jeffreyi.b1179
  54@notify.bestcase.com
- Alphamorlai Lamine Kebeh      MKebeh@allenmatkins.com, mdiaz@allenmatkins.com
- Alexandria Lattner      alattner@sheppardmullin.com, ehwalters@sheppardmullin.com
- Matthew A Macdonald      matthew.macdonald@wsgr.com
- Sina Maghsoudi      sinalegal@gmail.com,
  g8645@notify.cincompass.com;maghsoudi.sinab128731@notify.bestcase.com
- David W. Meadows      david@davidwmeadowslaw.com
- Douglas A Plazak      dplazak@rhlaw.com
- David M Poitras      dpoitras@bg.law
- Terrel Ross      tross@trcmllc.com
- Susan K Seflin      sseflin@bg.law
- Jonathan Seligmann Shenson      jshenson@greenbergglusker.com,
  calendar@greenbergglusker.com;cmillerwatkins@greenbergglusker.com
- Yuriko M Shikai      yshikai@neufeldmarks.com
- Ashley M Teesdale      ateesdale@bg.law, ecf@bg.law
- United States Trustee (SV)      ustpregion16.wh.ecf@usdoj.gov
- Ronghua Sophia Wang      sophia.wang@afslaw.com, yvonne.li@afslaw.com
- Pamela Kohlman Webster      pwebster@buchalter.com, smartin@buchalter.com
- Jessica Wellington      jwellington@bg.law, ecf@bg.law

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                **F 9013-3.1.PROOF.SERVICE**