Jeffrey I. Golden, State Bar No. 133040
jgolden@go2.law
Ryan W. Beall, State Bar No. 313774
rbeall@go2.law
**GOLDEN GOODRICH LLP**
3070 Bristol Street, Suite 640
Costa Mesa, California 92626
Telephone:  (714) 966-1000
Facsimile:   (714) 966-1002

Counsel for the Official Committee of Unsecured Creditors of Irwin Naturals and Irwin Naturals Inc.

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re<br><br>IRWIN NATURALS *et al.,*<br><br>Debtors.<br>_____<br><br>Affects:<br><br>☐ IN Holdings, Inc.<br>☐ IN Holdings Canada, Inc.<br>☐ 5310 Holdings, LLC.<br>☐ DAI US HoldCo Inc.<br>☒ All Debtors | Case No. 1:24-bk-11323-VK<br><br>Chapter 11<br><br>Jointly Administered with:<br><br>Case No. 1:24-bk-11324-VK<br>Case No. 1:24-bk-11325-VK<br>Case No. 1:24-bk-11326-VK<br><br>**COMMITTEE'S REPLY IN SUPPORT OF JOINT CHAPTER 11 PLAN OF REORGANIZATION DATED OCTOBER 1, 2025**<br><br>**Hearing:**<br>Date:    November 20, 2025<br>Time:   10:00 a.m.<br>Place:  Courtroom 301<br>           United States Bankruptcy Court<br>           21041 Burbank Blvd<br>           Woodland Hills, CA 91367 |

**TO THE HONORABLE VICTORIA S. KAUFMAN, UNITED STATES BANKRUPTCY JUDGE:**

    The Official Committee of Unsecured Creditors ("Committee") of the bankruptcy estates of IN Holdings, Inc., et al ("Debtors"), files this *Reply in Support of Joint Chapter 11 Plan of Reorganization Dated October 1, 2025* ("Reply") in response to East West

1    REPLY IN SUPPORT OF PLAN

Bank's ("Agent") *Objection* ("Objection", Dkt. 873 *to Debtors' and Committee's Joint Chapter 11 Plan of Reorganization Dated October 1, 2025*) ("Joint Plan", Dkt. 837).

I.  **INTRODUCTION**

The Committee and Debtors filed the Joint Plan and disclosure statement describing such plan on October 1, 2025. The Court approved the disclosure statement by order entered October 2, 2025 [Dkt. 840]. The only objector to the Plan is the Agent. Many of the issues raised in the Agent's Objection were made and dismissed at the disclosure statement hearing. Primarily, the Agent has objected to the Plan on the basis that the Plan, which proposes to pay unsecured creditors in full and is predicated upon the open market auction of the Debtors' supplement business at which the Agent was present and consulted on each bid, was proposed in bad faith.

Concurrent with the filing of this Reply, the Debtors and Committee filed their (A) Confirmation Brief in Support of Joint Chapter 11 Plan of Reorganization and (B) Reply to East West Bank's Objection to Confirmation [Dkt. 882] that responds to numerous of the Agent's issues relating to its prospective claim. The Committee has separately filed this Reply to address certain discrete issues set forth below.

The Objection asserts that Classes 2 and 3 in the Plan are not impaired, or are impermissibly artificially impaired, indicating bad faith of the Plan. In support of this proposition, the Objection cites several out-of-circuit cases after correctly identifying the exact on-point Ninth Circuit opinions that justify the finding that Classes 2 and 3 are in fact permissibly impaired. For the reasons stated in this Reply, as well as the confirmation brief, the Court should overrule the Objection and confirm the Plan.

II.  **THE PLAN IS PROPOSED IN GOOD FAITH PURSUANT TO 11 U.S.C. § 1129(A)(3)**

A.  **Standards for Good Faith in the Ninth Circuit**

11 U.S.C. § 1129(a)(3) requires that the plan be proposed in good faith and not by any means forbidden by law. Courts must determine whether the plan "achieves a result

consistent with the objectives and purposes of the Code." *Garvin v. Cook Investments NW, SPNWY, LLC*, 922 F.3d 1031 fn. 3 (9th Cir. 2019) (quoting *Platinum Capital, Inc. v. Sylmar Plaza, L.P. (In re Sylmar Plaza, L.P.)* 314 F.3d 1070, 1074 (9th Cir. 2002); see also *In re Emmons-Sheepshead Bay Dev. LLC*, 518 B.R. 212, 225 (Bankr. E.D.N.Y. 2014) ("The good faith test speaks more to the process of plan development than to the content of the plan.")). In *Sylmar Plaza*, the Ninth Circuit held that "a creditor's contractual rights [being] adversely affected does not by itself warrant a bad faith finding." *In re Sylmar Plaza, L.P.*, at 1075. Most importantly, "bankruptcy courts should determine a debtor's good faith on a case-by-case basis, taking into account the particular features of each … plan." *Id*. at 1075 (quoting *Goeb v. Heid (In re Goeb)*, 675 F.2d 1386, 1390 (9th Cir. 1982).

