DAVID M. POITRAS – Bar No. 141309
SUSAN K. SEFLIN - Bar No. 213865
JESSICA S. WELLINGTON - Bar No. 324477
BG LAW LLP
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367
Telephone: (818) 827-9000
Facsimile: (818) 827-9099
Email:  dpoitras@bg.law
  sseflin@bg.law
  jwellington@bg.law

Attorneys for Reorganized Debtors

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re<br><br>IN Holdings *et al.*,<br><br>　　　　　　Debtors and Debtors<br>　　　　　　in Possession.<br><br>☐ Affects IN Holdings, Inc.<br>☐ Affects IN Holdings Canada, Inc.<br>☐ Affects 5310 Holdings, LLC<br>☐ Affects DAI US HoldCo Inc.<br>☒ Affects All Debtors | Case No. 1:24-bk-11323-VK<br><br>Chapter 11<br><br>Jointly Administered With:<br><br>Case No. 1:24-bk-11324-VK<br>Case No. 1:24-bk-11325-VK<br>Case No. 1:24-bk-11326-VK<br><br>**DEBTORS' OBJECTION TO CLAIM 29-1 FILED BY MARIO QUINTERO; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF JOSEPH AXELROD**<br><br>**Hearing:**<br>Date:　　January 21, 2026<br>Time:　　1:30 p.m.<br>Place:　　Courtroom 301<br>　　　　　United States Bankruptcy Court<br>　　　　　21041 Burbank Blvd.<br>　　　　　Woodland Hills, CA 91367 |

3095115

**TO THE HONORABLE VICTORIA S. KAUFMAN, UNITED STATES BANKRUPTCY JUDGE, MARIO QUINTERO, AND OTHER INTERESTED PARTIES:**

IN Holdings, Inc., a Nevada corporation ("IN Nevada"), IN Holding Canada, Inc., a British Columbia Corporation ("IN Canada"), and their related debtor entities (collectively, the "Debtors"), hereby file this objection ("Objection") pursuant to Section[1] 502, Bankruptcy Rule 3007, and Local Bankruptcy Rule 3007-1, for entry of an order disallowing as an equity interest Proof of Claim No. 29-1 ("Claim 29") filed by Mario Quintero ("Quintero") on or about December 10, 2024, in the principal amount of $31,257, for "stock received from sale of company to Irwin."

This Objection is based on the same grounds to the first omnibus objection to claims [Doc. No. 679] (the "First Omnibus Objection"). Claim 29 was inadvertently omitted from the First Omnibus Objection (which was an objection based to claims that were asserting monetary amounts based on the respective claimants' equity interests).

This Motion is based on the grounds that (1) Claim 29 is not supported by sufficient documentation, so it is not entitled to *prima facie* validity, (2) Claim 29 is based on a shareholder interest rather than an actual claim, (3), the Debtors' books and records do not reflect any amount owing to Quintero considering that any consideration owing to Quintero has previously been paid in full, and (4) Claim 29 was filed against IN Nevada (when Quintero is a shareholder of IN Canada).

This Objection based upon the attached Memorandum of Points and Authorities and the Declaration of Joseph Axelrod, as well as all of the pleadings, papers, and exhibits filed in support of the Objection and such other and further evidence as may be provided at any hearing on the Objection.

**WHEREFORE**, the Debtors respectfully request that the Court enter an order:

1. Sustaining the Objection and disallowing Claim 29 in its entirety;

2. Providing that Claim 29 shall be expunged from the official claims register in IN Nevada's bankruptcy case;

---

[1] References to "Section" refer to the Bankruptcy Code (11 U.S.C. §§ 101 et seq.); references to "Bankruptcy Rule" refer to the Federal Rules of Bankruptcy Procedure; and references to "Local Rule" refer to the Local Bankruptcy Rules.

1      3.      Providing that, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, made applicable in contested matters through Bankruptcy Rules 7054 and 9014, the Court's ruling on the Objection shall be treated as a final judgment with respect to Quintero and Claim 29, and determining that there is no just reason for delay in entry of a final judgment on Claim 29 resolved herein; and

       4.      Granting such other and further relief as the Court deems just and proper.

DATED: December 18, 2025                    BG Law LLP


                                            By: /s/ Susan K. Seflin
                                                David M. Poitras
                                                Susan K. Seflin
                                                Jessica S. Wellington
                                            Attorneys for Reorganized Debtors

3095115

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. JURISDICTION AND VENUE

This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this case and this Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicate for the relief sought herein is Section 502 of the Bankruptcy Code.

