DAVID M. POITRAS – Bar No. 141309
SUSAN K. SEFLIN - Bar No. 213865
JESSICA S. WELLINGTON - Bar No. 324477
BG LAW LLP
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367
Telephone: (818) 827-9000
Facsimile:  (818) 827-9099
Email:    dpoitras@bg.law
          sseflin@bg.law
          jwellington@bg.law

Attorneys for Chapter 11 Debtors

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re<br><br>IN Holdings, Inc., *et al.*,<br><br>　　　　　Reorganized Debtors. | Case No. 1:24-bk-11323-VK<br><br>Chapter 11<br><br>Jointly Administered With:<br><br>Case No. 1:24-bk-11324-VK<br>Case No. 1:24-bk-11325-VK<br>Case No. 1:24-bk-11326-VK |
| ☐ Affects IN Holdings, Inc.<br><br>☐ Affects IN Holdings Canada, Inc.<br><br>☐ Affects 5310 Holdings, LLC<br><br>☐ Affects DAI US HoldCo Inc.<br><br>☒ Affects All Debtors | **NOTICE OF EMERGENCY MOTION AND EMERGENCY MOTION FOR ENTRY OF AN ORDER AUTHORIZING BG LAW LLP TO WITHDRAW AS DEBTORS' COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF DAVID M. POITRAS IN SUPPORT THEREOF**<br><br>[Application for Order Shortening Time Filed Concurrently Herewith]<br><br>**Hearing:**<br>Date: [TBD]<br>Time: [TBD]<br>Place: Courtroom 301<br>　　　United States Bankruptcy Court<br>　　　21041 Burbank Blvd.<br>　　　Woodland Hills, CA 91367<br>　　　 Via ZoomGov |

1

**TO THE HONORABLE VICTORIA S. KAUFMAN, UNITED STATES BANKRUPTCY JUDGE, THE DEBTORS, KLEE IRWIN, AND PARTIES IN INTEREST:**

**PLEASE TAKE NOTICE** that a hearing will be held on _____, 2026 at _____ _.m. before the Honorable Victoria S. Kaufman, United States Bankruptcy Judge, for the Court to consider the *Emergency Motion for Entry of an Order Authorizing BG Law LLP to Withdraw as Debtors' Counsel; Memorandum of Points and Authorities; and Declaration of David M. Poitras in Support Thereof* (the "Withdrawal Motion"). By the Withdrawal Motion, BG Law LLP ("BG Law") seeks the entry of an order of the Bankruptcy Court: (i) authorizing the withdrawal of BG Law as bankruptcy counsel for debtors IN Holdings, Inc., IN Holdings Canada, Inc., 5310 Holdings, LLC and DAI US HoldCo Inc. (collectively referred to hereinafter as the "Debtors" or the "Reorganized Debtors") in these jointly administered bankruptcy cases (the "Cases"), and (ii) terminating BG Law's employment in these Cases. The Withdrawal Motion is being brought on an emergency basis pursuant to Local Bankruptcy Rule 9075-1(a).

**PLEASE TAKE FURTHER NOTICE** that if you wish to object to the relief sought by the Withdrawal Motion, you must appear at the hearing set by the Court on the Withdrawal Motion. Opposition, if any, may be filed before the hearing, presented orally at the hearing on the Withdrawal Motion, [or as otherwise ordered by the Court]. Any party's failure to timely object to the Withdrawal Motion may be deemed by the Court to constitute consent to the relief sought in the Withdrawal Motion.

**PLEASE TAKE FURTHER NOTICE** that the Withdrawal Motion is based on this notice of motion, the motion, the memorandum of points and authorities in support of the motion, and the declaration of David M. Poitras in support thereof, and the arguments of counsel at the hearing and any other admissible evidence property brought before the Court at or before the hearing on the motion. The Withdrawal Motion is filed in accordance with Local Bankruptcy Rules 2091-1, 9075-1(a) and the California Rules of Professional Conduct.

