DAVID M. POITRAS – Bar No. 141309
SUSAN K. SEFLIN - Bar No. 213865
JESSICA S. WELLINGTON - Bar No. 324477
BG LAW LLP
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367
Telephone: (818) 827-9000
Facsimile: (818) 827-9099
Email:    dpoitras@bg.law
          sseflin@bg.law
          jwellington@bg.law

Attorneys for Chapter 11 Debtors

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re<br><br>IN Holdings, Inc., *et al.*,<br><br>　　　　　Reorganized Debtors.<br><br>☐ Affects IN Holdings, Inc.<br>☐ Affects IN Holdings Canada, Inc.<br>☐ Affects 5310 Holdings, LLC<br>☐ Affects DAI US HoldCo Inc.<br>☒ Affects All Debtors | Case No. 1:24-bk-11323-VK<br><br>Chapter 11<br><br>Jointly Administered With:<br><br>Case No. 1:24-bk-11324-VK<br>Case No. 1:24-bk-11325-VK<br>Case No. 1:24-bk-11326-VK<br><br>**MOTION TO CONTINUE REPLY DATE AND HEARING ON BG LAW LLP'S SECOND AND FINAL FEE APPLICATION FOR COMPENSATION FOR SERVICES AND REIMBURSEMENT OF EXPENSES [Docket No. 945]; DECLARATION OF DAVID M. POITRAS IN SUPPORT THEREOF**<br><br>[Proposed Order Lodged Concurrently Herewith]<br><br>**<u>Current Hearing</u>:**<br>Date:  March 24, 2026<br>Time:  10:30 a.m.<br>Place: Courtroom 301<br><br>**<u>Continued Hearing</u>:**<br>Date:  [TBD]<br>Time:  [TBD]<br>Place: Courtroom 301 |

**TO THE HONORABLE VICTORIA S. KAUFMAN, UNITED STATES BANKRUPTCY JUDGE, THE DEBTORS, KLEE IRWIN, AND PARTIES IN INTEREST:**

  BG Law LLP ("BG Law"), in its capacity as a fee applicant for services rendered and expenses incurred as general bankruptcy counsel to IN Holdings, Inc., IN Holdings Canada, Inc., 5310 Holdings, LLC and DAI US HoldCo Inc. (collectively, the "Debtors") respectfully moves the Court (the "Motion"), pursuant to Local Bankruptcy Rule 9013-1(m), for a continuance of the reply date and the hearing on *BG Law LLP's Second and Final Fee Application for Compensation for Services and Reimbursement of Expenses* [Doc. No. 945] (the "BG Law Final Fee Application"). BG Law respectfully requests that the Court continue the March 10, 2026 reply date and the March 24, 2026 hearing on the BG Law Final Fee Application as set forth below.

**I. RELEVANT BACKGROUND**

  **A. <u>Procedural History</u>.**

  On September 6, 2024, the Debtors filed their *Application to Employ BG Law LLP as Their Substitute Bankruptcy Counsel and Request for Post-Petition Retainer* (the "BG Law Employment Application"). The BG Law Employment Application was approved by the Bankruptcy Court by order entered September 25, 2024 [Doc. No. 109] (the "BG Law Employment Order"). The BG Law Employment Order was effective as of August 13, 2024.

  The Debtors' cases ("Cases") were ordered jointly administered by order entered August 14, 2024 [Doc. No. 11].

  On December 3, 2025, the Court entered its *Findings of Fact and Conclusions of Law, and Order Confirming the Debtors' and Committee's Joint Chapter 11 Plan of Reorganization Dated October 1, 2025* [Doc. No. 909] (the "Confirmation Order"). Pursuant to the Confirmation Order, the effective date of the *Debtors' and Committee's Joint Chapter 11 Plan of Reorganization Dated October 1, 2025* [Doc. No. 837] (the "Plan") is December 5, 2025, and professional fee applications were due within 30 days of the effective date, *i.e.,* January 5, 2026.

  Based on the Plan and the Confirmation Order , BG Law (and other professionals) duly filed its Final Fee Application on January 5, 2026 [Doc. No. 945] (the "BG Law Final Fee Application"). The hearing on the BG Law Fee Final Application (and the fee applications filed by other professionals) was set for February 4, 2026, and pursuant to the Local Bankruptcy Rules, any

objections to the BG Final Fee Application (and the fee applications filed by other professionals) were due January 21, 2026.

