**United States Bankruptcy Court**
**Central District of California**
**San Fernando Valley**
**Victoria Kaufman, Presiding**
**Courtroom 301 Calendar**

---

**Thursday, May 7, 2026**                                                                    **Hearing Room        301**

---

10:30 AM

**1:24-11323      IN Holdings, Inc and IN Holdings Canada, Inc.**                        **Chapter 11**

**#13.01**    STS Capital Partners M&A Advisers Inc. Amended Motion to
Compel Payment of Professional Fees and Award of Attorney's Fees

fr. 3/25/26; 3/24/26(stip); 4/1/26; 4/22/26

Docket        999

**Judge:**

**PRELIMINARY EVALUATION - NOT A RULING**

Taking into account the federal and California broker-dealer registration requirements and related exemptions under federal and California state law, the Court will set a schedule for the parties to submit supplemental briefs to address whether the employment of STS Capital Partners M&A Advisors Inc. ("STS") to pursue a total or partial sale of Debtors' equity precludes STS from qualifying for those exemptions, as referenced below.

**I. BACKGROUND**

In February 2025, Debtors filed *Debtors' Application to Retain and Employ STS Capital Partners M&A Advisers Inc as Investment Banker with Respect to a Potential Equity Transaction Effective as of January 31, 2025, Pursuant to 11 U.S.C. §§ 327(a) and 328(a)* (the "STS Employment Application") [doc. 336].

In the STS Employment Application, Debtors requested that the Court enter an order:

> (i) authorizing and approving the retention and employment of STS by the Debtors to provide consultant and advisory services with respect to a **potential equity transaction and/or sale on the terms and conditions set forth in the Engagement Agreement as modified in this Application**; (ii) authorizing and approving the Debtors to pay STS the Commitment Fee and Success Fee, if earned, plus out of pocket expenses up to $12,500.00 without further order of the Court pursuant to section 328(a) of the Bankruptcy Code; and (iii) granting

---

**United States Bankruptcy Court**
**Central District of California**
**San Fernando Valley**
**Victoria Kaufman, Presiding**
**Courtroom 301 Calendar**

---

**Thursday, May 7, 2026**                                          **Hearing Room    301**

---

<u>10:30 AM</u>
**CONT...        IN Holdings, Inc and IN Holdings Canada, Inc.**                    **Chapter 11**
such other and further relief as this Court deems just and proper.

STS Employment Application, p. 8 (emphasis added). The STS Employment Application was signed by Klee Irwin.

The STS Employment Application represents that Debtors selected STS to provide consultant and advisory services with respect to a "Transaction." "Transaction" is defined as:

> a potential sale of all or a part of the Debtors' shares or assets or any other like transaction, including a lease of assets, licensing of assets, merger, amalgamation, joint venture, strategic alliance, a workout or other business combination[.]

STS Employment Application, p. 3.

STS and Debtors executed an engagement agreement on February 4, 2025 and attached a copy as Exhibit 3 to the STS Employment Application (the "STS Engagement Agreement"). The STS Engagement Agreement states that Debtors:

> offer[] to retain the services of [STS] to make introductions to [Debtors] and provide advisory services with respect to the proposed sale of all or part of [Debtors'] shares or assets or any other like transaction (including a lease of assets, licensing of assets, merger, amalgamation, joint venture, strategic  alliance, a working or other business combination) (a "Transaction").

STS Engagement Agreement, p. 1. With respect to a Transaction, STS will:

> a. seek out and locate third parties and introduce the opportunity to conclude a potential Transaction to such third party. [. . .]

> b. advise on the sale of the business of [Debtors] in respect to such Transactions ("Advisory Services").

*Id.*

---

**United States Bankruptcy Court**
**Central District of California**
**San Fernando Valley**
**Victoria Kaufman, Presiding**
**Courtroom 301 Calendar**

---

**Thursday, May 7, 2026**                                    **Hearing Room      301**

---

<u>10:30 AM</u>
**CONT...       IN Holdings, Inc and IN Holdings Canada, Inc.**                 **Chapter 11**

In support of the STS Employment Application, Debtors filed a declaration of Robert Charles Follows, the founder and chairman of the board of directors for STS (the "Follows Decl.") [doc. 336]. Mr. Follows states:

> As a result of the business acumen and merger and acquisition expertise of STS's professionals, I believe STS is well-suited to provide the Debtors with the advisory services described in the [STS Employment] Application.