The Objection cites the Eighth Circuit case of *In re Windsor on the River Assocs., Ltd*, 7 F.3d 127, 131 (8th Cir. 1993) regarding the purpose of 11 U.S.C. § 1129(a)(3). The Ninth Circuit, on the other hand, found that "[t]he legislative history on § 1129 is sparse and provides little insight into Congress's motives…" *In re The Village at Lakeridge, LLC*, 814 F.3d 993 (9th Cir. 2016) (Clifton J., concurring in part); *see Id*. fn 5 ("As the Fifth Circuit has noted, 'the scant legislative history on § 1129(a)(10) provides virtually no insight as to the provision's intended role.' *In re Vill. at Camp Bowie I, L.P.,* 710 F.3d 239, 246 (5th Cir.2013) (citing National Bankruptcy Conference, *Reforming the Bankruptcy Code: The National Bankruptcy Conference's Code Review Project* 277 (1994) (noting that the legislative history of § 1129(a)(10) 'is murky, shedding little light on its intended role'); Scott F. Norberg, *Debtor Incentives, Agency Costs, and Voting Theory in Chapter* 11, 46 U. Kan. L.Rev. 507, 538 (1998) (noting that "[t]he legislative history ... sheds little light on the rationale for section 1129(a)(10)")).

### B. The Plan is Accepted By the Impaired Classes 2 and 3

The Plan lists a number of impaired classes: Classes 2, 3, 4, 5, 6, and 7. The Ballot declaration filed in support of the Debtors' and Committee's joint confirmation brief indicates that Classes 2 and 3 voted affirmatively in favor of the Plan.

The Objection argues that the impairment of Classes 2 and 3 is indicative of bad faith. *See* Objection, ¶ 82. The Objection appears to admit that Classes 2 and 3 are in fact impaired, and instead argues that such impairment (not being paid on the Effective Date and instead waiting 14 days for payment) is impermissible and indicative of bad faith.

The Objection asserts that an attempt to gerrymander a voting class of creditors is indicative of bad faith, citing *In re Hotel Assocs. of Tucson*, 165 B.R. 470, 475 (9th Cir. BAP 1994), *In re NNN Parkway 400 26, LLC*, 505 B.R. 277, 285 (Bankr. C.D. Cal. 2014), and *In re L & J Anaheim Assocs.*, 995 F.2d 940 (9th Cir. 1993).

In *Hotel Assocs. of Tucson*, a lender argued that "the only reason the [debtor] paid the Class 6 general unsecured creditors 30 days after the effective date was to create an artificially impaired class which would vote for the plan." *In re Hotel Assocs. of Tucson*, 165 B.R. at 474. The lender "maintains that the Debtor had sufficient cash on the effective date to pay Class 6 claims at that time." *Id*. The court found that "[a]lthough it appears that the 30-day wait was employed solely to create a slightly impaired class to vote on the plan, a recent Ninth Circuit Court of Appeals case found a similar action permissible." *Id*. (citing *L & J Anaheim Associates*). The *Hotel Assocs. of Tucson* court ultimately found that the 30 day wait to pay unsecured creditors in full was not necessarily indicative of bad faith, holding that "[w]e do not believe it is the bankruptcy court's role to ask whether alternative payment structures could produce a different scenario in regard to impairment of classes. Denying confirmation on the basis that another type of plan would produce different results would impede desired flexibility for plan proponents and create additional complications to the already complex process of plan confirmation. Moreover, nowhere does the Code require a plan proponent to use all efforts to create unimpaired classes." *Id*. at 475. Finally, the court specifically notes *In re Windsor on the River Associates, Ltd.,*, 7 F.3d 127 (8th Cir. 1993), and declines to follow it, instead favoring and relying upon the reasoning in *L & J Anaheim Associates*. *Id*. at 475.