## II. STATEMENT OF FACTS

### A. General Case Background

On August 9, 2024 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. On August 14, 2024, the Court entered an order authorizing the joint administration of the Debtors' cases [Doc. No. 11].

On August 31, 2024 [Doc. No. 69], the United States Trustee appointed the Official Committee of Unsecured Creditors (the "Committee") in the bankruptcy cases of IN Nevada and IN Holdings Canada, Inc. ("IN Canada").

On November 4, 2024, the Court entered an *Order Setting Bar Date for Filing Proofs of Claim* [Doc. No. 199] (the "Bar Date Order"). Pursuant to the Bar Date Order, the last day for general unsecured creditors of the Debtors to file a proof of claim was December 20, 2024. On November 4, 2024, the Debtors filed a Notice of Bar Date for Filing Proofs of Claim in a Chapter 11 Case [Doc. No. 200] (the "Bar Date Notice"). The Bar Date Notice was served on all creditors [Doc. No. 222].

On June 30, 2025, the Debtors filed their *Motion for Entry of an Order Authorizing and Approving (A) the Sale of Substantially All of the Debtors' Assets Free and Clear of all Liens, Claims, Interests, and Encumbrances (Other Than Those Expressly Assumed by Buyer) Pursuant to 11 U.S.C. sections 363(b) and (f); (B) Assumption and Assignment of Executory Contracts and Unexpired Leases and Determining Cure Amounts; (C) Waiving the 14-Day Stay Periods of Bankruptcy Rules 6004(h) and 6006(d); (D) Determining that Buyer is Entitled to Protection Pursuant to 11 U.S.C. section 363(m); and (E) Granting Related Relief* [Doc. No. 666] (the "Sale Motion") pursuant to which they sought to sell, subject to overbid, their supplement business to

FitLife Brands, Inc. ("FitLife").  On July 31, 2025, the Court entered an order approving the Sale Motion [Doc. No. 740] (the "Sale Order").  Pursuant to the Sale Order, the Debtors' supplement business was sold to FitLife in exchange for payment by FitLife to the Debtors of $42,500,000. The sale to FitLife closed on August 8, 2025 (the "Sale Closing"). The assets acquired by FitLife did not include the Debtors' cash, the Debtors' NOLs, the Debtors' tax refunds, or the Debtors' non-debtor entities and affiliates.

On October 1, 2025, the Debtors and the Committee filed their joint amended chapter 11 plan of reorganization [Doc. No. 838] (as may be amended or modified, the "Plan"), which was confirmed pursuant to Court order entered on December 3, 2025 [Doc. No. 909] (the "Confirmation Order"). The effective date of the Plan was December 5, 2025 [Doc. No. 913]. The Reorganized Debtors have sole authority to file and pursue claim objections as set forth in the Plan.

**B.    The Claim at Issue Herein**

On December 10, 2024, Mario Quintero ("Quintero" or "Claimant") filed Proof of Claim No. 29 ("Claim 29") in IN Nevada's bankruptcy case, Case No. 1:24-bk-11323-VK in the amount of a $31,257 general unsecured claim.  See, **Exhibit 29** attached to the annexed declaration of Joseph Axelrod (the "Axelrod Decl.").  The only evidence attached to Claim 29 is a one-page piece of paper that appears to be the first page of a document titled "Membership Interest Purchase Agreement" dated April 17, 2022 (the "Purchase Agreement") between IN Canada's non-debtor subsidiary Irwin Naturals Emergence, Inc. ("Irwin Emergence"), and various other entities and individuals, including Quintero. The portion of the document attached does not reflect any monetary amount to be paid by the Debtors to the Claimant under the agreement, and does not even include the description of the actual consideration that was due which consisted of the issuance of various shares and the assumption or payoff of existing indebtedness, which was provided to Quintero and the other parties to the transaction. There is no evidence attached to Claim 29 that would entitle Quintero to a claim against any of the Debtors.