**WHEREFORE,** BG Law respectfully requests that this Court enter an order granting the Withdrawal Motion in its entirety, authorizing the withdrawal of BG Law as bankruptcy counsel for the Debtors in the Cases, and terminating BG Law's employment in these Cases.

Respectfully submitted,

DATED: March 2, 2026                BG Law LLP


By: /s/ David M. Poitras
    David M. Poitras
    Susan K. Seflin
    Jessica S. Wellington
   Attorneys for Chapter 11 Debtors

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

For the reasons set forth below, BG Law has been compelled to bring this Withdrawal Motion, pursuant to the California Rules of Professional Conduct (the "Rules"), the advice of counsel, and Local Bankruptcy Rule 2091-1,[1] as there now exists an irreconcilable breakdown in the attorney-client relationship between BG Law and the Debtors.

Due to the current circumstances in the Cases, it is no longer possible for BG Law to represent the Debtors in these Cases, in any capacity.

Based on the grounds stated herein and in the declaration of David M. Poitras (the "Poitras Decl."), BG Law respectfully requests that the Court enter an order authorizing BG Law's withdrawal as counsel for the Debtors in these Cases and terminating BG Law's employment in these Cases on the earliest possible date.

**II. RELEVANT BACKGROUND**

**A. Procedural History.**

On September 6, 2024, the Debtors filed their *Application to Employ BG Law LLP as Their Substitute Bankruptcy Counsel and Request for Post-Petition Retainer* (the "BG Law Employment Application"). The BG Law Employment Application was approved by the Court by order entered September 25, 2024 [Doc. No. 109] (the "BG Law Employment Order"). The BG Law Employment Order was effective as of August 13, 2024.

The Cases were ordered jointly administered by order entered August 14, 2024 [Doc. No. 11].

On December 3, 2025, the Court entered its *Findings of Fact and Conclusions of Law, and Order Confirming the Debtors' and Committee's Joint Chapter 11 Plan of Reorganization Dated October 1, 2025* [Doc. No. 909] (the "Confirmation Order"). Pursuant to the Confirmation Order,

---

[1] Unless otherwise indicated, all chapter, section and rule references herein are to the Bankruptcy Code, 11 U.S.C. sections 101-1532 (the "Bankruptcy Code"), the Federal Rules of Bankruptcy Procedure ("FRBP"), Rules 1001-9037 and the Local Bankruptcy Rules for the Central District of California ("LBR"). BG Law requests that the Court take judicial notice of the pleadings and documents filed in this case, pursuant to FRBP 9017 and Federal Rule of Evidence 201.

4

the effective date of the *Debtors' and Committee's Joint Chapter 11 Plan of Reorganization Dated October 1, 2025* [Doc. No. 837] (the "Plan") was December 5, 2025, and professional fee applications were due within 30 days of the effective date, *i.e.,* January 5, 2026.

Based on the Joint Plan and the Confirmation Order, BG Law (and other professionals) timely filed its final fee application on January 5, 2026 [Doc. No. 945] (the "BG Law Final Fee Application"). The hearing on the BG Law Fee Final Application (and the fee applications filed by other professionals) was initially set for February 4, 2026, and pursuant to the Local Bankruptcy Rules, any objections to the BG Law Final Fee Application (and the fee applications filed by other professionals) were due January 21, 2026.

On or about January 6, 2026, BG Law was advised that the Debtors had retained Offit Kurman, P.C. ("Offit") as its special litigation counsel.

On or about January 15, 2026, Offit contacted BG Law and requested a 30-day continuance of the January 21, 2026 deadline to object to the BG Final Fee Application and advised that it was seeking a similar extension of the fee objection deadline from certain other professionals (*e.g.,* Province, LLC ("Province"), Brown White & Osborn LLP ("Brown White"), Golden Goodrich LLP ("Golden") and Force Ten LLC ("Force Ten"). As a professional courtesy, BG Law, Province, Brown White and Golden agreed to continue the January 21, 2026 fee objection deadline for three weeks, until February 11, 2026. *See, Stipulation to Continue Hearings on Certain Final Fee Applications* [Doc. No. 984] (the "Stipulation"). The Stipulation was approved by an order of this Court entered January 27, 2026 [Doc. No. 985] (the "Fee Objection Extension Order") and the fee objection deadline was extended to February 11, 2026, and the hearing(s) on the various fee applications was continued to February 25, 2026.[2]