On or about January 6, 2026, BG Law was advised that the Debtors had retained Offit Kurman, P.C. ("Offit") as its special litigation counsel.

On or about January 15, 2026, Offit contacted BG Law and requested a 30-day continuance of the January 21, 2026 deadline to object to the BG Final Fee Application and advised that it was seeking a similar extension of the fee objection deadline from certain other professionals (*e.g.,* Province, LLC ("Province"), Brown White & Osborn LLP ("Brown White"), Golden Goodrich LLP ("Golden") and Force Ten LLC ("Force Ten"). As a professional courtesy, BG Law, Province, Brown White and Golden agreed to continue the January 21, 2026 fee objection deadline for three weeks, until February 11, 2026. *See, Stipulation to Continue Hearings on Certain Final Fee Applications* [Doc. No. 984] (the "Stipulation"). The Stipulation was approved by an order of this Court entered January 27, 2026 [Doc. N. 985] (the "Fee Objection Extension Order") and the fee objection deadline was extended to February 11, 2026, and the hearing(s) on the various fee applications was continued to February 25, 2026.[1]

On February 11, 2026, the Debtors filed the *Reorganized Debtors' Emergency Motion to Enlarge Time to Respond to Professional Fee Applications and Continuance of Hearings re the Same; Declaration of Klee Irwin in Support Thereof* [Doc. No. 1022] (the "Emergency Motion"). The Emergency Motion was filed by the Debtors' special counsel Offit. By the Emergency Motion, the Debtors sought to extend the February 11, 2026 deadline to file objections to the pending fee applications for thirty days and to continue the February 25, 2026 hearing date on the pending fee applications to Court's the next available hearing date that was at least fourteen days after the requested extended objection deadline. The Court set a hearing on the Emergency Motion for February 19, 2026 at 1:00 p.m. At the hearing on the Emergency Motion, Offit appeared and advised the Court that it was withdrawing from representing the Debtors. The Court then held an *in camera* conference with Offit and Klee Irwin, the Debtors' chairman, chief executive officer and

---

[1] Force Ten was not a party to the Stipulation. The hearing on the Force Ten fee application was continued by the Court by a separate tentative ruling to the February 25, 2026 hearing date.

99.5% shareholder ("Mr. Irwin") to discuss Offit's proffered withdrawal. The Court then advised the parties that it was denying the Emergency Motion but advised Mr. Irwin that the Court *may* consider any pleadings he may wish to file in response to the pending fee applications, in his individual capacity, so long as such pleadings were filed on or before Noon on February 23, 2026. The *Order on Reorganized Debtors' Emergency Motion to Enlarge Time to Respond to Professional Fee Applications and Continuance of Hearings re the Same* was entered on February 20, 2026 [Doc. No. 1051].

On February 23, 2026, among other pleadings filed by Mr. Irwin concerning the various fee applications, Mr. Irwin filed with the Court that certain *Memorandum in Support of Objection to Final Fee Application of BG Law LLP* [Doc. No. 1062] (the "BG Law Fee Objection") and the *Declaration of Klee Irwin in Support of Objections to Final Fee Applications of ECF Nos. 938, 942, 944, 945, 1003* [Doc. No. 1063] (the "Klee Irwin Fee Objection Declaration"). In response to the BG Law Fee Objection, the Klee Irwin Fee Objection Declaration, and the other pleadings filed by Mr. Irwin in response to the pending fee applications, the Court continued the hearing on the BG Law Final Fee Application (and the other pending fee applications) to March 24, 2026, and ordered that any reply(s) to the various pleadings filed by Mr. Irwin were due March 10. 2026. *See Order Continuing Hearings on Final Fee Applications (Docs. 938, 942, 944, 945 and 1003) and Setting Deadline to File Response to Objections of Klee Irwin* [Doc. No. 1069].

### B. The Motion to Withdraw as Counsel.

Substantially contemporaneous with the filing of this Motion, BG Law is filing an *Emergency Motion for Entry of an Order Authorizing BG Law LLP to Withdraw as Debtors' Counsel* (the "Motion to Withdraw"). As set forth in detail in the Motion to Withdraw, BG Law is compelled to withdraw as bankruptcy counsel to the Debtors, based upon: (i) the allegations set forth in the BG Law Fee Objection and the Klee Irwin Fee Objection Declaration, (ii) the California Rules of Professional Conduct, and (iii) the advice of outside counsel, as there now exists an irreconcilable breakdown of the attorney-client relationship between the Debtors, Mr. Irwin and BG Law.