> The Engagement Agreement [. . .] sets out the scope of services and terms of compensation in detail with respect to STS's employment by the Debtors.

Follows Decl., ¶¶ 4-5.

In March 2025, Debtors filed a supplement to the Motion (the "Supplement") [doc. 403]. The Supplement reiterates that Debtors request to employ and retain STS "as investment banker to provide consultant and advisory services with respect to a potential equity transaction pursuant to the terms of the Engagement Agreement attached to the [STS Employment] Application as Exhibit '3.'"

In March 2025, the Court entered an order granting the STS Employment Application (the "STS Employment Order") [doc. 450]. The STS Employment Order states:

> The [STS Employment] Application is approved pursuant to the terms and conditions set forth therein except as modified by the Supplement and this Order.

> The Debtors are authorized to employ STS Capital Partners M&A Advisers Inc ("STS") as investment bankers effective as of January 31, 2025, pursuant to 11 U.S.C. §§ 327(a) and 328(a).

> Upon entry of this Order, the Debtors are authorized to pay STS the Commitment Fee and Success Fee, if earned, plus out of pocket expenses up to $12,500 without further order of the Court pursuant to

---

**United States Bankruptcy Court**
**Central District of California**
**San Fernando Valley**
**Victoria Kaufman, Presiding**
**Courtroom 301 Calendar**

**Thursday, May 7, 2026**                                                                 **Hearing Room       301**

<u>10:30 AM</u>
**CONT...        IN Holdings, Inc and IN Holdings Canada, Inc.**                          **Chapter 11**
        11 U.S.C. § 328(a).

STS Employment Order, p. 2.

In June 2025, Debtors filed their *Motion to Approve Modified Terms of the
Employment of STS Capital Partners M&A Advisers Inc. as Investment Banker* (the
"Modified Employment Motion") [doc. 652]. In the Modified Employment Motion,
Debtors stated that STS "was originally employed by the Debtors to provide
consultant and advisory services with respect to a potential equity transaction,
effective as of January 25, 2025" pursuant to the STS Employment Application, the
Supplement and the Employment Order, and that the Debtors filed the Modified
Employment Motion "specifically for purposes of adjusting STS' terms of
compensation in light of the changed landscape of Debtors' sale process." Modified
Employment Motion, p. 2.

Debtors described the "changed landscape" regarding the proposed transaction as
follows:

> After multiple competing plans and disclosure statements were filed,
> the Debtors determined that a 363 sale process made more sense than a
> competing plan process as a sale process would be less expensive.
> Thus, on June 2, 2025, the Debtors entered into a term sheet with
> FitLife Brands, Inc. ("FitLife"), pursuant to which FitLife was named
> the Stalking Horse Bidder under terms where FitLife will acquire
> substantially all of the Debtors' assets and its business as a going
> concern for, among other things, (a) $36 million in cash, (b) the
> assumption of certain liabilities including, among others, the Debtors'
> post-petition ordinary course accounts payable, and (c) certain
> excluded assets including the Debtors' cash estimated to be $5 million
> at the time of closing.

*Id.*, p. 3.

In July 2025, the Court entered an order granting the Modified Employment Motion
(the "Order Modifying Employment") [doc. 712].

**United States Bankruptcy Court**
**Central District of California**
**San Fernando Valley**
**Victoria Kaufman, Presiding**
**Courtroom 301 Calendar**

---

**Thursday, May 7, 2026**                                                                 **Hearing Room        301**

---

10:30 AM
**CONT...        IN Holdings, Inc and IN Holdings Canada, Inc.**                          **Chapter 11**

On June 30, 2025, Debtors filed a motion to sell substantially all of their assets to
FitLife (the "Sale Motion") [doc. 666]. On July 31, 2025, the Court entered an order
granting the Sale Motion [doc. 740]. On August 12, 2025, Debtors filed a *Notice of
Sale Closing* stating that the asset sale closed on August 8, 2025 [doc. 755].

**II.        LEGAL STANDARDS**

**A.        Federal Law**

**(1) Registration as a Securities Broker-Dealer**

Section 15(a)(1) of the Securities Exchange Act of 1934 ("Securities Act") provides:

> It shall be unlawful for any broker or dealer which is either a person
> other than a natural person or a natural person not associated with a
> broker or dealer which is a person other than a natural person (other
> than such a broker or dealer whose business is exclusively intrastate
> and who does not make use of any facility of a national securities
> exchange) to make use of the mails or any means or instrumentality of
> interstate commerce to effect any transactions in, **or to induce or
> attempt to induce the purchase or sale of**, **any security** (other than an
> exempted security or commercial paper, bankers' acceptances, or
> commercial bills) unless such broker or dealer is registered in
> accordance with subsection (b) of this section.