In *L & J Anaheim Assocs.*, the plan proponent created an impaired consenting class by improving the position of a creditor, Kawaski. *In re L & J Anaheim Associates*,

995 F.2d 940, 942 (9th Cir. 1993). The court acknowledged that unless the plan "leaves unaltered the legal, equitable, and contractual rights" of a creditor, that creditor is impaired, and therefore Kawasaki was impaired despite having an improved position. *Id*. Despite noting in a footnote the possibility of reviewing decisions around impairment through the lens of good faith, the court noted that the bankruptcy specifically found that the improved position of Kawasaki, artificially impairing such creditor, did not rise to the level of bad faith, that the plan was proposed in good faith and that such finding was not clearly erroneous. *Id.* at fn. 2.

The *NNN Parkway 400 26, LLC*, court found that the plan proponent debtor was unable to carry the burden of proving the plan was proposed in good faith based upon very different facts. There, the plan proponent purchased a vehicle that was unnecessary for the business, that the debtor had no place to store, for the sole purpose of paying off over 24 months at a "very competitive interest rate." *In re NNN Parkway 400 26, LLC*, 505 B.R. 277, 285 (Bankr. C.D. Cal. 2014). Under those circumstances, the court found that the debtor abusively used gerrymandering in a fashion incompatible with good faith. *Id*.

None of the relevant circuit cases cited by the Agent stands for the proposition that impairing unsecured creditors by making full payment on a date after the Effective Date of the Plan is even indicative of bad faith. Furthermore, even if such actions were indicative of bad faith, something no Ninth Circuit case cited by the Agent has found, the Court should thereafter take into account the totality of the circumstances surrounding the Plan. The circumstances surrounding the Plan make clear that the Plan has been proposed in good faith through a prolonged process heavily managed and administrated with input and cooperation from not only the Debtors and Committee, but the Agent and various other entities and creditors.

**C.    The Plan Has Been Proposed in Good Faith**

The Objection asserts that the Plan is proposed in bad faith solely due to the impairment of Classes 2 and 3 and because the Agent itself is impaired. The Objection fails to cite any binding Ninth Circuit law holding that impairment of unsecured creditors by

receiving payments after the Effective Date constitutes bad faith, or even is indicative of bad faith. Furthermore, the Ninth Circuit cases cited in the Objection do indicate that a Plan may be proposed in good faith even when it contains a single impaired consenting class that has an improved position. And finally, even if the Objection did provide such authority, it would be limited to a finding that such impairment is indicative of bad faith, not a finding of bad faith.

The Plan proposed by the Debtors and Committee has been part of a significant and lengthy process. The Debtors filed the cases on August 9, 2024. On October 31, 2024, the Debtors filed their initial chapter 11 plan of reorganization. The Committee did not support the initial chapter 11 plan. On December 23, 2024, the Debtors filed their first amended chapter 11 plan. The motion to approve the disclosure statement describing the first amended plan received an objection from FitLife Brands, Inc. In response, the Debtors filed a redlined first amended chapter 11 plan on February 5 and 7, 2025. Both the Agent and FitLife filed additional objections to the amended chapter 11 plan.

On February 19, 2025, FitLife filed a motion to terminate exclusivity. Ultimately, on March 31, 2025, the Court entered an order terminating exclusivity. The same day, the Debtors filed a new amended chapter 11 plan on March 31, 2025. On April 14, 2025, FitLife filed their chapter 11 plan. On April 28, 2025, Robinson Pharma, Inc. filed their chapter 11 plan.

In response to the multiple plans on file, the Debtors obtained all parties' (Committee, FitLife, Robinson Pharma, and the Agent) agreement and consent to run a sales process of the Debtors' supplement business. On June 6, 2025, the Debtors filed a motion to approve bidding procedures. Additionally, on June 9, 2025, the Debtors filed another amended chapter 11 plan. On June 10, 2025, the Debtors filed a stalking horse agreement with FitLife for the purchase of the Debtors' assets. On June 18, 2025, the Court entered an order approving the bidding procedures. According to the bid procedures order, an auction would commence on July 28, 2025, to qualified bidders.

The Debtors received several qualified bidders that appeared at the July 28, 2025, auction to make bids. The Debtors were attended at the auction by both the Committee's counsel and its financial advisors as well as the Agent and its counsel and financial advisor. The auction took place over a number of hours and well into the evening. Each of the bids received was discussed between the Debtors, Committee, and Agent regarding whether it qualified as an overbid. The final bid was made by FitLife and the Debtors, Committee, and Agent agreed that it was the final valid overbid. On July 31, 2025, the Court entered the order approving the sale to FitLife.