The Debtors' books and records reflect that all consideration owing under the Purchase Agreement has been paid. Specifically, 142 Proportionate Voting Shares (PVS), and 8 Subordinate Voting Shares (SVS) were issued to Quintero as agreed to in the Purchase Agreement. An amended

2

version of the Purchase Agreement contains an earnout provision whereby Quintero would receive a true-up of stock consideration in 2024 based upon the delta between the purchased companies' EBITDA in 2022 and 2023. Based upon the Debtor's books and records, the 2023 EBITDA of the purchased entities was negative, so no additional shares were owed to true-up the stock consideration in 2024. *See* Axelrod Decl., ¶ 9.

The Debtors' books and records reflect that Quintero is a current equity holder of IN Canada and he is listed as an equity security holder in IN Canada's List of Equity Security Holders for IN Canada filed on September 23, 2024, as Doc. No. 17 in Case No. 1:24-bk-11324-VK. Quintero is listed as an equity security holder described as holding 142 Proportionate Voting Shares (PVS), and 8 Subordinate Voting Shares (SVS), which is what he was entitled to under the Purchase Agreement.

The Debtors' records reflect that the Claimants do not hold any equity security interest in IN Nevada. Axelrod Decl. ¶¶ 10-11.

### III.    RELIEF REQUESTED

The Debtors seek an order disallowing Claim 29 in its entirety as Quintero is not entitled to a claim against the Debtors or their estates. Quintero is a shareholder of IN Canada yet asserts a general unsecured claim against IN Nevada via his Claim 29. Claim 29's sole supporting evidence is the first page of the Purchase Agreement, which agreement entitles Quintero to the shares that he actually received. Moreover, the Debtors' books and records reflect that all consideration owed by the Debtors to Quintero has been paid in full.

### IV.    ARGUMENT

#### A.    Legal Standard

Bankruptcy Rule 3001(f) provides that a "proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." It is well established in the Ninth Circuit that the initial burden of persuasion for establishing the validity and amount of a proof of claim is upon the claimant. *Ashford v. Consolidated Pioneer Mortgage* (*In re Consolidated Pioneer Mortgage*), 178 B.R. 222 (9th Cir. BAP 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996) (a proof of claim must have a writing attached and include supporting documentation to

qualify for presumptive validity). However, the prima facie validity of a claim does not attach unless the claim sets forth the facts necessary to support the claim. *Id.* at 226.

Section 502 authorizes a "party in interest," such as the Debtors, to object to claims. 11 U.S.C. § 502(a). Once the objector raises "facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves," then the burden reverts to the claimant to prove the validity of the claim by a preponderance of evidence. *Wright v. Holm (In re Holm),* 931 F.2d 620, 623 (9th Cir. 1991); *In re Consolidated Pioneer Mortgage*, 178 B.R. at 226. Indeed, the ultimate burden of persuasion is always on the claimant. *In re Holm*, 931 F.2d at 623; *see also In re Heath*, 331 B.R. 424 (9th Cir. BAP 2005) (explaining that a claim that fails to attach supporting documentation is not entitled to be considered as prima facie evidence of validity and amount of claim).

"If the creditor does not provide information or is unable to support its claim, then that in itself may raise an evidentiary basis to object to the unsupported aspects of the claim, or even a basis for evidentiary sanctions, thereby coming within Section 502(b)'s grounds to disallow the claim." *In re Heath*, 331 B.R. 424, 437 (B.A.P. 9th Cir. 2005).

Section 502(b)(1) requires disallowance of a claim if "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured. . ." 11 U.S.C. § 502(b)(1). The "applicable law" referenced in Section 502(b)(1) includes bankruptcy law as well as other federal and state laws. *See Cavaliere v. Sapir*, 208 B.R. 784, 786-787 (D. Conn. 1997) (providing that "applicable law" includes bankruptcy law). A debtor is therefore allowed to raise any federal or state law defenses to a claim. *See In re G.I. Industries, Inc.*, 204 F.3d 1276, 1281 (9th Cir. 2000) (stating that a claim cannot be allowed under Section 502(b)(1) if it is unenforceable under nonbankruptcy law); *Johnson v. Righetti*, 756 F.2d 738, 741 (9th Cir. 1985) (finding that the validity of the claim may be determined under state law); *In re Eastview Estates II*, 713 F.2d 443, 447 (9th Cir. 1983) (applying California law).