On February 11, 2026, the Debtors filed the *Reorganized Debtors' Emergency Motion to Enlarge Time to Respond to Professional Fee Applications and Continuance of Hearings re the Same; Declaration of Klee Irwin in Support Thereof* [Doc. No. 1022] (the "Emergency Motion"). The Emergency Motion was filed by the Debtors' special counsel Offit. By the Emergency Motion,

---

[2] Force Ten was not a party to the Stipulation. The hearing on the Force Ten fee application was continued by the Court by a separate tentative ruling to the February 25, 2026 hearing date.

5

the Debtors sought to extend the February 11, 2026 deadline to file objections to the pending fee applications for thirty days and to continue the February 25, 2026 hearing date on the pending fee applications to Court's the next available hearing date that was at least fourteen days after the requested extended objection deadline. The Court set a hearing on the Emergency Motion for February 19, 2026 at 1:00 p.m. At the hearing on the Emergency Motion, Offit appeared and advised the Court that it was withdrawing from representing the Debtors. The Court then held an *in camera* conference with Offit and Klee Irwin, the Debtors' chairman, chief executive officer and 99.5% shareholder ("Mr. Irwin") to discuss Offit's proffered withdrawal. The Court then advised the parties that it was denying the Emergency Motion but advised Mr. Irwin that the Court *may* consider any pleadings he may wish to file in response to the pending fee applications, in his individual capacity, so long as such pleadings were filed on or before Noon on February 23, 2026. The *Order on Reorganized Debtors' Emergency Motion to Enlarge Time to Respond to Professional Fee Applications and Continuance of Hearings re the Same* was entered on February 20, 2026 [Doc. No. 1051].

On February 23, 2026, among other pleadings filed by Mr. Irwin concerning the various fee applications, Mr. Irwin filed with the Court that certain *Memorandum in Support of Objection to Final Fee Application of BG Law LLP* [Doc. No. 1062] (the "BG Law Fee Objection") and the *Declaration of Klee Irwin in Support of Objections to Final Fee Applications of ECF Nos. 938, 942, 944, 945, 1003* [Doc. No. 1063] (the "Klee Irwin Fee Objection Declaration"). In response to the BG Law Fee Objection, the Klee Irwin Fee Objection Declaration, and the other pleadings filed by Mr. Irwin in response to the pending fee applications, the Court continued the hearing on the BG Law Final Fee Application (and the other pending fee applications) to March 24, 2026, and ordered that any reply(s) to the various pleadings filed by Mr. Irwin were due March 10. 2026.

As set forth herein, based upon: (i) the allegations set forth in the BG Law Fee Objection and the Klee Irwin Fee Objection Declaration, (ii) the California Rules of Professional Conduct, and (iii) the advice of outside counsel, BG Law is compelled to withdraw from representing the Debtors, as there now exists an irreconcilable breakdown of the attorney-client relationship between the Debtors, Mr. Irwin and BG Law.

**B.  Status of Bankruptcy Related Matters.**

The following matters are presently pending in the Bankruptcy Case, for which BG Law is unable to effectively represent the Reorganized Debtors, for which the Reorganized Debtors will need to retain counsel other than BG Law:

- The fee applications filed by BG Law, Province, LLC, Brown White & Osborn LLP, Golden Goodrich, LLP and Force Ten Partners LLC (collectively, the "Fee Applications"), which Fee Applications are currently set for hearing on March 24, 2026 at 10:30 a.m.

- STS Capital Partners M&A Advisers Inc.'s ("STS") Amended Motion to Compel Payment of Professional Fees and Award of Attorneys' Fees (the "STS Motion"). The hearing on the STS Motion is currently scheduled for March 25, 2026 at 1:30 p.m. The deadline to file opposition to the STS Motion is March 11, 2026. BG Law was previously advised that the Reorganized Debtors had retained Offit Kurman LLP ("Offit") to represent them in connection with the STS Motion and all matters relating to the allowance or disallowance of the fees sought by STS. BG Law was directed not to perform any services relating to the STS fee matters, including, but not limited to, the STS Motion.