While BG Law has requested that the Court hear the Motion to Withdraw on shortened notice and otherwise on the earliest available Court date, it is presently unknown, if, as, or when BG Law will be authorized to withdraw as counsel to the Debtors.

As set forth in the Motion to Withdraw, unless and until BG Law is allowed to withdraw as counsel to the Debtors, BG Law is ethically constrained and generally stymied from responding to the BG Law Fee Objection and the Klee Irwin Fee Objection Declaration in any meaningful way, as to do so (while still counsel of record) would expose BG Law to undue risk that the firm would be asserting a position in conflict with the client's interests. Upon withdrawal, with certain limitations that the firm will need to navigate, BG Law will have some ability to meaningfully respond to the BG Law Fee Objection and the Klee Irwin Fee Objection Declaration. Absent withdrawal as counsel, BG Law's hands are effectively tied from meaningfully responding to the pending objections. *See generally, Carlson, Collins, Gordon & Bold v. Banducci* (1967) 257 Cal. App, 2d 212, 228, 64 Cal.Rptr. 915, 923; *Dietz v. Meisenheimer & Herron* (2009) 177 Cal.App. 4th 771, 786; *Styles v. Mumbert* (2008) 164 Cal.App. 4th 1163, 1168.

**II. REQUEST FOR CONTINUANCE**

As set forth above, the current deadline for BG Law to file a reply to the BG Law Fee Objection and the Klee Irwin Fee Objection Declaration is March 10, 2026 (approximately one week from the current date) and the current hearing date for the BG Law Final Fee Application is March 24, 2026. A continuance of both the March 10, 2026 reply deadline and the March 24, 2026 hearing is necessary because: (i) it is currently uncertain if, as, or when BG Law will be allowed to withdraw as counsel for the Debtors, and (ii) for any reply, BG Law will need adequate time to tailor its response to adequately address the pending objections, but also adhere to ongoing ethical duties of loyalty, confidentiality and the attorney-client privilege. While counsel may disclose some communications in the context of resolving a fee dispute, the exception is not open-ended and should be tailored to information necessary to resolving the fee dispute. Accordingly, an adequate and appropriate reply will take some additional time beyond the amount of time currently allotted. Moreover, preparation of an appropriate reply to comply with BG Law's ongoing duties of loyalty, confidentiality and the attorney-client privilege will require the assistance of outside counsel with expertise in this area, which review will also require some additional time.

BG Law submits that any continued dates must take into account the date upon which BG Law may be authorized to withdraw as counsel to the Debtors. As set forth above and in more detail in the Motion to Withdraw, BG Law cannot meaningfully respond to the pending objections to the BG Law Final Fee Application until it is allowed to withdraw as counsel. Accordingly, BG Law believes and submits that a date that is twenty-one days after entry of an order authorizing BG Law to withdraw as counsel to the Debtors is an appropriate amount of time to file and serve a reply to the pending objections to the BG Law Final Fee Application, and that the hearing on the BG Law Final Fee Application be set approximately two weeks after the reply deadline, and otherwise on a date convenient to the Court's calendar. Absent the requested continuance, BG Law submits that it is apparent, under the unusual circumstances presented, that BG Law would not otherwise have an adequate opportunity to prepare and file the papers necessary to meaningfully respond to the pending objections to the BG Law Final Fee Application, which would be extremely prejudicial.

Moreover, BG Law submits that it is objectively clear that no creditor or party in interest in these Cases will be prejudiced by the proposed continuance requested in this Motion.

## III. CONCLUSION

Based upon the foregoing, BG Law respectfully requests that the Court enter an order, substantially in the form of order lodged concurrently with this Motion, granting the Motion: (i) continuing the deadline for BG Law to file a reply to the BG Law Fee Objection and the Klee Irwin Fee Objection Deadline to a date that is twenty-one days after the date of the entry of an order allowing BG Law to withdraw as Debtors' bankruptcy counsel and (ii) continuing the hearing on the BG Law Final Fee Application to a date approximately two weeks after the reply deadline, and otherwise on a date convenient to the Court's calendar.

*Remainder of Page Intentionally Blank*

1 | BG Law prays for relief in accordance with the foregoing, and for such other and further
2 | relief as the Court may deem just and proper.