15 U.S.C. § 78o(a)(1) (emphasis added).

The Securities Act defines a broker as "any person engaged in the business of
effecting transactions in securities for the account of others." *Id.*, § 78c(a)(4)(A).

> "In determining whether an individual is as a broker under Section
> 15(a), courts consider whether the alleged broker 1) is an employee of
> the issuer; 2) received commissions as opposed to a salary; 3) is
> selling, or previously sold, the securities of other issuers; 4) is involved
> in negotiations between the issuer and the investor; 5) makes
> valuations as to the merits of the investment or gives advice; and 6) is

---

**United States Bankruptcy Court**
**Central District of California**
**San Fernando Valley**
**Victoria Kaufman, Presiding**
**Courtroom 301 Calendar**

---

**Thursday, May 7, 2026**                                    **Hearing Room     301**

---

10:30 AM
**CONT...**        **IN Holdings, Inc and IN Holdings Canada, Inc.**                **Chapter 11**

an active rather than passive finder of investors." *SEC v. CKB168 Holdings, Ltd.*, 210 F. Supp. 3d 421, 453 (E.D.N.Y. 2016) (internal quotation marks and citation omitted) (noting that most courts do not require the SEC to establish all factors, but a combination of factors establishing a defendant acted as a broker); *see also SEC v. Rabinovich & Assocs., LP*, No. 07-CV-10547, 2008 WL 4937360, at *5 (S.D.N.Y. Nov. 18, 2008) ("Among the activities indicative of being a broker are soliciting investors, participating in the securities business with some degree of regularity, and receiving transaction-based compensation.").

*SEC v. Nutra Pharma Corp.*, 450 F. Supp. 3d 278, 291 (E.D.N.Y. 2020*); see also SEC v. Hui Feng*, 935 F.3d 721, 731 (9th Cir. 2019) (courts apply totality of circumstances test when considering relevant factors to determine whether person is broker under section 15(a) of Securities Act); *SEC v. Earle*, 751 F. Supp. 3d 1044, 1055 (S.D. Cal. 2024).

Until it was rejected by the U.S. Supreme Court, the sale-of-business doctrine exempted from federal securities laws certain stock transactions in which closely-held businesses were transferred to new owners. According to this doctrine, the sale of stock of a closely-held business is considered to be a commercial transaction rather than the type of passive investment traditionally regulated by the federal securities laws. The doctrine's rationale is that the stock transfer is merely incidental to the sale of a going business and its assets, and is not an end in and of itself. If the stock transfer was what mattered, the purchase would be an ordinary investment and the stock, an ordinary security.

[. . .]

In two companion cases, however, the Supreme Court decided that the sale of stock of a closely-held corporation involves a sale of "stock" within the meaning of the federal securities laws (*Landreth Timber Co. v. Landreth*, 471 U.S. 681, 105 S. Ct. 2297, 85 L. Ed. 2d 692, Fed. Sec. L. Rep. (CCH) P 92047 (1985), from the Ninth Circuit, and *Gould v. Ruefenacht*, 471 U.S. 701, 105 S. Ct. 2308, 85 L. Ed. 2d 708, Fed. Sec.

---

**United States Bankruptcy Court**
**Central District of California**
**San Fernando Valley**
**Victoria Kaufman, Presiding**
**Courtroom 301 Calendar**

---

**Thursday, May 7, 2026**                                                    **Hearing Room        301**

---

10:30 AM
**CONT...        IN Holdings, Inc and IN Holdings Canada, Inc.**                **Chapter 11**
L. Rep. (CCH) P 92048 (1985), from the Third Circuit). The Court said
this is the case even when the aim of the transaction is to transfer
managerial control or ownership.

*Corporate Acquisition, Mergers and Divestitures,* § 2:39 Taxable Acquisitions in One
Step: The Nontax Factors: Federal Securities Considerations (2026-2 Edition).