The auction was highly successful and resulted in an amount sufficient to pay creditors in full. The Debtors and Committee coordinated to file a joint chapter 11 plan on September 10, 2025. The Plan is the result of a tortured and extensive process by which many entities, including the Agent, had significant input in the direction of the chapter 11 cases. Through this process, the Plan will result in payment to holders of allowed general unsecured claims in full approximately 14 days after the Effective Date. It is clear looking at the totality of the cases that the Plan was proposed in good faith.

Dated:  November 10, 2025                     GOLDEN GOODRICH LLP


                                              By:  /s/ Jeffrey I. Golden
                                                   JEFFREY I. GOLDEN
                                                   RYAN W. BEALL
                                                   Attorneys for the Official Committee of
                                                   Unsecured Creditors of Irwin Naturals
                                                   and Irwin Naturals Inc.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**3070 Bristol St., Suite 640, Costa Mesa, CA 92626**

A true and correct copy of the foregoing document entitled (*specify*):  **COMMITTEE'S REPLY IN SUPPORT OF JOINT CHAPTER 11 PLAN OF REORGANIZATION DATED OCTOBER 1, 2025** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**1.    TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document.  On (*date*) **November 10, 2025**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

[X] Service information continued on attached page

**2.    SERVED BY UNITED STATES MAIL**:
On (*date*) **November 10, 2025**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows.  Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

[X] Service information continued on attached page

**3.    SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served)**:**  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

[ ] Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| November 10, 2025 | David M. Fitzgerald | /s/ David M. Fitzgerald |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                    **F 9013-3.1.PROOF.SERVICE**
1326399.1

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:
Kyra E Andrassy    kandrassy@raineslaw.com, bclark@raineslaw.com;csantiago@raineslaw.com
Jessica L Bagdanov    jbagdanov@bg.law, ecf@bg.law
Ryan W Beall    rbeall@go2.law, kadele@go2.law;dfitzgerald@go2.law;rbeall@ecf.courtdrive.com;cmeeker@go2.law
Anthony Bisconti    tbisconti@bklwlaw.com, 1193516420@filings.docketbird.com,docket@bklwlaw.com
Matthew Bouslog    mbouslog@allenmatkins.com, ncampos@allenmatkins.com
Katherine Bunker    kate.bunker@usdoj.gov
Cynthia M Cohen    ccohen@brownwhitelaw.com
Robert Allen Curtis    rcurtis@foleybezek.com
Erin R. Fay    efay@wsgr.com, lmcgee@wsgr.com
Fred Glass    fglass@fairharborcapital.com
Jeffrey I Golden    jgolden@go2.law, kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;golden.jeffreyi.b117954@notify.bestcase.com
Alphamorlai Lamine Kebeh    MKebeh@allenmatkins.com, mdiaz@allenmatkins.com
Alexandria Lattner    alattner@sheppardmullin.com, ehwalters@sheppardmullin.com
Matthew A Macdonald    matthew.macdonald@wsgr.com
Sina Maghsoudi    sinalegal@gmail.com, g8645@notify.cincompass.com;maghsoudi.sinab128731@notify.bestcase.com
David W. Meadows    david@davidwmeadowslaw.com
Douglas A Plazak    dplazak@rhlaw.com
David M Poitras    dpoitras@bg.law
Terrel Ross    tross@trcmllc.com
Susan K Seflin    sseflin@bg.law
Jonathan Seligmann Shenson    jshenson@greenbergglusker.com, calendar@greenbergglusker.com;cmillerwatkins@greenbergglusker.com;MilanaECF@ggfirm.com
Yuriko M Shikai    yshikai@neufeldmarks.com
Ashley M Teesdale    ateesdale@bg.law, ecf@bg.law
United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov
Ronghua Wang    sophia.wang@afslaw.com, yvonne.li@afslaw.com
Pamela Kohlman Webster    pwebster@buchalter.com, smartin@buchalter.com
Jessica Wellington    jwellington@bg.law, ecf@bg.law

**SERVED BY UNITED STATES MAIL**:
Honorable Vincent P. Zurzolo
United States Bankruptcy Court
Central District of California
255 E. Temple St., Ste 1360/Ctrm 1368
Los Angeles, CA  90012