When an equity security holder files a proof of claim based solely on its interest in the debtor, the proof of claim may be disallowed as duplicative of the proof of interest. *See In re USA*

4

*Com. Mortg. Co.*, 377 B.R. 608, 615 (B.A.P. 9th Cir. 2007) ("It is axiomatic that an allowed proof of claim requires something more than mere equity ownership."); *In re Lehman Bros. Holdings Inc.*, 855 F.3d 459, 469–70 (2d Cir. 2017). In contrast, if the proof of claim is based on something more than "mere ownership" then the claim is not duplicative of the equity holder's proof of interest and could be allowed separately from the proof of interest. *See In re USA Com. Mortg. Co.*, 377 B.R. at 615; *In re Lehman Bros. Holdings Inc.*, 855 F.3d at 470.

### B.    Claim 29 Should be Disallowed

First, Claim 29 is not entitled to prima facie validity because it does not contain sufficient evidence to establish that Quintero is owed any amount whatsoever. While Claim 29 asserts a monetary amount of $31,257, the description of the basis for the claim and the Purchase Agreement both reflect that the Debtors owed Quintero stock as consideration, not the payment of money. The attached Purchase Agreement is incomplete but even if it were complete, it does not entitle Quintero to any claim against the Debtors or their estates. Quintero has failed to provide any evidence that the Debtors did not fully perform under the Purchase Agreement, and the Debtors' books and records reflect that the Debtors did comply with the terms of the Purchase Agreement and that is why Quintero now holds an equity interest in IN Canada.

Second, the Debtors' books and records include the full Purchase Agreement as well as the Amended Purchase Agreement, which reflect that all obligations of the Debtors arising from the Purchase Agreement have been satisfied. *See* Axelrod Decl. ¶¶ 6-8. Indeed, the Debtors' records show that Quintero was issued and still owns the shares that were issued under the Purchase Agreement.

Finally, and as noted, Claim 29 appears to be based solely on Quintero's equity interests in IN Canada and the Debtors request that Claim 29 be disallowed in its entirety.

### V.    RESERVATION OF RIGHTS

The Debtors specifically reserve the right to amend this Objection, file additional papers in support of this Objection or take other appropriate actions, including, *inter alia,* to: (a) respond to any allegation or defense that may be raised in a response filed by or on behalf of Quintero or other interested parties; (b) object further to Claim 29 if additional documentation or substantiation is

3095115

provided; and (c) object further to Claim 29 based on additional information that may be discovered upon further review by the Debtors or through discovery pursuant to the Bankruptcy Rules.

## VI. NOTICE

The Debtors will serve copies of this Objection upon Quintero at the addresses listed on Claim 29.

## VII. CONCLUSION

**WHEREFORE,** the Debtors respectfully request that the Court enter an order:

1. Sustaining the Objection and disallowing Claim 29 in its entirety;

2. Providing that Claim 29 shall be expunged from the official claims register in IN Nevada's bankruptcy case;

3. Providing that, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, made applicable in contested matters through Bankruptcy Rules 7054 and 9014, the Court's ruling on the Objection shall be treated as a final judgment with respect to Quintero and Claim 29, and determining that there is no just reason for delay in entry of a final judgment on Claim 29 resolved herein; and

4. Granting such other and further relief as the Court deems just and proper.

DATED:  December 18, 2025          BG Law LLP

By:  /s/ Susan K. Seflin
    David M. Poitras
    Susan K. Seflin
    Jessica S. Wellington
Attorneys for Reorganized Debtors

# DECLARATION OF JOSEPH AXELROD

I, Joseph Axelrod, declare:

1. I am an attorney duly licensed to practice in the State of California. I serve as general counsel for the Debtors and am authorized to make this declaration on behalf of the Debtors. I have personal knowledge of the facts contained in this declaration and if called as a witness, would and could competently thereto under oath.

2. I make this declaration in support of the Objection to which it is appended. All initial capitalized terms used but not defined herein have the same meanings ascribed to them in the Objection. I have read the Objection carefully and agree with the facts set forth therein.

3. Attached as **Exhibit 29** is a true and correct copy of Proof of Claim No. 29-1 ("Claim 29"), filed by Mario Quintero, on or about December 10, 2024.

4. Claim 29 attaches the first page of an agreement titled "Membership Interest Purchase Agreement," dated April 17, 2022 ("Purchase Agreement").