- The time to file any appeal of the Order Granting Motion of Hybrid Financial Ltd. for Entry of an Order Allowing its Proof of Claim as Timely Filed (the "Hybrid Motion" or "Hybrid Order" as applicable). The Hybrid Order was entered February 23, 2026 and the deadline to file any appeal of the Hybrid Order is March 9, 2026. Offit is the Reorganized Debtors' counsel of record concerning the Hybrid Motion and Order.

- The Bankruptcy Court has scheduled a post-confirmation status conference for April 15, 2026 at 1:00 p.m. for which a post-confirmation status report is due to be filed by the Reorganized Debtors with the Bankruptcy Court on or before April 1, 2026. Per the Confirmation Order, the status report shall summarize the progress made toward consummation of the Plan. *See*, Confirmation Order at pages 26-27, pars. 30-31.

- Pursuant to par. 32 of the Confirmation Order, "[a]fter the Effective Date [December 5, 2025], the Reorganized Debtors, the Plan Distribution Trustee and any other authorized parties who have been charged with administering the Plan must each complete and file a post-confirmation report of the financial condition and status of operations for each calendar quarter using UST Form 11-PCR until the earlier of: (1) the entry of final decrees; (2) the conversion of the cases to cases under another chapter; or (3) the dismissal of the cases."

- Pursuant to par. 37 of the Confirmation Order, the deadline for filing objections to claims is 270 days following the [December 5, 2025] Effective Date, which deadline may be extended by the Bankruptcy Court upon motion of any party in interest for cause. Potential objections to claims include, but are not necessarily limited to, the claims filed by East West Bank ("EWB") and STS. As set forth above, BG Law was previously advised that the Reorganized Debtors had retained Offit to represent them in connection with any objection to the fees sought by STS and with respect to any EWB claims. BG Law has been directed not to perform any services regarding claims filed or asserted by STS and/or EWB. There are also other objections to claims that the Reorganized Debtors have informed BG Law and the Distribution Trustee that they intend on pursuing, and other various administrative matters that arise in these cases that need to be addressed.

On February 26, 2026, BG Law sent a letter (the "Letter") to the Debtors, through Mr. Irwin, advising them that BG Law would be filing an emergency motion to withdraw as counsel for the Debtors based on the California Rules of Professional Conduct and the advice of outside counsel due to the existence of an irreconcilable breakdown in the attorney-client relationship. The Letter also advised the Debtors and Mr. Irwin of the above pending matters and dates and that it was necessary for the Debtors to retain counsel other than BG Law to handle these matters. As of the date of the filing of this motion, BG Law has not received any response to the Letter.

**III. ARGUMENT**

BG Law is no longer able to effectively represent the Debtors in these Cases and thus requests an order of this Court authorizing it to withdraw as counsel on an emergency basis, in accordance with the California Rules of Professional Conduct, the Local Bankruptcy Rules, and the advice of outside counsel.

A. **Duty to Comply with California Rules of Professional Conduct.**

Attorneys licensed by the State Bar of California and authorized to practice law in the State of California are bound by the California Rules of Professional Conduct. BG Law, with the advice of outside counsel, has determined that it is unable to continue representation of the Debtors as provided in California Rules of Professional Conduct 1.16(b)(4), (9) and (10). BG Law submits that the circumstances which give rise to the now existing irreconcilable breakdown in the attorney-client relationship between the Debtors and BG Law are obvious from viewing the contents of the BG Law Fee Objection and the Klee Irwin Fee Objection Declaration. BG Law is constrained by the California Rules of Professional Conduct from saying anything further concerning the now existing

irreconcilable conflict between the Debtors and BG Law. Notwithstanding, in situations such as the present situation, the lawyer's word alone can be considered sufficient to allow withdrawal. "[I]f there is no reason to doubt counsel's sincerity, the trial court properly relies on the lawyer. [Citation omitted.] Regardless of how others might react, only the trial lawyer can realistically appraise whether the conflict may have an impact on the quality of the representation or whether counsel's self-interest might stand in the way. [Citations omitted.] In such cases, the court by necessity relies on the lawyer." *Aceves v. Superior Court* (1996) 51 Cal. App. 4th 584, 594.