Respectfully submitted,

DATED:  March 2, 2026          BG Law LLP


By: /s/ David M. Poitras
    David M. Poitras
    Susan K. Seflin
    Jessica S. Wellington
    Attorneys for Chapter 11 Debtors

**DECLARATION OF DAVID M. POITRAS**

I, David M. Poitras, declare:

1. I am an attorney licensed to practice before all courts of the State of California and this Court. I am a partner at BG Law LLP ("BG Law"), bankruptcy counsel for the Debtors. I have personal knowledge of the facts in this declaration and, if called as a witness, could and would testify competently to these facts.

2. I make this declaration in support of the *Motion to Continue Hearing on BG Law LLP's Second and Final Application for Compensation for Services and Reimbursement of Expenses* (the "Motion"). Capitalized terms herein shall have the same meaning as in the Motion.

3. Substantially contemporaneous with the filing of the Motion, BG Law is filing an *Emergency Motion for Entry of an Order Authorizing BG Law LLP to Withdraw as Debtors' Counsel* (the "Motion to Withdraw"). As set forth in detail in the Motion to Withdraw, I believe that BG Law is compelled to withdraw as bankruptcy counsel to the Debtors, based upon: (i) the allegations set forth in the BG Law Fee Objection and the Klee Irwin Fee Objection Declaration, (ii) the California Rules of Professional Conduct, and (iii) the advice of outside counsel, as there now exists an irreconcilable breakdown of the attorney-client relationship between the Debtors, Mr. Irwin and BG Law.

4. As set forth above, the current deadline for BG Law to file a reply to the BG Law Fee Objection and the Klee Irwin Fee Objection Declaration is March 10, 2026 (approximately one week from the current date) and the current hearing date for the BG Law Final Fee Application is March 24, 2026.

5. A continuance of both the March 10, 2026 reply deadline and the March 24, 2026 hearing is necessary because: (i) it is currently uncertain if, as, or when BG Law will be allowed to withdraw as counsel for the Debtors, and (ii) for any reply, BG Law will need adequate time to tailor its response to adequately address the pending objections, but also adhere to ongoing duties of loyalty, confidentiality and the attorney-client privilege.

6. While counsel may disclose some communications in the context of resolving a fee dispute, the exception is not open-ended and should be tailored to information necessary to resolving

8

the fee dispute. Accordingly, an adequate and appropriate reply will take some additional time beyond the amount of time currently allotted.

7. Moreover, preparation of an appropriate reply to comply with BG Law's ongoing ethical duties of loyalty, confidentiality and the attorney-client privilege will require the assistance of outside counsel with expertise in this area, which review will also require some additional time.

8. I submit that any continued dates must take into account the date upon which BG Law may be authorized to withdraw as counsel to the Debtors. As set forth above and in more detail in the Motion to Withdraw, BG Law cannot meaningfully respond to the pending objections to the BG Law Final Fee Application until it is allowed to withdraw as counsel.

9. Accordingly, BG Law believes and submits that a date that is twenty-one days after entry of an order authorizing BG Law to withdraw as counsel to the Debtors is an appropriate amount of time to file and serve a reply to the pending objections to the BG Law Final Fee Application, and that the hearing on the BG Law Final Fee Application be set approximately two weeks after the reply deadline, and otherwise on a date convenient to the Court's calendar.

10. Absent the requested continuance, I believe it is apparent, under the unusual circumstances presented, that BG Law would not otherwise have an adequate opportunity to prepare and file the papers necessary to meaningfully respond to the pending objections to the BG Law Final Fee Application, which would be extremely prejudicial.

11. Therefore, I respectfully request that the Court enter an order, substantially in the form of order lodged concurrently with this Motion, granting the Motion: (i) continuing the deadline for BG Law to file a reply to the BG Law Fee Objection and the Klee Irwin Fee Objection Deadline to a date that is twenty-one days after the date of the entry of an order allowing BG Law to withdraw as Debtors' bankruptcy counsel and (ii) continuing the hearing on the BG Law Final Fee Application

///

to a date approximately two weeks after the reply deadline, and otherwise on a date convenient to the Court's calendar.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 2nd day of March, 2026 at Palos Verdes Peninsula, California.