"An entity 'attempts' to induce the sale of securities and therefore must register when it
publishes advertisements for securities or contacts potential buyers to solicit
investment." *EdgePoint Cap. Holdings, LLC v. Apothecare Pharmacy, LLC*, 6 F.4th
50, 58 (1st Cir. 2021); *see also SEC v. Nutra Pharma Corp.*, 450 F. Supp. 3d at 291
(holding that SEC adequately alleged violation of section 15(a); SEC's complaint
stated that defendant had "induced or attempted to induce the purchase or sale of
securities by calling investors, mailing invitations to promotional events, and
attending dinners and lunches and making promotional pitches").

That a potential buyer to a transaction may ultimately elect to pursue an asset sale of a
business does not create a safe harbor for brokers who must otherwise register under
section 15(a) of the Securities Act. *See EdgePoint Cap. Holdings, LLC*, 6 F.4th at 60
("Requiring registration even when the ultimate form of the transaction is uncertain
not only serves the statutory purposes of protecting investors but also ensures that
brokers comply with [Financial Industry Regulatory Authority's] code of conduct,
meant to effect the statutory purposes, from their first contact with potential
purchasers of securities.").

### (2) M&A Broker Exemption

In March 2023, the Securities Act was amended to exempt certain qualifying small
business brokers from registering as a broker-dealer with the Securities and Exchange
Commission. [**FN1**] The Securities Act provides that, subject to certain exceptions, a
"M&A broker shall be exempt from registration under this section."

The term "M&A broker" means a broker, and any person associated
with a broker, engaged in the business of effecting securities
transactions solely in connection with the transfer of ownership of an
*eligible privately held company*, regardless of whether the broker acts

---

**United States Bankruptcy Court**
**Central District of California**
**San Fernando Valley**
**Victoria Kaufman, Presiding**
**Courtroom 301 Calendar**

---

**Thursday, May 7, 2026**                                                                        **Hearing Room      301**

---

<u>10:30 AM</u>
**CONT...**        **IN Holdings, Inc and IN Holdings Canada, Inc.**                        **Chapter 11**

on behalf of a seller or buyer, through the purchase, sale, exchange, issuance, repurchase, or redemption of, or a business combination involving, securities or assets of the eligible privately held company, if the broker reasonably believes that—

(I) upon consummation of the transaction, any person acquiring securities or assets of the eligible privately held company, acting alone or in concert—

(aa) will control the eligible privately held company or the business conducted with the assets of the eligible privately held company; and

(bb) directly or indirectly, will be active in the management of the eligible privately held company or the business conducted with the assets of the eligible privately held company, including without limitation, for example, by—

(AA) electing executive officers;
(BB) approving the annual budget;
(CC) serving as an executive or other executive manager; or
(DD) carrying out such other activities as the Commission may, by rule, determine to be in the public interest[.]

15 U.S.C. § 78o(b)(13)(E)(iv)(I) (emphasis added).

The term "eligible privately held company" is defined as a company that satisfies the following conditions:

(I) The company does not have any class of securities registered, or required to be registered, with the Commission under section 78l of this title or with respect to which the company files, or is required to file, periodic information, documents, and reports under subsection (d) [of 15 U.S.C. § 78o.]

---

**United States Bankruptcy Court**
**Central District of California**
**San Fernando Valley**
**Victoria Kaufman, Presiding**
**Courtroom 301 Calendar**

---

**Thursday, May 7, 2026**                                                                 **Hearing Room      301**

---

10:30 AM
**CONT...**        **IN Holdings, Inc and IN Holdings Canada, Inc.**                        **Chapter 11**

(II) In the fiscal year ending immediately before the fiscal year in which the services of the M&A broker are initially engaged with respect to the securities transaction, the company meets either or both of the following conditions (determined in accordance with the historical financial accounting records of the company):

(aa) The earnings of the company before interest, taxes, depreciation, and amortization are less than $25,000,000.
(bb) The gross revenues of the company are less than $250,000,000.

15 U.S.C. § 78o(b)(13)(E)(iii)(I-II).

The burden of proving an entitlement to an exemption under the Securities Act rests with the party claiming the entitlement. *SEC v. Ralston Purina Co.*, 346 U.S. 199, 126 (1953).

### *(3) Exclusions from the M&A Broker Exemption*

The M&A broker exemption does not apply if a broker does any of the following:

(i) Directly or indirectly, in connection with the transfer of ownership of an eligible privately held company, receives, holds, transmits, or has custody of the funds or securities to be exchanged by the parties to the transaction.

(ii) Engages on behalf of an issuer in a public offering of any class of securities that is registered, or is required to be registered, with the Commission under section 78l of this title or with respect to which the issuer files, or is required to file, periodic information, documents, and reports under subsection (d).