5. The Purchase Agreement was later amended in writing (the "Amended Purchase Agreement").

6. Based on my review of the Debtors' books and records, and my recollection of the transaction memorialized in the Purchase Agreement and Amended Purchase Agreement, all of the consideration from the Debtors due under these agreements have been fully satisfied. Specifically, 142 Proportionate Voting Shares (PVS), and 8 Subordinate Voting Shares (SVS) were issued to Quintero as agreed upon in the Purchase Agreement. The Debtors also assumed Quintero's debts, as described in the Purchase Agreement and listed in its Schedule 3.17.

7. In addition, based on my review of the Debtors' books and records, no additional amount was owed to Quintero pursuant to the earnout provision in the Amended Purchase Agreement; the 2023 EBITDA of the purchased entities was negative, so no additional amounts were owed to true-up the stock consideration in 2024.

8. Quintero is a current equity holder of IN Canada. Quintero is scheduled on the List of Equity Security Holders for IN Canada filed on September 23, 2024, as Doc. No. 17 in Case No. 1:24-bk-11324-VK.

9. The Debtors' books and records reflect that Quintero does not hold any equity security interest in IN Nevada.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 18th day of December, 2025, at Los Angeles, California.

_____
Joseph Axelrod

# EXHIBIT 29

UNITED STATES BANKRUPTCY COURT CENTRAL DISTRICT OF CALIFORNIA

Fill in the information to identify the case (Select only one Debtor per form):

- [x] Irwin Naturals (Case No. 24-11323)
- [ ] Irwin Naturals, Inc. (Case No. 24-11324)
- [ ] 5310 Holdings, LLC (Case No. 24-11325)
- [ ] DAI US HoldCo, Inc. (Case No. 24-11326)

FILED
NOV 10 2024
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

Official Form 410

# Proof of Claim

04/22

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1:  Identify the Claim

**1. Who is the current creditor?**

Name of the current creditor (the person or entity to be paid for this claim) **Mario Quintero**

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**
- [x] No
- [ ] Yes   From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Mario Quintero
Name
1731 SW 87 ave
Number    Street
Miami        Fl    33165
City         State     ZIP Code

Contact Phone 305 609 7333
Contact email mquin121@gmail.com

Where should payments to the creditor be sent? (if different)

Mario Quintero
Name
1731 SW 87 avenue
Number    Street
Miami     Fl   33165
City       State    ZIP Code

Contact Phone 305 609 7333
Contact email mquin121@gmail.com

Uniform claim identifier for electronic payments in chapter 13 (if you use one) _____

**4. Does this claim amend one already filed?**
- [x] No
- [ ] Yes   Claim Number on court claims registry (if known) _____   Filed On _____ MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**
- [x] No
- [ ] Yes   Who made the earlier filing? _____

Official Form 410                                Proof of Claim                                Page 1

**Exhibit 29_001**

**Part 2:** Give Information About the Claim as of the Date the Case Was Filed

6. Do you have any number you use to identify the debtor?
   - [x] No
   - [ ] Yes  Last 4 digits of the debtor's account or any number you use to identify the debtor: _____

7. How much is the claim? $ 31,257   Does this amount include interest or other charges?
   - [ ] No
   - [ ] Yes  Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

8. What is the basis of the claim?
   Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.
   Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).
   Limit disclosing information that is entitled to privacy, such as health care information
   
   Stock received from sale of company to irwin

9. Is all or part of the claim secured?
   - [x] No
   - [ ] Yes  The claim is secured by a lien on property
   
   **Nature of property:**
   - [ ] Real Estate  If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*
   - [ ] Motor Vehicle
   - [ ] Other  Describe: _____
   
   **Basis for perfection:** _____
   Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.
   
   **Value of Property:** $ _____
   **Amount of the claim that is secured:** $ _____
   **Amount of the claim that is unsecured:** $ _____  (The sum of the secured and unsecured amounts should match the amount in line 7).
   