In addition to the foregoing, unless and until BG Law is allowed to withdraw as counsel to the Debtors, it is ethically constrained from responding to the BG Law Fee Objection and the Klee Irwin Fee Objection Declaration in any meaningful way, as to do so (while still counsel of record) would expose BG Law to undue risk that the firm would be asserting a position in conflict with the client's interests. Upon withdrawal, with certain limitations that the firm will need to navigate, BG Law will have some ability to meaningfully respond to the BG Law Fee Objection and the Klee Irwin Fee Objection Declaration. Absent withdrawal as counsel, BG Law's hands are effectively tied from meaningfully responding to the pending objections. *See generally, Carlson, Collins, Gordon & Bold v. Banducci* (1967) 257 Cal. App. 2d 212, 228; *Dietz v. Meisenheimer & Herron* (2009) 177 Cal.App. 4th 771, 786; *Styles v. Mumbert* (2008) 164 Cal.App. 4th 1163, 1168.[3]

**B. Withdrawal.**

California Rule of Professional Conduct 1.16 provides, in relevant part, as follows:

(b) Except as stated in paragraph (c), a lawyer may withdraw from representing a client if:

(4) the client by other conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively;

---

[3] Accordingly, in addition to this Withdrawal Motion, BG Law is filing a motion to continue the March 24, 2026 hearing on the BG Law Final Fee Application and the March 10, 2026 deadline to file a reply to the BG Law Fee Objection and the Klee Irwin Fee Objection Declaration. Additional time is necessary because: (i) it is currently uncertain if, as, or when BG Law will be allowed to withdraw as counsel for the Debtors, and (ii) for any reply, BG Law will need adequate time to tailor its response to adequately address the pending objections, but also adhere to ongoing ethical duties of loyalty, confidentiality and the attorney-client privilege. While counsel may disclose some communications in the context of resolving a fee dispute, the exception is not open-ended and should be tailored to information necessary to the action. This will take some additional time and the assistance of outside counsel.

(9)  a continuation of the representation is likely to result in a violation of these rules or the State Bar Act; or

(10)  the lawyer believes in good faith, in a proceeding before a tribunal, that the tribunal will find the existence of other good cause for withdrawal.

(c)  If permission for termination of a representation is required by the rules of a tribunal, a lawyer shall not terminate a representation before that tribunal without its permission,

(d)  A lawyer shall not terminate a representation until the lawyer has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, such as giving the client sufficient notice to permit the client to retain other counsel . . .

In the present case, BG Law has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client by: (i) advising the Debtors of all pending matters, (ii) such pending matters with any current deadlines were assigned to counsel other than BG Law, and (iii) the Debtors have sufficient time to retain counsel to represent the Debtors in all pending matters. BG Law has drafted this Withdrawal Motion to maintain its ethical obligations and attorney-client confidentiality, to the best of its ability.

**IV. NOTICE**

Concurrently with the filing of this Withdrawal Motion, BG Law will email serve the motion and notice on: (i) the Debtors and Mr. Irwin to the attention of Mr. Irwin at klee@quantumgravityresearch.org; (ii) the United States Trustee; (iii) Province, Brown White, Golden and Force Ten; and (iv) the ECF service list.

Given the emergency nature of the relief requested herein, BG Law submits that no further notice need be given prior to considering and granting the relief sought herein.

*Remainder of Page Intentionally Blank*

## V. CONCLUSION

Based upon the foregoing, BG Law respectfully requests that this Court enter an order granting the Withdrawal Motion in its entirety, authorizing the withdrawal of BG Law as counsel for the Debtors in the Cases and terminating BG Law's employment as counsel for the Debtors.

BG Law prays for relief in accordance with the foregoing, and for such other and further relief as the Court may deem just and proper.