_____
David M. Poitras

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**21650 Oxnard Street, Suite 500, Woodland Hills, CA 91367.**

A true and correct copy of the document(s) entitled**: MOTION TO CONTINUE REPLY DATE AND HEARING ON BG LAW LLP'S SECOND AND FINAL FEE APPLICATION FOR COMPENSATION FOR SERVICES AND REIMBURSEMENT OF EXPENSES [Docket No. 945]; DECLARATION OF DAVID M. POITRAS IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the document(s) were served by the court via NEF and hyperlink to the document. On **March 2, 2026,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:  On **_____, 2026,** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**JUDGE KAUFMAN WAIVES SERVICE OF JUDGE'S COPIES FOR DOCUMENTS THAT ARE 25 PAGES OR LESS.**

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **May 2, 2026,** I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**BY EMAIL**

Klee Irwin - klee@quantumgravityresearch.org

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| March 2, 2026 | Jessica Studley | /s/ Jessica Studley |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                           **F 9013-3.1.PROOF.SERVICE**

1. <u>**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**</u>:

- **Kyra E Andrassy**    kandrassy@raineslaw.com, bclark@raineslaw.com;csantiago@raineslaw.com
- **Jessica L Bagdanov**    jbagdanov@bg.law, ecf@bg.law
- **Ryan W Beall**    rbeall@go2.law, kadele@go2.law;dfitzgerald@go2.law;rbeall@ecf.courtdrive.com;cmeeker@go2.law
- **Anthony Bisconti**    tbisconti@bklwlaw.com, 1193516420@filings.docketbird.com,docket@bklwlaw.com
- **Ori S Blumenfeld**    ori.blumenfeld@offitkurman.com, liyah.lewis@offitkurman.com;ik-maurice.ibe@offitkurman.com
- **Matthew Bouslog**    mbouslog@allenmatkins.com, ncampos@allenmatkins.com
- **Katherine Bunker**    kate.bunker@usdoj.gov
- **Cynthia M Cohen**    ccohen@brownwhitelaw.com
- **Robert Allen Curtis**    rcurtis@foleybezek.com
- **Caroline Djang**    cdjang@buchalter.com, docket@buchalter.com;lverstegen@buchalter.com
- **Casey Z Donoyan**    casey.donoyan@offitkurman.com, smcfadden@lakklawyers.com;ncondren@lakklawyers.com
- **Erin R. Fay**    efay@wsgr.com, lmcgee@wsgr.com
- **Evelina Gentry**    evelina.gentry@akerman.com, eileen.lewis@akerman.com;reyko.delpino@akerman.com
- **Fred Glass**    fglass@fairharborcapital.com
- **Jeffrey I Golden**    jgolden@go2.law, kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;golden.jeffreyi.b117954@notify.bestcase.com
- **David B Golubchik**    dbg@lnbyg.com, dbg@lnbyg.com
- **Garrick A Hollander**    ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- **Alphamorlai Lamine Kebeh**    MKebeh@allenmatkins.com, mdiaz@allenmatkins.com
- **Alexandria Lattner**    alattner@sheppardmullin.com, ehwalters@sheppardmullin.com
- **Matthew A Macdonald**    matthew.macdonald@wsgr.com
- **Sina Maghsoudi**    sinalegal@gmail.com, g8645@notify.cincompass.com;maghsoudi.sinab128731@notify.bestcase.com
- **David W. Meadows**    david@davidwmeadowslaw.com
- **Joshua Nyman**    josh@ramsaurlaw.com, alecia@ramsaurlaw.com
- **Douglas A Plazak**    dplazak@rhlaw.com
- **David M Poitras**    dpoitras@bg.law
- **Terrel Ross**    tross@trcmllc.com
- **Susan K Seflin**    sseflin@bg.law
- **Jonathan Seligmann Shenson**    jshenson@greenbergglusker.com, calendar@greenbergglusker.com;cmillerwatkins@greenbergglusker.com;MilanaECF@ggfirm.com
- **Yuriko M Shikai**    yshikai@neufeldmarks.com
- **Ashley M Teesdale**    ateesdale@bg.law, ecf@bg.law
- **United States Trustee (SV)**    ustpregion16.wh.ecf@usdoj.gov
- **Ronghua Wang**    sophia.wang@afslaw.com, yvonne.li@afslaw.com
- **Pamela Kohlman Webster**    pwebster@buchalter.com, smartin@buchalter.com
- **Jessica Wellington**    jwellington@bg.law, ecf@bg.law

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    **F 9013-3.1.PROOF.SERVICE**