(iii) Engages on behalf of any party in a transaction involving a shell company, other than a business combination related shell company.

---

**United States Bankruptcy Court**
**Central District of California**
**San Fernando Valley**
**Victoria Kaufman, Presiding**
**Courtroom 301 Calendar**

---

**Thursday, May 7, 2026**                                                      **Hearing Room      301**

---

<u>10:30 AM</u>
**CONT...**          **IN Holdings, Inc and IN Holdings Canada, Inc.**                          **Chapter 11**

(iv) Directly, or indirectly through any of its affiliates, provides financing related to the transfer of ownership of an eligible privately held company.

(v) Assists any party to obtain financing from an unaffiliated third party without--
>        (I) complying with all other applicable laws in connection with such assistance, including, if applicable, Regulation T (12 C.F.R. 220 *et seq*.); and
>        (II) disclosing any compensation in writing to the party.

(vi) Represents both the buyer and the seller in the same transaction without providing clear written disclosure as to the parties the broker represents and obtaining written consent from both parties to the joint representation.

(vii) Facilitates a transaction with a group of buyers formed with the assistance of the M&A broker to acquire the eligible privately held company.

(viii) Engages in a transaction involving the transfer of ownership of an eligible privately held company to a passive buyer or group of passive buyers.

(ix) Binds a party to a transfer of ownership of an eligible privately held company.

15 U.S.C. § 78o(b)(13)(B)(i-ix).

### *(4)  Enforceability of the Contract*

Section 29(b) of Securities Act provides:

> Every contract made in violation of any provision of this chapter or of any rule or regulation thereunder, ... [or] the performance of which involves the violation of, or the continuance of any relationship or

---

**United States Bankruptcy Court**
**Central District of California**
**San Fernando Valley**
**Victoria Kaufman, Presiding**
**Courtroom 301 Calendar**

---

**Thursday, May 7, 2026**                                                 **Hearing Room     301**

---

10:30 AM
**CONT...        IN Holdings, Inc and IN Holdings Canada, Inc.**                          **Chapter 11**

practice in violation of, any provision of this chapter or any rule or regulation thereunder, shall be void.

15 U.S.C. § 78cc(b).

If a party enters into a contract with a broker who has an obligation to register as a broker or dealer under the Securities Act but fails to do so, the party may void the parties' transaction. *Eastside Church of Christ v. Nat'l Plan, Inc.*, 391 F.2d 357, 362 (5th Cir. 1968); *see also Reg'l Props., Inc. v. Fin. & Real Est. Consulting Co.,* 678 F.2d 552, 564 (5th Cir. 1982).  "A person can avoid a contract under section 29(b) if he can show that (1) the contract involved a prohibited transaction, (2) he is in contractual privity with the defendant, and (3) he is in the class of persons the [Securities Exchange Act of 1934] was designed to protect." *Reg'l Props., Inc.*, 678 F.2d at 559 (internal quotation marks omitted). To void the contract, a party does not need to prove that it suffered actual harm resulting from the broker's failure to register. *Eastside Church,* 391 F.2d at 362.

###        B.        California State Law

####        *(1)  Registration as a Securities Broker-Dealer*

California state law requires:

(a) Unless exempted under the provisions of Chapter 1 (commencing with Section 25200) of this part, no broker-dealer shall effect any transaction in, *or induce or attempt to induce the purchase or sale of*, *any security* in this state unless the broker-dealer has first applied for and secured from the commissioner a certificate, then in effect, authorizing that person to act in that capacity.

(b) No person shall, on behalf of a broker-dealer licensed pursuant to Section 25211, or on behalf of an issuer, effect any transaction in, *or induce or attempt to induce the purchase or sale of, any security* in this state unless that broker-dealer and agent have complied with any rules as the commissioner may adopt for the qualification and employment of those agents.

---

**United States Bankruptcy Court**
**Central District of California**
**San Fernando Valley**
**Victoria Kaufman, Presiding**
**Courtroom 301 Calendar**

---

**Thursday, May 7, 2026**                                           **Hearing Room      301**

---

<u>10:30 AM</u>
**CONT...       IN Holdings, Inc and IN Holdings Canada, Inc.                    Chapter 11**

Cal. Corp. Code § 25210(a-b) (emphasis added).