   **Amount necessary to cure any default as of the date of the petition:** $ _____
   
   **Annual Interest Rate:** (when case was filed) _____ %
   - [ ] Fixed
   - [ ] Variable

10. Is this claim based on a lease?
    - [x] No
    - [ ] Yes  Amount necessary to cure any default as of the date of the petition. $ _____

11. Is this claim subject to a right of setoff?
    - [x] No
    - [ ] Yes  Identify the property: _____

Official Form 410   Proof of Claim   Page 2

**Exhibit 29_002**

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?<br><br>A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☒ No<br>☐ Yes  *Check all that apply* | Amount entitled to priority |
|---|---|---|
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ _____ |
| | ☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ _____ |
| | ☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ _____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ _____ |
| | ☐ Contributions to an employee benefit plan 11 U.S.C. § 507(a)(5). | $ _____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(\_\_\_) that applies. | $ _____ |

\* Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment.

## Part 3:  Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.
18 U.S.C. §§ 152, 157, and 3571.

*Check the appropriate box:*

☒ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am the guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowlegment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  12/05/2024
                  MM / DD / YYYY

Signature: *(signed)*

Print the name of the person who is completing and signing this claim:

Name   Mario                          Quintero
       First Name      Middle Name    Last Name

Title  _____

Company _____
        Identify the corporate servicer as the company if the authorized agent is a servicer.

Address  1731  SW  87 avenue
         Number  Street
         Miami              Fl    33165
         City               State ZIP Code

Contact Phone _____    Email _____

Official Form 410                    Proof of Claim                    Page 3

**Exhibit 29_003**

DocuSign Envelope ID: C5CAB29C-5E9A-4AC0-94CF-16845DC1CB55
Case 1:24-bk-13223/KK Doc 225 Filed 12/10/25 Entered 12/08/25 13:41 Page 4 of 4
Main Document    Page 16 of 18

*Executable*

# MEMBERSHIP INTEREST PURCHASE AGREEMENT

THIS MEMBERSHIP INTEREST PURCHASE AGREEMENT (this "Agreement"), is entered into and made on April 17, 2022 (the "Effective Date") by and among Irwin Naturals Inc. (the "Parent"), a British Columbia corporation and Irwin Naturals Emergence, Inc., a Nevada corporation (the "Purchaser"), KHC Capital Group, LLC, a Florida limited liability company ("KCG"), Ketamine Health Centers, LLC, a Florida limited liability company ("KHC"), Ketamine Management, LLC, a Florida limited liability company ("KM"), Ketamine Health Centers of Weston, LLC, a Florida limited liability company ("KHC Weston"), Ketamine Health Centers of West Palm Beach, LLC, a Florida limited liability company ("KHC WPB"), Ketamine Health Centers of Orlando, LLC, a Florida limited liability company ("KHC Orlando"), Ketamine Health Centers, LLC of Bonita Springs, a Florida limited liability company ("KHC Bonita"; collectively with KCG, KHC, KM, KHC Weston, KHC WPB, and KHC Orlando, "the "Company"), and Dennis Diaz ("Diaz"), Michael Tomas ("Tomas"), Raul Cruz ("Cruz"), Jason Altman ("Altman"), Jason Wigley ("Wigley"), Javier Lopez ("Lopez"), Western Bridge Capital, LLC, a Florida limited liability company ("WBC"), Mario Quintero ("Quintero"), Alex Quinones ("Quinones"), Juan Ojeda ("Ojeda"), David Riesco ("Riesco"), Sandadi Medical Consultants, LLC, a Florida limited liability company ("SMC"), and Kelley Anesthesia, LLC, a Florida limited liability company ("Kelley", KHC, Diaz, Tomas, Cruz, Altman, Wigley, Lopez, WBC, Quintero, Quinones, Ojeda, Riesco, and SMC and collectively with Company, the "Seller" or "Seller Parties"). Seller Parties, Parent, and Purchaser are each a "Party" and collectively, the "Parties".

## RECITALS:

WHEREAS, Diaz, Tomas, Cruz, and Altman (collectively, the "KCG Members") own all of the membership interest of KCG (the "KCG Membership Interest").

WHEREAS, KCG owns all of the membership interest of KM (the "KM Membership Interest").

WHEREAS, KCG owns all of the membership interest of KHC (the "Miami Membership Interest").

WHEREAS, Wigley, Lopez, WBC, Quintero, Quinones (the "Weston Members"), and KCG own all of the membership interest in KHC Weston (the "Weston Membership Interest").

WHEREAS, Ojeda, WBC, Quintero (the "WPB Members"), and KCG own all of the membership interest in KHC WPB (the "WPB Membership Interest").