Respectfully submitted,

DATED:  March 2, 2026                    BG Law LLP

By: /s/ David M. Poitras
    David M. Poitras
    Susan K. Seflin
    Jessica S. Wellington
Attorneys for Chapter 11 Debtors

**DECLARATION OF DAVID M. POITRAS**

I, David M. Poitras, declare:

1. I am an attorney licensed to practice before all courts of the State of California and this Court. I am a partner at BG Law LLP ("BG Law"), bankruptcy counsel for the Debtors. I have personal knowledge of the facts in this declaration and, if called as a witness, could and would testify competently to these facts.

2. I make this declaration in support of the Withdrawal Motion. Capitalized terms herein shall have the same meaning as in the Withdrawal Motion.

3. I have been one of the primary attorneys responsible for representing the Debtors in the Cases. Based upon the contents of the BG Law Fee Objection, the Klee Irwin Fee Objection Declaration, the California Rules of Professional Conduct, the advice of outside counsel and my thirty-eight years practicing law in this District, I have determined that BG Law is unable to continue representing the Debtors in the Cases, as provided for in California Rules of Professional Conduct 1.16(b)(4), (9), and (10), and other applicable California law, and that each of the aforementioned rules and applicable California law require BG Law to withdraw as bankruptcy counsel to the Debtors based on an irreconcilable breakdown in the attorney-client relationship.

4. Moreover, unless and until BG Law is allowed to withdraw as counsel to the Debtors, it is generally stymied from meaningfully responding to the pending objections filed by Mr. Irwin to the BG Law Final Fee Application.

5. In order to avoid any reasonably foreseeable prejudice to the Debtors (as much as possible), on February 19, 2026 I personally advised Mr. Irwin of the pending dates related to the STS Motion (for which the Debtors retained counsel other than BG Law to handle) and on February 26, 2026, I sent a letter by email to the Debtors, through Mr. Irwin, advising the Debtors and Mr. Irwin of the pending matters set forth in section II. B of the Withdrawal Motion. In terms of the pending fee applications: (i) the Debtors retained counsel other than BG Law to review and file any objections to fee applications, (ii) BG Law was therefore not tasked with responding to any fee applications filed by professionals, and (iii) Mr. Irwin himself has filed objections to the remaining fee applications filed by professionals. In terms of the STS Capital Motion, the Debtors retained

counsel other than BG Law to handle that motion and generally any issues with the fees sought by STS and BG Law was not tasked with responding to the STS Motion or any objection to the fees sought by STS. In terms of the Hybrid Motion, the Debtors retained counsel other than BG Law to handle that matter, and BG Law was not tasked with providing any services in connection with that motion or any subsequent proceedings involving the Hybrid claim. For the other matters noted, there is ample time for the Debtors to retain counsel to handle those matters. To date, BG Law has not received any response from the Debtors to the [February 26, 2026] Letter.

6.  BG Law has drafted this motion to maintain its ethical obligations and attorney-client confidentiality, to the best of its ability.

7.  Until entry of an order granting this Motion, BG Law will use its best efforts to avoid reasonably foreseeable prejudice to the rights of the Debtors, to the best of its ability, consistent with the California Rules Professional Conduct and its proscribed ethical responsibilities.

8.  The motion is being filed on an emergency basis pursuant to Local Bankruptcy Rule 9075-1(a), and BG Law respectfully requests that the Court set a hearing and/or rule on the motion on the earliest date available to the Court. Given the upcoming deadlines concerning the BG Law Final Fee Application and other pending matters, I submit that emergency relief is necessary to address the issues set forth in the above motion.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 2nd day of March, 2026 at Palos Verdes Peninsula, California.