### *(2) State Law Merger and Acquisition Exemption*

10 Cal. Code Regs. ("Rule") § 260.204.5 provides for the following "mergers and acquisition exemption" to the obligation to register as a broker-dealer:

> An exemption from the provisions of Section 25210 of the Code is hereby granted, as being necessary and appropriate in the public interest and for the protection of investors, to any person who effects transactions in securities in this state only in connection with mergers, consolidations or purchases of corporate assets, and who does not receive, transmit, or hold for customers any funds or securities in connection with such transactions.

Rule 260.204.5. [**FN2**]

### *(3) Enforceability of the Contract*

Generally, professionals who render services in contravention of California state licensing requirements may not bring an action to recover compensation for these services. *See Owen v. Off*, 36 Cal. 2d 751, 757 (1951) (holding that contract which purported to compensate unregistered broker for his services as agent in sale of stock was unenforceable); *Carbon Crest, LLC v. Tencue Prods., LLC*, No. 22-15707, 2023 WL 8271969, at *2 (9th Cir. Nov. 30, 2023) (holding that, under California law, contract with unlicensed broker was unenforceable).

### FOOTNOTES

**FN1** Because the relevant federal M&A exemption went into effect on March 23, 2023, the parties must consider and address what impact this amendment has on the Securities Act, and case law that interprets the law prior to 2023, in their briefs submitted to this Court.

Although the statutory exemption went into effect in 2023, the Securities and

---

# United States Bankruptcy Court
## Central District of California
### San Fernando Valley
### Victoria Kaufman, Presiding
### Courtroom 301 Calendar

**Thursday, May 7, 2026**                                                                 **Hearing Room    301**

<u>10:30 AM</u>
**CONT...        IN Holdings, Inc and IN Holdings Canada, Inc.**                          **Chapter 11**

Exchange Commission previously issued a no-action letter directed at certain brokers
who facilitated small M&A transactions.

> In 2014, the Securities and Exchange Commission issued a no-action
> letter in which it said that it would not take any enforcement action
> against those brokers who limited their business to facilitating certain
> M&A transactions. [. . .] The SEC's criteria were that: (1) the
> transaction must involve a private company, not an SEC-reporting
> company; (2) the private company must be a going concern and not a
> corporate shell; (3) the transaction must result in a buyer acquiring
> control of the private company; and (4) any securities issued in the
> transaction would be restricted securities.

> [. . .]

> Thus, in 2023, Congress codified the SEC's approach to M&A brokers
> with a statutory exemption. Under the federal exemption for M&A
> brokers, an M&A broker will be exempt from the broker-dealer
> registration requirements as long as, generally, the broker refrains from
> those actions outlined by the SEC in its 2014 no-action letter. [. . .]
> Congress added a size limitation on the transactions that would be
> exempt: $25 million in earnings or $250 million in gross revenue.

*See* 12 Joseph C. Long, *Blue Sky Law* § 8:35 (2025–2026 ed.).

**FN2** In addition to the mergers and acquisition specialist exemption in 10 Cal. Admin.
Code § 260.204.5, natural persons who meet the statutory definition of a finder in Cal.
Corp. Code § 25206.1 are exempt from the registration requirements of Cal. Corp.
Code § 25210 under certain conditions, including that the transaction may not exceed
an aggregate purchase price of $15 million. This exemption apparently applies to
individuals who act as finders and is not applicable to Debtors' retention of STS.

| Party Information |
|---|

**<u>Debtor(s):</u>**

IN Holdings, Inc                                   Represented By
                                                    Joseph  Axelrod

# United States Bankruptcy Court
## Central District of California
### San Fernando Valley
### Victoria Kaufman, Presiding
### Courtroom 301 Calendar

**Thursday, May 7, 2026**                                                                                   **Hearing Room**    **301**

<u>10:30 AM</u>
**CONT...        IN Holdings, Inc and IN Holdings Canada, Inc.**                                            **Chapter 11**

Susan K Seflin
Jessica  Wellington
Ashley M Teesdale
Jonathan Seligmann Shenson
Jessica L Bagdanov
David M Poitras
Cynthia M Cohen
Ori S Blumenfeld
Casey Z Donoyan

**Joint Debtor(s):**

IN Holdings Canada, Inc.                Represented By
                                        Susan K Seflin
                                        Jessica  Wellington

DAI US HOLDCO INC                       Represented By
                                        Susan K Seflin
                                        Jessica  Wellington

5310 Holdings, LLC                      Represented By
                                        Susan K Seflin
                                        Jessica  Wellington