WHEREAS, Ojeda, Riesco (the "Orlando Members"), and KCG own all of the membership interest in KHC Orlando (the "Orlando Membership Interest").

WHEREAS, SMC, Kelley (the "Bonita Members"), and KCG own all of the membership interest in KHC Bonita (the "Bonita Interest"; collectively with the KCG Membership Interest, KM Membership Interest, Miami Membership Interest, Weston Membership Interest, WPB Membership Interest, and Orlando Membership Interest, the "Membership Interest").

WHEREAS, the KCG Members, Weston Members, WPB Members, Orlando Members, and Bonita Members (each a "Member" and collectively, the "Members") collectively desire and intend to sell the Membership Interest to Purchaser at the price and on the terms and subject to the condition set forth below.

Exhibit 29_004

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: **21650 Oxnard Street, Suite 500, Woodland Hills, CA 91367**.

A true and correct copy of the document(s) entitled: **DEBTORS' OBJECTION TO CLAIM 29-1 FILED BY MARIO QUINTERO; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF JOSEPH AXELROD** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the document(s) were served by the court via NEF and hyperlink to the document. On **December 18, 2025,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Kyra E Andrassy    kandrassy@raineslaw.com, bclark@raineslaw.com;csantiago@raineslaw.com
- Jessica L Bagdanov    jbagdanov@bg.law, ecf@bg.law
- Ryan W Beall    rbeall@go2.law, kadele@go2.law;dfitzgerald@go2.law;rbeall@ecf.courtdrive.com;cmeeker@go2.law
- Anthony Bisconti    tbisconti@bklwlaw.com, 1193516420@filings.docketbird.com,docket@bklwlaw.com
- Matthew Bouslog    mbouslog@allenmatkins.com, ncampos@allenmatkins.com
- Katherine Bunker    kate.bunker@usdoj.gov
- Cynthia M Cohen    ccohen@brownwhitelaw.com
- Robert Allen Curtis    rcurtis@foleybezek.com
- Erin R. Fay    efay@wsgr.com, lmcgee@wsgr.com
- Evelina Gentry    evelina.gentry@akerman.com, rob.diwa@akerman.com;reyko.delpino@akerman.com
- Fred Glass    fglass@fairharborcapital.com
- Jeffrey I Golden    jgolden@go2.law, kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;golden.jeffreyi.b117954@notify.bestcase.com
- Alphamorlai Lamine Kebeh    MKebeh@allenmatkins.com, mdiaz@allenmatkins.com
- Alexandria Lattner    alattner@sheppardmullin.com, ehwalters@sheppardmullin.com
- Matthew A Macdonald    matthew.macdonald@wsgr.com
- Sina Maghsoudi    sinalegal@gmail.com, g8645@notify.cincompass.com;maghsoudi.sinab128731@notify.bestcase.com
- David W. Meadows    david@davidwmeadowslaw.com
- Douglas A Plazak    dplazak@rhlaw.com
- David M Poitras    dpoitras@bg.law
- Terrel Ross    tross@trcmllc.com
- Susan K Seflin    sseflin@bg.law
- Jonathan Seligmann Shenson    jshenson@greenbergglusker.com, calendar@greenbergglusker.com;cmillerwatkins@greenbergglusker.com;MilanaECF@ggfirm.com
- Yuriko M Shikai    yshikai@neufeldmarks.com
- Ashley M Teesdale    ateesdale@bg.law, ecf@bg.law
- United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov
- Ronghua Wang    sophia.wang@afslaw.com, yvonne.li@afslaw.com
- Pamela Kohlman Webster    pwebster@buchalter.com, smartin@buchalter.com
- Jessica Wellington    jwellington@bg.law, ecf@bg.law

☐    Service information continued on attached page

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**

**2. SERVED BY UNITED STATES MAIL**: On **December 18, 2025,** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Served by Regular Mail:**

Honorable Victoria S. Kaufman
United States Bankruptcy Court
Central District of California
21041 Burbank Boulevard, Suite 354 / Courtroom 301
Woodland Hills, CA 91367

**Proof of Claim No. 29-1**
Mario Quintero
1731 SW 87 Ave.
Miami, FL 33165

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **_____, 2025,** I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| December 18, 2025 | Jessica Studley | /s/ Jessica Studley |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                    **F 9013-3.1.PROOF.SERVICE**