_____
David M. Poitras

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**21650 Oxnard Street, Suite 500, Woodland Hills, CA 91367.**

A true and correct copy of the document(s) entitled**: NOTICE OF EMERGENCY MOTION AND EMERGENCY MOTION FOR ENTRY OF AN ORDER AUTHORIZING BG LAW LLP TO WITHDRAW AS DEBTORS' COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF DAVID M. POITRAS IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the document(s) were served by the court via NEF and hyperlink to the document. On **March 2, 2026,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On **_____, 2026,** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**JUDGE KAUFMAN WAIVES SERVICE OF JUDGE'S COPIES FOR DOCUMENTS THAT ARE 25 PAGES OR LESS.**

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **May 2, 2026,** I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**BY EMAIL**

Klee Irwin - klee@quantumgravityresearch.org

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| March 2, 2026 | Jessica Studley | /s/ Jessica Studley |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*  **F 9013-3.1.PROOF.SERVICE**

1. <u>**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**</u>:

- **Kyra E Andrassy**   kandrassy@raineslaw.com, bclark@raineslaw.com;csantiago@raineslaw.com
- **Jessica L Bagdanov**   jbagdanov@bg.law, ecf@bg.law
- **Ryan W Beall**   rbeall@go2.law, kadele@go2.law;dfitzgerald@go2.law;rbeall@ecf.courtdrive.com;cmeeker@go2.law
- **Anthony Bisconti**   tbisconti@bklwlaw.com, 1193516420@filings.docketbird.com,docket@bklwlaw.com
- **Ori S Blumenfeld**   ori.blumenfeld@offitkurman.com, liyah.lewis@offitkurman.com;ik-maurice.ibe@offitkurman.com
- **Matthew Bouslog**   mbouslog@allenmatkins.com, ncampos@allenmatkins.com
- **Katherine Bunker**   kate.bunker@usdoj.gov
- **Cynthia M Cohen**   ccohen@brownwhitelaw.com
- **Robert Allen Curtis**   rcurtis@foleybezek.com
- **Caroline Djang**   cdjang@buchalter.com, docket@buchalter.com;lverstegen@buchalter.com
- **Casey Z Donoyan**   casey.donoyan@offitkurman.com, smcfadden@lakklawyers.com;ncondren@lakklawyers.com
- **Erin R. Fay**   efay@wsgr.com, lmcgee@wsgr.com
- **Evelina Gentry**   evelina.gentry@akerman.com, eileen.lewis@akerman.com;reyko.delpino@akerman.com
- **Fred Glass**   fglass@fairharborcapital.com
- **Jeffrey I Golden**   jgolden@go2.law, kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;golden.jeffreyi.b117954@notify.bestcase.com
- **David B Golubchik**   dbg@lnbyg.com, dbg@lnbyg.com
- **Garrick A Hollander**   ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- **Alphamorlai Lamine Kebeh**   MKebeh@allenmatkins.com, mdiaz@allenmatkins.com
- **Alexandria Lattner**   alattner@sheppardmullin.com, ehwalters@sheppardmullin.com
- **Matthew A Macdonald**   matthew.macdonald@wsgr.com
- **Sina Maghsoudi**   sinalegal@gmail.com, g8645@notify.cincompass.com;maghsoudi.sinab128731@notify.bestcase.com
- **David W. Meadows**   david@davidwmeadowslaw.com
- **Joshua Nyman**   josh@ramsaurlaw.com, alecia@ramsaurlaw.com
- **Douglas A Plazak**   dplazak@rhlaw.com
- **David M Poitras**   dpoitras@bg.law
- **Terrel Ross**   tross@trcmllc.com
- **Susan K Seflin**   sseflin@bg.law
- **Jonathan Seligmann Shenson**   jshenson@greenbergglusker.com, calendar@greenbergglusker.com;cmillerwatkins@greenbergglusker.com;MilanaECF@ggfirm.com
- **Yuriko M Shikai**   yshikai@neufeldmarks.com
- **Ashley M Teesdale**   ateesdale@bg.law, ecf@bg.law
- **United States Trustee (SV)**   ustpregion16.wh.ecf@usdoj.gov
- **Ronghua Wang**   sophia.wang@afslaw.com, yvonne.li@afslaw.com
- **Pamela Kohlman Webster**   pwebster@buchalter.com, smartin@buchalter.com
- **Jessica Wellington**   jwellington@bg.law, ecf@bg.law

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**